Elda M. Sidhu (NV Bar No. 7799)
General Counsel
Email: elda.sidhu@unlv.edu
Andrew D. Smith (NV Bar No. 8890)
Email: andrew.d.smith@unlv.edu
**UNIVERSITY OF NEVADA, LAS VEGAS**
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
Telephone:  (702) 895-5185
Facsimile:  (702) 895-5299
*Attorneys for Keith Whitfield*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>                 Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>                 Defendants. | Case No.:  2:24-cv-00985-APG-MDC<br><br>**REPLY IN SUPPORT OF DEFENDANT KEITH WHITFIELD'S MOTION TO DISMISS** |

Keith Whitfield files this reply in support of his motion to dismiss. [ECF 12].

**Points and Authorities**

## I.    Introduction

Plaintiff generally fails to substantively oppose any of the points Whitfield raised in support of dismissal. Plaintiff appears to be confused as to who he has sued

1

and for what.

Plaintiff concedes that his action is brought against Whitfield in his official capacity. Yet he seems to not understand that Whitfield is a state official who cannot be sued personally for damages under his theories of liability. Nor can Whitfield be sued in his official capacity unless plaintiff seeks prospective injunctive relief—something that plaintiff is not entitled to here. This case should be dismissed as to Whitfield for various procedural and substantive reasons.

First, plaintiff seems to confuse his deadline to effect service of process with his right to amend his complaint. While he is entitled to amend his complaint under Rule 15, the amendment does not extend the deadline under Rule 4 to effect service by August 24, 2024. He failed to serve his complaint and summons timely. His complaint should be dismissed.

Second, even if amending his complaint extended the time to effect service, plaintiff does not dispute that service of an individual defendant is ineffective if she is not served personally or by substitute service. Plaintiff concedes that he sued Whitfield in his official capacity. If so, then service must have been made upon Whitfield. He failed to do so as plaintiff served only a colleague who does not reside at Whitfield's house.

Third, even if plaintiff timely and properly served Whitfield, Whitfield is entitled to both Eleventh Amendment immunity and qualified immunity. To start, plaintiff does not identify the scope of any prospective injunction that the Court could fashion here that would get around Eleventh Amendment immunity. That is because plaintiff does not allege anything in his complaint that he has ever been or is at threat of being excluded from a campus facility, activity, or program. And plaintiff does not address, and therefore admits, that Whitfield is entitled to qualified immunity. Therefore, Whitfield is immune from suit.

Fourth, plaintiff fails to allege any injury caused by Whitfield individually. He therefore lacks standing to bring those claims against Whitfield.

Finally, assuming plaintiff could get around his failures in service, and the issues of immunity and standing, this case should be dismissed against Whitfield for plaintiff's failure to state a claim as detailed below.

The Court should note that Plaintiff's Amended Complaint, filed August 9, 2024, contains the same eleven causes of action as the original complaint filed on May 26. The Amended Complaint adds incendiary rhetoric that is not directly relevant to Whitfield, and it adds a twelfth cause of action – for an alleged violation of Title VII of the Civil Rights Act of 1964, claiming Plaintiff suffered discrimination in the workplace. The twelfth cause of action may not be plead against Whitfield, since UNLV was Plaintiff's employer.

## II.    Plaintiff Does Not Dispute Service was Untimely and Insufficient

Plaintiff seems to confuse his right to amend his complaint under Rule 15 with the deadline to effect service of process under Rule 4. He argues that the filing of his amended complaint somehow gave him an additional 20 days to serve his complaint. He does not cogently argue how that can be true. He also does not support his argument with any rule or case law.

The 90-day deadline to serve the summons and complaint on a defendant is not tolled or restarted by the filing of an amended complaint. An amended complaint merely creates a 90-day window to serve newly-added defendants. The 90-day deadline runs from the filing of the first version of a complaint in which the defendant is named. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148-49 (10th Cir. 2006).[1]

Whitfield was named as a defendant in the original complaint dated May 26,

---

[1] *Bolden* has been cited approvingly for this issue by several decisions in this district. *See e.g. Whitfield v. Nevada State Personnel*, 3:20-cv-00637-MMD-WCG, 2022 WL 171138 at *4 (D. Nev. January 18, 2022) and *Mitchell v. County of Nye*, 2:15-cv-01714-APG-NJK, 2016 WL 6782740 at *2 (D. Nev. November 14, 2016).

