| | |
|---|---|
| 1 | Christina A. Jump (admitted *pro hac vice*)<br>Email: cjump@clcma.org |
| 2 | Samira S. Elhosary (admitted *pro hac vice*)<br>Email: selhosary@clcma.org |
| 3 | Constitutional Law Center for Muslims in America\*<br>100 N. Central Expy, STE 1010 |
| 4 | Richardson, Texas 75080<br>Telephone: 972-915-2507 |
| 5 | *Attorneys for Defendant AJP Educational Foundation, Inc.* |
| 6 | \**The Constitutional Law Center for Muslims in America<br>is the legal division of the Muslim Legal Fund of America.* |
| 7 | |
| | Margaret A. McLetchie (NV Bar No. 10931) |
| 8 | Email: maggie@nvlitigation.com<br>Leo S. Wolpert (NV Bar No. 12658) |
| 9 | Email: leo@nvlitigation.com<br>McLetchie Law |
| 10 | 602 S. 10th St.<br>Las Vegas, NV 89101 |
| 11 | Telephone: 702-728-5300<br>*Local Counsel for Defendant AJP Educational Foundation, Inc.* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION, INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>          Defendants. | Case No. 2:24-cv-00985- APG-MDC<br><br>**DEFENDANT AJP EDUCATIONAL FOUNDATION, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................... iii

    I.    INTRODUCTION ........................................................................................................ 1

    II.   ARGUMENT ............................................................................................................... 1

           A.   Plaintiff Fails to Demonstrate Good Cause for His Untimely Service ................ 1

           B.   Plaintiff Fails to Demonstrate This Court's Personal Jurisdiction Over AMP ............................................................................................................... 3

           C.   Plaintiff Fails to State a Claim For Any Relief Against AMP ............................ 5

                 1.   Plaintiff fails to sufficiently allege an ATA claim against AMP ................................................................................................... 5

                 2.   Plaintiff fails to plead facts sufficient to support his IIED claim ............................................................................................... 6

           D.   Plaintiff Fails to Show Why AMP's Speech Loses First Amendment Protection ........................................................................................................ 8

           E.   Plaintiff Fails to Properly Seek Leave to Amend ............................................... 9

    III.  CONCLUSION ......................................................................................................... 10

CERTIFICATE OF SERVICE ................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Adkisson v. Dzurenda*
　No. 3:23-cv-00287-MMD-CLB, 2024 U.S. Dist. LEXIS 56154 (D. Nev. Mar. 27, 2024).......... 9

*Bell Atl. Corp. v. Twombly*
　550 U.S. 544 (2007) .................................................................................................................. 5

*Boim v. Holy Land Found. for Relief & Dev.*
　549 F.3d 685 (7th Cir. 2008) .................................................................................................... 9

*Burnett v. SYB, LLC*
　No. 2:20-cv-00029-APG-BNW, 2021 U.S. Dist. LEXIS 123333 (D. Nev. July 1, 2021) ........... 7

*Cipriani v. Resorts World Las Vegas, LLC*
　No. 2:23-cv-01626-MMD-MDC, 2024 U.S. Dist. LEXIS 193167
　(D. Nev. Oct. 23, 2024)............................................................................................................. 7

*Holder v. Humanitarian Law Project*
　561 U.S. 1 (2010) ..................................................................................................................... 8

*Diaz v. Int'l Longshoremen's & Warehousemen's Union, Local 13*
　474 F.3d 1202 (9th Cir. 2007) ................................................................................................. 9

*Impossible Foods Inc. v. Impossible X LLC*
　80 F.4th 1079 (9th Cir. 2023) .................................................................................................. 4

*Jackson v. Moderna*
　No.: 2:23-cv-02157-APG-EJY, 2024 U.S. Dist. LEXIS 199259 (D. Nev. Oct. 31, 2024) ..... 5, 7

*Mitchell v. Cnty. of Nye*
　No. 2:15-cv-01714-APG-NJK, 2016 U.S. Dist. LEXIS 157786 (D. Nev. Nov. 14, 2016).......... 1

*Nible v. Macomber*
　No. 2:24-cv-1259-DJC-CSK, 2024 U.S. Dist. LEXIS 149588 (E.D. Cal. Aug. 21, 2024)......... 2

*Ranza v. Nike, Inc.*
　793 F.3d 1059 (9th Cir. 2015) ................................................................................................. 3

*Sternberg v. Warneck*
　No. 2:23-cv-01466-APG-EJY, 2024 U.S. Dist. LEXIS 207453 (D. Nev. Nov. 14, 2024) .......... 3