2024. He has not yet been properly served. Plaintiff was required to serve his complaint and summons by August 24, 2024. He does not dispute that he failed to do so. Under Rule 4(m), this case against him must be dismissed.

Plaintiff failed to serve Whitfield either personally or by substitute service. Ericka Smith was present at Whitfield's residence on a temporary basis when service was attempted. Whitfield was not. Smith does not live at Whitfield's usual place of abode. Plaintiff does not dispute these facts. Plaintiff also does not explain how service on the Nevada Attorney General gives this Court jurisdiction over Whitfield. On procedural grounds alone, this case must be dismissed.

The dismissal as to Whitfield should be with prejudice, as it would be futile to re-file these causes of action against him, as explained below:

## III.    Eleventh Amendment Immunity Applies to Whitfield

Plaintiff argues that Whitfield is not entitled to Eleventh Amendment immunity because he believes the Court can fashion an injunction that would require Whitfield to restrict the free speech rights of others that plaintiff disagrees. He wants this Court to order Whitfield, as president of UNLV, to prevent members of the university community from protesting, hosting meetings, and distributing literature and paraphernalia on campus. [ECF 19 at 7:4–8]. Plaintiff is wrong.

Unlike at UNLV, Jewish students at UCLA were excluded from whole portions of campus when demonstrators erected an encampment. *Frankel v. Regents of the Univ. of California*, 2024 WL 3811250, at *2 (C.D. Cal. Aug. 13, 2024). Those students sued the university and requested a preliminary injunction. The court issued an "injunction requires only that, if any part of UCLA's ordinarily available programs, activities, and campus areas become unavailable to certain Jewish students, UCLA must stop providing those ordinarily available programs, activities, and campus areas to any students." *Id.* at *7. In doing so, the court found that allegations in the complaint of concrete instances where plaintiffs were excluded from areas of campus

based on their religion was in violation of their Free Exercise Clause rights. *Id*. That is not the case here.

Importantly, the court noted that the UCLA case was not about protesting. "Nor is this case about the content or viewpoints contained in any protest or counterprotest slogans or other expressive conduct, which are generally protected by the First Amendment. *See Virginia v. Black*, 538 U.S. 343, 358, 123 S.Ct. 1536, 155 L.Ed.2d 535 (2003) ("The hallmark of the protection of free speech is to allow 'free trade in ideas'— even ideas that the overwhelming majority of people might find distasteful or discomforting.") (*quoting Abrams v. United States*, 250 U.S. 616, 630, 40 S.Ct. 17, 63 L.Ed. 1173 (1919) (Holmes, J., dissenting)); *see also Texas v. Johnson*, 491 U.S. 397, 414, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989) ("If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable.")." *Id*. at *2, n.2.

Plaintiff here does not allege anything in his complaint that he has ever been or is at threat of being excluded from a campus facility, activity, or program. Whitfield is therefore entitled to immunity from this suit.

## IV.    Plaintiff Does Not Dispute Qualified Immunity Applies to Whitfield

Plaintiff does not argue against the application of qualified immunity to Whitfield. As such, Whitfield is entitled to qualified immunity and the Court should dismiss this action against him.

## V.    Plaintiff Lacks Standing to Sue Whitfield

Plaintiff has not demonstrated standing to bring any of his claims *against Whitfield*. Plaintiff has failed to allege any concrete injuries committed by Whitfield outside of his official capacity. As he conceded by failing to argue against, Whitfield is entitled to qualified immunity from suit. He therefore lacks standing to bring his claims against Whitfield, which should be dismissed.

## VI.    Plaintiff's First Claim Should be Dismissed

Plaintiff does not even attempt to argue that a "person" under 18 U.S.C. § 2333 includes a state official that can be held liable for damages even if his calumnious allegations against Whitfield in his complaint proved true. Whitfield, as an employee of a state government, cannot be a person who can be held liable under § 2333. The claim must be dismissed with prejudice.