*Thunder Studios, Inc. v. Kazal*
　13 F.4th 736 (9th Cir. 2021) .................................................................................................... 8

*U.S. Bank Tr., N.A. v. Guevara*
　No. 2:18-cv-00004-JCM-NJK, 2018 U.S. Dist. LEXIS 114002 (D. Nev. July 9, 2018) ............ 2

*United States v. Stevens*
　559 U.S. 460 (2010).................................................................................................................. 8

*Wagenaar v. Robison*
　No. 2:13-cv-01202-APG-PAL, 2014 U.S. Dist. LEXIS 119112 (D. Nev. Aug. 21, 2014)......... 4

**Statutes**

18 U.S.C. § 2333(a) and (d) ................................................................................................ 5

**Rules**

Fed. R. Civ. P. 4(m) ........................................................................................................... 1

Federal Rule of Civil Procedure 7(b) ................................................................................. 9

I.      INTRODUCTION

AMP respectfully moves this Court to dismiss Plaintiff's claims against AMP, and Plaintiff's Response fails to rebut AMP's reasons. Plaintiff fails in three ways: he fails to justify his untimely service of AMP; he fails to properly establish a basis for this Court's jurisdiction over AMP; and he fails to plead non-conclusory facts sufficient to support essential elements of his claims against AMP, even when taken as true. In addition, Plaintiff fails to make a proper request for leave to amend his complaint a second time, attaching no proposed Second Amended Complaint and failing to make no required showing that amendment would be anything but futile. Beyond conclusory statements unsupported by citations to allegations from the Complaint and inflammatory language about things that are supposedly "indisputable," Plaintiff misstates relevant legal standards and then fails to engage with even the standard he sets. Plaintiff claims this case is about "religious discrimination, harassment, and obstruction … under both Title VII and Title IX," but Plaintiff brings no such claims against AMP. Opposition to Motion to Dismiss at 2, ECF No. 30 (Nov. 3, 2024) ("Response"). Exactly what Plaintiff alleges against AMP remains unclear in the First Amended Complaint and even more muddled by his Response; what does show clearly is that Plaintiff cannot state a claim for relief against AMP for either of the claims he alleges against it.

II.     ARGUMENT

A.  **Plaintiff Fails to Demonstrate Good Cause for His Untimely Service**

Plaintiff admits that he failed to serve AMP within the 90-day timeframe provided by Rule 4(m). Response at 4. Instead, he asks this Court to retroactively extend his deadline to serve AMP due to unidentified "reasonable but unsuccessful efforts [that] have been made." *Id.* at 5. Courts may extend the time to answer for good cause shown. Fed. R. Civ. P. 4(m). However, plaintiffs bear the burden to demonstrate good cause for extensions. *Mitchell v. Cnty. of Nye*, No. 2:15-cv-01714-APG-NJK, 2016 U.S. Dist. LEXIS 157786, at *5 (D. Nev. Nov. 14, 2016). A sufficient showing of good cause requires

showing diligence, more than inadvertence or mistake of counsel, at the very least, "excusable neglect." *Id.*

Plaintiff does not demonstrate good cause to support this Court extending his time to serve AMP. Plaintiff filed his original Complaint on May 26, 2024. Therefore, Plaintiff's deadline to serve AMP expired on August 26, 2024 (90 days landed on August 24, a Saturday). Fed. R. Civ. P. 4(m). Plaintiff claims that he attempted to serve AMP before August 26; the first email provided in the Exhibit attached to his Response, however, bears the date of August 27, 2024 – one day after the expiration of his deadline. *Compare* Response at 6 ("Plaintiff attempted to serve Defendant AJP before August 26, 2024") *with* Exhibit 1 (showing Plaintiff's counsel's email received of August 27, 2024). Plaintiff also misrepresents that "Defendant AJP Educational Fund [sic], is particularly cumbersome to serve." Response at 6. However, one paragraph later, Plaintiff admits that when he attempted to serve AMP at its office in Virginia, he was able to do so within a week of his first attempt.[1] ECF No. 10. Plaintiff does not justify his failure to even attempt service on AMP within the first 90 days after he filed his complaint, instead of waiting until after the time period expired. *U.S. Bank Tr., N.A. v. Guevara*, No. 2:18-cv-00004-JCM-NJK, 2018 U.S. Dist. LEXIS 114002, at *2-3 (D. Nev. July 9, 2018) (declining to extend the time to serve a defendant where the plaintiff failed to account for the delay). Plaintiff relies on an incorrect citation to a non-binding case as support for a lower standard of good faith, but fails to meet even that standard. Response at 5 (citing *Nible v. Macomber*, No. 2:24-cv-1259-DJC-CSK, 2024 U.S. Dist. LEXIS 149588 (E.D. Cal. Aug. 21, 2024) (granting an extension to a pro se plaintiff who had attempted to serve the defendant by mail, which was insufficient)). Plaintiff also fails to demonstrate that AMP had