## VII.    Plaintiff's Second Claim Should be Dismissed

In spite of plaintiff's conclusory statements to the contrary, he does not allege any discriminatory *intent or action* on Whitfield's part. If he had, he would have pointed to those specific allegations. As such, plaintiff fails to state a claim against Whitfield and the claim should be dismissed.

## VIII.    Plaintiff's Third, Fourth, Seventh, and Twelfth Claims Should be Dismissed

Plaintiff concedes that Whitfield is sued in his official capacity. The Court does not need to engage in any complex analysis to determine that it has long been the law that only employers are liable under Title VI and VII—not the employee's supervisor or co-workers. *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1122 (N.D. Cal. 2011); *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007). Whitfield, therefore, is not the proper defendant for plaintiff's claims under Title VI of the Civil Rights Act of 1964 (Third Claim), or under § 1983, which is a repackaged version of his Title VI claim (Fourth Claim), or under § 1983, which alleges adverse employment action based on speech (Seventh Claim), or under Title VII of the Civil Rights Act of 1964 (Twelfth Claim).[2] They must be dismissed.

---

[2] Confusingly, plaintiff points to a series of cases under the Family Medical Leave Act for the proposition that Whitfield can be liable for Title VI and VII claims. But FMLA's provisions differ. And plaintiff does not assert any claims under the FMLA.

## IX.    Plaintiff's Fifth Claim Should be Dismissed

Plaintiff cannot clearly point to any constitutional violation that he experienced that Whitfield ratified as president. Plaintiff seems to suggest that there is not a policy, but a custom, that amounted to a constitutional violation. Yet that is not in his complaint. Plaintiff only points to his personal grievances, which a constitutional violation does not make. Plaintiff's generalities, incoherent pleading, and hand waving cannot overcome the requirement that he articulate a concrete violation to state a claim. The claim should be dismissed.

## X.    Plaintiff's Sixth Claim Should be Dismissed

Contrary to plaintiff's assertions, he does need to plead the substantial burden on his religious exercise that is attributable to Whitfield to have his § 1983 free exercise claim proceed against Whitfield as an individual.

Plaintiff aptly directs the Court to *Jones v. Williams*, 791 F.3d 1023 (9th Cir. 2015). There, a Muslim inmate brought a free exercise claim against Oregon prison officials who ordered him to handle pork as part of his kitchen duties. The court stated:

> **A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion.** *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987), *aff'd sub nom. Hernandez v. C.I.R.*, 490 U.S. 680, 699, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989). "A substantial burden... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013) (quoting *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 988 (9th Cir.2006) (internal quotation marks and alterations omitted)).

*Id.* at 1031–32 (emphasis added).

Here, plaintiff fails to make out a claim against Whitfield for a deprivation of his free exercise rights. Plaintiff complains that third parties on campus made

antisemitic statements. He references two protests on campus. One took place at a lecture about black holes on February 17, 2024 that he did not attend. [ECF 6, ¶177]. The other a walk out on May 1, 2024, which he also does not claim he attended. [ECF 6, ¶189]. He does not show how these acts placed a substantial burden on his free exercise of his religion. The claim should be dismissed.

## XI.    Plaintiff's Seventh Claim Should be Dismissed

Confusingly, plaintiff points to *Steiner v. Showboat Operating Co.*, 25 F.3d 1459 (9th Cir. 1994) in support of his § 1983 free speech retaliation claim. Steiner, however, is a case under Title VII. *Id*. at 1464–65. If he meant to plead another Title VII claim, as discussed above, Whitfield is not the proper defendant, and must be dismissed.

## XII.    Plaintiff's Eighth Claim Should be Dismissed

The crux of plaintiff's claim under § 1983 for violation of his First Amendment right against compelled speech is that he is "[b]eing forced to acquiesce to UNLV's refusal to follow University policy. . ." [ECF 19 at 18:14]. He does not, however, point to any case where a government employee was subjected to liability under § 1983 due to an alleged failure to enforce a policy against someone else. And Whitfield has not found one either. This claim should be dismissed.