---

[1] AMP notes as well that their office address is publicly available on their website, which Plaintiff presumably determined, because he finally served AMP at that location. *See* AMERICAN MUSLIMS FOR PALESTINE, *Contact us*, https://www.ampalestine.org/contact-us (last visited Nov. 27, 2024).

2

awareness of this case prior to receiving service. *See* Response at 4.[2] Plaintiff provides no reasons to justify his failure to serve AMP within the time limit provided by the Federal Rules, and inappropriately asks this Court to retroactively excuse his complete lack of diligence. AMP therefore respectfully asks this Court to dismiss the claims against AMP for lack of timely service.

**B.      Plaintiff Fails to Demonstrate This Court's Personal Jurisdiction Over AMP**

As detailed in its Motion to Dismiss, this Court does not have personal jurisdiction over AMP. *See* ECF No. 24 at 9-11. In his Response, Plaintiff fails to meet his burden to demonstrate this Court's personal jurisdiction over AMP. Due process considerations require that defendants have minimum contacts with the jurisdiction such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Sternberg v. Warneck,* No. 2:23-cv-01466-APG-EJY, 2024 U.S. Dist. LEXIS 207453, at *7 (D. Nev. Nov. 14, 2024) (citing *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015)). Both general and specific jurisdiction require some showing that defendants purposefully availed themselves of the protections and benefits of the jurisdiction. *See generally id.* at *7-10. Where plaintiffs cannot demonstrate those contacts, courts may dismiss the action.

Plaintiff does not present any factual examples in either version of his Complaint, or cite to them in his Response, other than conclusory statements, of actions AMP took in Nevada, or directed to Nevada that render personal jurisdiction appropriate in this District. Plaintiff's response argues that his "Complaint alleges, [sic] one of AMP's purposes is to wreak havoc on college campuses through the funding of student organizations, like NSJP Chapters on U.S. College [sic] campuses." Response at 8. Yet, he points to no factual allegations supporting this assertion within his Complaint. Plaintiff instead alleges that the Students for Justice in Palestine ("SJP") chapter at UNLV and National Students for

---

[2] The news article to which Plaintiff presumably intended to cite does not mention this case, nor any lawsuit against AMP, and was published two months before Plaintiff even filed this case; AMP therefore struggles to see how this news article gave notice of this lawsuit. *See* Michael Casey, *Lawsuit filed against MIT accuses the university of allowing antisemitism on campus*, AP NEWS (Mar. 7, 2024, 1:46 PM), https://apnews.com/article/mit-antisemitism-lawsuit-d53c39d623fe961abc724ebd4fc3127e.

Justice in Palestine ("NSJP") "wreak havoc and intimidate Jewish students" at UNLV and "university campuses across the nation."[3] Response at 8. Nothing in these conclusory statements points to any action by AMP in Nevada sufficient to vest this Court with jurisdiction over it.

While Plaintiff insists that "there are simply too many allegations of detailed social media posts directed at UNLV or Defendants to deny that they did not direct activities at UNLV and intend on influencing UNLV students," he yet again fails to guide Defendant AMP or this Court to **any** of those "too many allegations" within his Complaint. *See Wagenaar v. Robison*, No. 2:13-cv-01202-APG-PAL, 2014 U.S. Dist. LEXIS 119112, at *8 (D. Nev. Aug. 21, 2014) (reiterating the Seventh Circuit's observation that "judges are not like pigs, hunting for truffles buried in briefs"). Finally, Plaintiff attempts to rely on AMP's social media use in general as evidence of its contacts with Nevada. Response at 9. This contention finds no support in the law, nor does Plaintiff cite any authority to support that argument. In fact, case law shows that the opposite contention is true *See, e.g., Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1097 (9th Cir. 2023) ("We certainly do not suggest that a company like Impossible X could be subject to specific jurisdiction in all fifty states … merely because its social media self-promotion is beamed out through nationwide online marketing efforts."). As Plaintiff fails to identify any allegations in his First Amended Complaint supporting this Court's personal jurisdiction over AMP, this Court must dismiss the claims against AMP in full.