## XIII.    Plaintiff's Ninth Claim Should be Dismissed

In spite of plaintiff's protestations that he has sufficiently pleaded extreme and outrageous conduct against by Whitfield, he has not. He does not cite to any paragraph in his complaint that supports his contention. He claims only that he reached out to Whitfield for assistance, which he claims he was ignored. Such facts do not make out a prima facie claim of Intentional Infliction of Emotional Distress. The claim should be dismissed

## XIV.    Plaintiff's Tenth and Eleventh Claims Should be Dismissed

Plaintiff's tenth claim is a Nevada state law claim for negligent hiring. The eleventh is a state law claim for negligent training and supervision. Whitfield cannot

be held liable for either because only employers are the proper defendants in such actions. *Hall v. SSF, Inc.*, 112 Nev. 1384, 1391–92, 930 P.2d 94, 98–99 (Nev. 1996). Indiv

Whitfield was not Plaintiff's employer. UNLV was. The allegations against Whitfield arise solely from his title as President of the university.

NRS 41.032 grants what is commonly referred to as "discretionary act immunity" to state employees acting in their official capacities. It states,

> *Except as provided in NRS 278.0233 no action may be brought under NRS 41.031 or against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions which is:*
> *...*
> *2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.*

The Nevada Supreme Court has explained that this provides civil legal immunity to state employees whose actions "must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." Paulos v. FCH1, LLC, 136 Nev. 18, 25-26, 456 P.3d 589, 595 (2020), *citing* Martinez v. Maruszczak, 123 Nev. 433, 446-47, 168 P.3d 720, 729 (2007).

The United States Supreme Court has explained the purpose of the nearly-identical Federal Tort Claims Act: "Congress wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort." U.S. v. S.A. Empresa de Viacao Aerea Rio Grandese (Varig Airlines), 467 U.S. 797, 798, 104 S.Ct. 2755, 2757, 81 L.Ed.2d 660 (1984).

This encompasses the actions of Whitfield that are alleged to be tortious in the Plaintiff's Complaint and amended Complaint.

NRS Again, Whitfield is not an employer and plaintiff does not allege any facts

to the contrary. These two claims should be dismissed.

## XV.    Conclusion

Plaintiff failed to timely serve Whitfield with process. Even if he had, this case should be dismissed because (1) Whitfield is entitled to Eleventh Amendment Immunity; (2) Whitfield is entitled to qualified immunity and discretionary act immunity; (3) plaintiff lacks standing to bring his claims against Whitfield; and (4) plaintiff failed to allege sufficient facts against Whitfield to state a claim. If the Court dismisses all federal claims against Whitfield, then the Court should also decline to exercise supplemental jurisdiction over plaintiff's state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); 28 U.S.C. § 1367(c)(3). As such, Whitfield requests that the Court enter an order dismissing this case against him.

Dated October 9, 2024.

/s/  Andrew D. Smith
Elda M. Sidhu (NV Bar No. 7799)
Andrew D. Smith (NV Bar No. 8890)
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
*Attorneys for Keith Whitfield*

**Certificate of Service**

I certify that, on the date and time of the electronic service, a copy of the foregoing *Reply in Support of Defendant Keith Whitfield's Motion to Dismiss* was sent via electronic means through CM/ECF to the following at their last known email addresses:

- **Sigal Chattah,** *for the Plaintiff*
  Chattahlaw@gmail.com
- **Joseph S. Gilbert,** *for the Plaintiff*
  joey@joeygilbertlaw.com,carla@joeygilbertlaw.com,alisha@joeygilbertlaw.com,
  nancy@joeygilbertlaw.com
- **Christina A. Jump,** *pro hac vice for Defendant AJP Educational Foundation, Inc.*
  cjump@clcma.org
- **Samira Elhosary,** *pro hac vice for pro hac vice for Defendant AJP Educational Foundation, Inc.*
  selhosary@clcma.org
- **Maggie McLetchie,** *for Defendant AJP Educational Foundation, Inc.*
  maggie@nvlitigation.com
- **Leo S. Wolpert,** *for Defendant AJP Educational Foundation, Inc.*
  leo@nvlitigation.com

Dated October 9, 2024.


/s/   Sheena M. Imes
An employee of the Office of General Counsel
University of Nevada, Las Vegas