/ / /

---

[3] Plaintiff claims that "NSJP was co-founded by Bazian to provide it on-campus management and control of hundreds of university chapters of Students for Justice in Palestine." Response at 8. Both Dr. Bazian and outside sources refute the claim that Dr. Bazian founded any SJP chapter or NSJP. AMP recognizes that this is a factual challenge that this Court cannot consider at the Rule 12 stage but presents it here to maintain the argument for the appropriate time. *See* Arno Rosenfeld, *The secret history and uncertain future of Students for Justice in Palestine*, FORWARD (Dec. 20, 2023), https://forward.com/news/574014/students-for-justice-in-palestine-history-operations-network-national-sjp/ (identifying as the founder of the first SJP chapter and interviewing Osama Qasem, an English-language bookstore owner in Jordan). Nonetheless, for purposes of this Motion only, AMP recognizes this Court accepts all reasonable, non-conclusory allegations as true.

### C. Plaintiff Fails to State a Claim For Any Relief Against AMP

To survive AMP's motion to dismiss for failure to state a claim, Plaintiff must "[a]t a minimum … state 'enough facts to state a claim to relief that is plausible on its face.'" *Jackson v. Moderna,* No.: 2:23-cv-02157-APG-EJY, 2024 U.S. Dist. LEXIS 199259, at *3 (D. Nev. Oct. 31, 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even accepting all allegations in the Complaint as true, as required at this stage, if plaintiffs fail to plead facts sufficient to support an essential element of their claims, courts must dismiss the action. *Id.* at *7 (dismissing a § 1983 claim brought only against private actors not covered by the relevant statute). The presumption of truth does not apply to "mere conclusions," which plaintiffs must support with factual allegations. *Thomas v. Harroun*, 2:24-cv-00345-APG-MDC, 2024 U.S. Dist. LEXIS 172163, at *3 (D. Nev. Sept. 24, 2024). Plaintiff admits he does not plead facts supporting the essential elements of his Anti-Terrorism Act ("ATA") or Intentional Infliction of Emotional Distress ("IIED") claims, and therefore AMP asks this Court to dismiss the action in full.

1. <u>Plaintiff fails to sufficiently allege an ATA claim against AMP</u>

The ATA provides a method of redress for those suffering from harm that results from a particular set of circumstances, not just any harm with a loose correlation to any general allegations of terrorism as Plaintiff seems to assert. Response at 13 (arguing that but for AMP's actions "legitimizing the acts of Hamas," Plaintiff "and other Jewish students would've never been subjected to the abuse and harassment they had been to [sic]"). To properly state a claim under the ATA, as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), U.S. nationals must demonstrate 1) they suffered injury by an act of international terrorism; 2) the defendant knowingly aided and abetted such act; and 3) the defendant provided substantial assistance to the terrorist actor. 18 U.S.C. § 2333(a) and (d). Plaintiff recognizes he fails to meet any of those three elements. *See, e.g.,* Response at 12 (admitting that "Gerwaski was not personally affected by October 7").

Plaintiff acknowledges he did not suffer injury based on an act of international terrorism with the

5

statutory definition.[4] Instead, he alleges nebulous, undefined injuries resulting from purely domestic acts. Response at 13 (stating with no citation to supporting allegations that AMP undertook "wrongful acts in the United States"). Plaintiff cannot support his ATA claim against AMP based solely on "FTOs acts months after October 7, 2023, that are supported by Defendants here on UNLV's campus." *Id.* (providing no citation to the Complaint as to where he alleges what acts which defendants took). Plaintiff fails even to delineate what injury he allegedly suffered beyond conclusory statements, with no citation to his Complaint, that "egregious acts … directly caused damages to Mr. Gerwaski." *Id*. at 14.

Further, Plaintiff presents no allegations that AMP knowingly aided and abetted an act of international terrorism, nor that AMP substantially assisted a terrorist actor. Instead, he presents allegations about things other Defendants allegedly did or said and then makes the unsupported leap that AMP encouraged or blessed those other actors. *Id.* at 13 ("As demonstrated in social media posts in the FAC, every call to action by Hamas is equally mirrored and reciprocated with a call to action at UNLV, held by NSJP and SJP-UNLV along with other student and non-student organizations"). Plaintiff alleges that his "FAC provides 27 pages of extensive facts creating a direct nexus between Hamas, Defendants AMP, and UNLV's substantially assisting and complicity," but, again, provides no guiding citation to where this Court may find those 27 pages among Plaintiff's 77-page First Amended Complaint. *See Wagenaar*, 2014 U.S. Dist. LEXIS 119112, at *8 (declining to "scour those 39 pages to decipher whether Plaintiffs' allegations are rooted therein").

2. <u>Plaintiff fails to plead facts sufficient to support his IIED claim</u>

Plaintiff fails to satisfy the required elements to state a claim for relief for Intentional Infliction of Emotional Distress ("IIED"). Well-established case law in this District, applying Nevada law, sets a very high burden on plaintiffs, even at the motion to dismiss stage, "to prove that the defendant engaged

---

[4] The statute defines an act of international terrorism with three elements, outlined fully in Defendant AMP's Motion to Dismiss. ECF No. 24 at 12-13.

in extreme and outrageous conduct that intentionally or recklessly caused severe emotional distress or bodily harm." *Burnett v. SYB, LLC*, Case No. 2:20-cv-00029-APG-BNW, 2021 U.S. Dist. LEXIS 123333, at *10 (D. Nev. July 1, 2021). The acts must be "so severe and of such intensity that no reasonable person could be expected to endure it." *Cipriani v. Resorts World Las Vegas, LLC*, No. 2:23-cv-01626-MMD-MDC, 2024 U.S. Dist. LEXIS 193167, at *22 (D. Nev. Oct. 23, 2024). Plaintiff fails to even come close to alleging sufficiently extreme acts by AMP. At the motion to dismiss stage, Plaintiff need not fully prove his claims, but must still allege plausible facts that satisfy these elements. Conclusory allegations do not suffice; unsupported arguments in a Response do not either.

Plaintiff fails to allege extreme and outrageous conduct sufficient to form the basis for an IIED claim. Plaintiff argues – without citation to any supporting allegations in his Complaint – that AMP is "an organization that encourages antisemitic [sic] vitriol and incites violence against Jewish students at UNLV." Response at 16.[5] Plaintiff's conclusory statement that "encouraging and facilitating the harm of Jewish students and 'Zionist presence' at UNLV goes outside of all possible bounds of decency" amounts to no more than a rote regurgitation of an element of the claim, yet he still fails to cite to where in Plaintiff's Complaint those allegations against AMP exist. *Id.; see Jackson*, 2024 U.S. Dist. LEXIS 1998259, at *2 (reiterating that a complaint must include allegations beyond a "formulaic recitation of the elements of a cause of action"). As explained more fully in AMP's motion to dismiss, even if such allegations appeared in Plaintiff's Complaint, they are still insufficient to state a claim for relief. *See* ECF No. 24 at 15-16.

Plaintiff also fails to sufficiently allege how he suffered harm, relying instead on the conclusory statement that he "suffered great humiliation, embarrassment, shame, and other pain and suffering."

---

[5] AMP notes that Plaintiff provides a citation here to "ECF 6, 24; 3-12," but AMP is not able to determine what that citation references, as neither Plaintiff's Amended Complaint (ECF No. 6) nor AMP's Motion to Dismiss (ECF No. 24) include support for this contention on their respective pages 3-12.

7

1  Response at 16.[6] As set forth more fully in AMP's Motion to Dismiss, this does not suffice. ECF No. 24
2  at 16-17. This Court may therefore dismiss Plaintiff's IIED claim for failure to plead any of the essential
3  elements.

4  **D.      Plaintiff Fails to Show Why AMP's Speech Loses First Amendment Protection**

5  Plaintiff fails to identify any statements or acts by AMP that fall within the "well-defined and
6  narrowly limited classes of speech" he identifies as lacking First Amendment protection. Response at 17
7  (citing *United States v. Stevens*, 559 U.S. 460, 468-72 (2010)). Plaintiff does not sufficiently allege that
8  any speech at issue by AMP are "true threats" or constitute aid to terrorist groups.

9  Plaintiff does not identify any speech or act by AMP that qualifies as "true threats," nor any speech
10  or act that constitutes "material support to terrorists." *Id.* at 17-18. For speech to constitute a "true threat,"
11  and lose First Amendment protection, the Ninth Circuit considers whether "a reasonable person would
12  foresee that the statement would be interpreted by those to whom the maker communicates the statement
13  as a serious expression of intent to harm or assault." *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 746
14  (9th Cir. 2021).

15  Plaintiff argues that "[c]alls for the extermination of Jews resulting in adverse actions against
16  Jewish students" represent "true threats." Once again, however, Plaintiff provides no citation to where in
17  his First Amended Complaint he alleges AMP made such calls. Response at 17. Even if it were true, this
18  assertion fails based on Plaintiff's failure to tether his conclusory statement to any factual allegations.
19  Plaintiff similarly fails to point to any acts or speech by AMP that constitute material support to terrorism,
20  as explained above and in AMP's Motion to Dismiss. *Contra Holder v. Humanitarian Law Project*, 561
21  U.S. 1, 30 (2010) (criminalizing non-violent aid to a known terrorist organization because it may "free
22  up" resources for the organization's violent acts); *Boim v. Holy Land Found. for Relief & Dev.,* 549 F.3d

---

[6] Plaintiff seeks leave to amend to cure his pleading defects; as explained more fully below, his request in this form is both insufficient and futile.

8

685, 700 (7th Cir. 2008) (penalizing donations to an organization with knowledge that the organization was committing terrorist acts). Plaintiff sets out no acts by AMP that he believes fit within this material support framework, and thereby warrant the loss of First Amendment protections. *See generally* Response at 18-19 (describing the framework, but not providing application). This Court need not excuse Plaintiff's lackluster briefing by filling in gaping holes in his argument for him, and may dismiss his claims against AMP because all of the acts Plaintiff alleges AMP undertook find protection in the First Amendment.

**E.     Plaintiff Fails to Properly Seek Leave to Amend**

Plaintiff asks in his Response for leave to amend his Complaint a second time to cure the myriad of deficiencies in his pleading. Response at 19. His request does not suffice.

First, this request does not suffice under Federal Rule of Civil Procedure 7(b), which requires Plaintiff to separately move to amend and attach his proposed new Amended Complaint for this Court's substantive review. *See Adkisson v. Dzurenda*, No. 3:23-cv-00287-MMD-CLB, 2024 U.S. Dist. LEXIS 56154, at *3 (D. Nev. Mar. 27, 2024) (denying leave to amend where the plaintiff did not attach a proposed amended complaint).

Second, allowing amendment at this point would be futile, as no possible cure exists for Plaintiff's pleading deficiencies. *See McAteer v. Sunflower Bank, N.A.*, Case No. 2:20-cv-02285-APG-AJY, 2022 U.S. Dist. LEXIS 241886, at *8 (denying leave to amend as futile where the plaintiff could not plead an essential element of his claim). Plaintiff asserts the question "is not whether plaintiff will prevail but whether he 'is entitled to offer evidence to support the claims.'" Response at 20 (citing *Diaz v. Int'l Longshoremen's & Warehousemen's Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)). However, as described above, Plaintiff fails to make factual allegations to support multiple essential elements of both his ATA claim and his IIED claim against AMP, and asserts no other claims against it. Therefore, he provides his Court with no reason to believe he could correct those deficiencies by amendment. AMP therefore respectfully requests this Court dismiss Plaintiff's claims against it in full, and with prejudice.

9

### III.  CONCLUSION

Plaintiff asserts that "[a] careful review of Plaintiff's FAC will demonstrate that in the course of the 77-page Complaint, AMP's complicity in the events that are the subject of this suit are irrefutable …" Response at 20. Plaintiff, however, fails to undertake that "careful review" himself. Plaintiff provides neither this Court nor AMP with citations to where he makes factual allegations in his loquacious, 77-page First Amended Complaint that satisfy the legal standard. Even after considering the arguments in his Response, Plaintiff still fails to state any cognizable claim against AMP. As set forth in AMP's Motion, Plaintiff establishes neither the jurisdiction of this Court nor any properly pled claims against AMP. Therefore, AMP respectfully requests this Court dismiss Plaintiff's claims in full, and deny his procedurally unsound request to amend.

Dated: December 2, 2024

Respectfully submitted,

/s/ Christina A. Jump
Christina A. Jump (admitted *pro hac vice*)
Email: cjump@clcma.org
Samira Elhosary (admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center
for Muslims in America*
100 N. Central Expy, Suite 1010
Richardson, Texas 75080
Telephone: 972-915-2507

*Counsel for Defendant AJP Educational Foundation, Inc.*

*The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America

/ / /

Maggie McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Defendant AJP Educational Foundation, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2d day of December, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Christina A. Jump
Christina A. Jump (admitted *pro hac vice*)
Email: cjump@clcma.org
Samira Elhosary (admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center
for Muslims in America*
100 N. Central Expy, Suite 1010
Richardson, Texas 75080
Telephone: 972-915-2507

*Counsel for Defendant AJP Educational Foundation, Inc.*

*The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America*

11