Elda M. Sidhu (NV Bar No. 7799)
General Counsel
Email: elda.sidhu@unlv.edu
Andrew D. Smith (NV Bar No. 8890)
Email: andrew.d.smith@unlv.edu
**UNIVERSITY OF NEVADA, LAS VEGAS**
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
Telephone:  (702) 895-5185
Facsimile:  (702) 895-5299
*Attorneys for University of Nevada, Las Vegas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>          Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>          Defendants. | Case No.:  2:24-cv-00985-APG-MDC<br><br>**REPLY IN SUPPORT OF DEFENDANT UNLV'S MOTION TO DISMISS** |

The Board of Regents of the Nevada System of Higher Education on behalf of the University of Nevada, Las Vegas ("UNLV") files this reply in support of its motion to dismiss. [ECF 35].

# Points and Authorities

## I. Introduction

Defendant UNLV respectfully requests that all of the Plaintiff's claims, except for the twelfth cause of action (alleging a violation of Title VII, workplace discrimination) be dismissed. Dismissal is appropriate on procedural grounds, as Plaintiff failed to serve the summons and complaint on UNLV within the time allowed by Fed. R. Civ. P. 4, and on substantive grounds, as (1) UNLV is subject to immunity under the Eleventh Amendment to the Constitution, and (2) Plaintiff's state law claims against UNLV are insufficiently plead and are barred by the doctrine of discretionary act immunity.

The Plaintiff's Opposition [ECF 38] neither raises a genuine issue of material fact nor refutes the clear governing law.

## II. No Good Cause Exists to Excuse Plaintiff's Untimely Service

Plaintiff concedes he failed to serve UNLV timely. UNLV was named as a defendant in Plaintiff's initial complaint, filed May 26, 2024. There is no record of Plaintiff attempting service on UNLV prior to the 90-day deadline, which fell on August 24. To overcome his failure and to retroactively extend his deadline to effect service, he must now show good cause for an extension. Fed. R. Civ. P. 4(m). A showing of good cause means, at minimum, excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Per Fed. R. Civ. P. 4(j)(2), Plaintiff was required to effectuate service on UNLV be delivering copies of the summons and complaint to the Nevada Attorney General and the Chancellor of the Nevada System of Higher Education or Interim Chancellor, as the case may be. (An Interim Chancellor holds the rights and duties of the Chancellor and is the proper person to receive service.) Plaintiff first delivered a copy of those documents to the Attorney General on August 29 – five days after the deadline. Plaintiff

did not complete service by delivering copies to the Chancellor until October 22 – 149 days after the complaint was filed, and 59 days after the 90-day deadline.

The filing of an amended complaint does not extend the deadline to serve defendants already named in an earlier complaint. It merely creates a deadline to serve newly added parties. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006).

Plaintiff claims good cause exists for his failure to timely serve UNLV because he attempted service[1] on President Whitfield shortly after the deadline for service passed. This is not correct.

First, Plaintiff fails to mention that his August 28, 2024 attempt at service was only to President Whitfield, and not on UNLV. As shown by his affidavit of service, plaintiff only served one copy of the summons and amended complaint on President Whitfield's pet sitter. [ECF 9]. Thus, at best, his ineffective attempt at service was as to President Whitfield only and not UNLV.

Second, even if plaintiff's attempt at service could be construed an attempt on service on both the president and UNLV, service was not attempted on someone who is the administrative head[2] of the university system. It is not excusable where, as is here, a party is represented by counsel who should know how to serve process. Fed. R. Civ. P. 4(j) refers the Plaintiff to Nev. R. Civ. P. 4.2(d), which states that both the Attorney General and agency head must be served.

---

[1] Plaintiff delivered the summons and First Amended Complaint to President Whitfield's pet sitter. This is not effective service under FRCP 4(j)(2). Dismissal based on the untimely and ineffective service on President Whitfield is the subject of a separate pending motion. [ECF 12]

[2] It is no secret that the law vests the Chancellor as the administrative head of the Nevada System of Higher Education. Bylaws of the Board of Regents, Article VII, Section 3 (https://nshe.nevada.edu/wp-content/uploads/file/BoardOfRegents/Handbook/title1//T1-CH01%20Bylaws%20of%20the%20Board%20of%20Regents.pdf) (last visited December 16, 2024). An interim chancellor has the same legal duties.

Third, Plaintiff, without any evidence, says that he did not receive the notice from the Attorney General at the time of service. Even if true, if he was confused about service, then he could have reached out to UNLV prior to October 18, 2024. He should not be excused from his untimely service due to a lack of understanding as to who he sued and how to sue them. Because plaintiff fails to demonstrate good cause for an extension of time to serve UNLV, this case should be dismissed.

Plaintiff's Exhibit 1 to his Opposition [ECF 38] shows that a mediator contacted both Plaintiff and UNLV to inquire whether the parties would be interested in mediating some or all of the claims in case. The exhibit shows that UNLV responded with a willingness to mediate. Plaintiff initially indicated an interest in mediation but ultimately rejected the opportunity. An exchange of emails with a mediator does not constitute an appearance by UNLV or a waiver of service of process.

### III. Eleventh Amendment Immunity Applies to Bar Plaintiff's Constitutional Claims Against UNLV

Plaintiff cannot get around the Eleventh Amendment on this motion to dismiss brought by UNLV. His argument against sovereign immunity seems to conflate UNLV with President Whitfield, who has a separately pending a motion to dismiss [ECF 12] that lays out all of the arguments why Plaintiff's claims fail under the *Krainski* exception to immunity. See *Krainski v. Nevada ex. rel. Bd. of Regents of Nev. Sys. Of Higher Educ.*, 616 F.3d 963, 967-68 (9th Cir. 2010), which held that, "[t]he Eleventh Amendment bars suits against State or its agencies for all types of relief, absent unequivocal consent by the state … The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." *Id*, internal citations omitted.

The limited exception explained in *Krainski* applies to state officials, but only to the extent that the "relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights…" *Id* at 968.

Plaintiff's Opposition argues that the Amended Complaint does seek prospective relief for ongoing violations of the Plaintiff's federal constitutional rights. If this is accepted as true, the argument still does not rescue Plaintiff's claims against UNLV. UNLV is an agency or instrumentality of the State of Nevada. It is not an individual acting as an officer of the state. The narrow exception set forth in *Krainski* permits a plaintiff to seek prospective relief against state officials for ongoing violations of federal rights. The exception does not apply to state agencies.

The cases cited by Plaintiff do not support denying UNLV's motion.

- The Plaintiff in *Papasan* sued the governor of Mississippi, seeking to compel a change in the way schools were funded. The complaint did not seek relief directly from the state or any of its agencies. *Papasan v. Allain*, 478 U.S. 265 (1986).

- In *Doe v. Lawrence Livermore Nat. Laboratory*, the Ninth Circuit Court of Appeals reversed a district court's decision to dismiss claims against defendant John Nuckolls, in his capacity as Director of the Lawrence Livermore laboratory, for the narrow purpose of permitting prospective injunctive relief. The decision upheld dismissal of claims against the governmental agency defendants, including the University of California, on Eleventh Amendment grounds. *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 838-39 and 842.

- In *The Presbyterian Church v. U.S.*, the court held that the plaintiffs could maintain an action against the federal government based on Congress' waiver of federal government's sovereign immunity. *The Presbyterian Church (U.S.A.) v. U.S.*, 870 F.2d 518 (9th Cir. 1989). The Eleventh Amendment and state government immunity were not discussed.

Nevada has not waived its Eleventh Amendment immunity. "The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution

of the United States." Nev. Rev. Stat. 41.031(3). So, as to UNLV, undoubtably the Eleventh Amendment immunity applies to prevent plaintiff's § 1983 claims from proceeding solely against it. Therefore, those claims against UNLV should be dismissed.

It should be noted that the Plaintiff's substantive claims for prospective relief, seeking to ban certain groups from campus activities, are subject to concurrent motions to dismiss on First Amendment grounds [ECF 24 and 37].

### IV.    Plaintiff's First Claim Should be Dismissed

Plaintiff's argument against dismissal of his First Claim misses the mark. The fundamental reality is that UNLV cannot be held liable because the statute does not provide for liability against a State. Even if UNLV could be held liable, there are no facts alleged that he was injured by an act of terrorism. At most, he claims that the protests at UNLV—which he did not attend—caused him harm. But he does not argue that those protestors are a terrorist organization. As such, this claim must be dismissed with prejudice.

### V.    Plaintiff's Title VI Claims Should be Dismissed

Plaintiff directs the Court to his complaint, pages 52 to 56, to show that UNLV acted with deliberate indifference in addressing his concerns of harassment. But the Court is not required to hunt for some elusive basis to this claim. Plaintiff does not point to specific facts showing *intentional* discrimination for purposes of Title VI. Under this strict standard, he must state facts that demonstrate that UNLV responded to a claim of discrimination in a clearly unreasonable manner based on what it knew at the time. Plaintiff fails to meet that standard.

First, nowhere in his complaint does he allege that he filed a complaint with UNLV's EEO/Title IX Office regarding the alleged harassment he suffered. Although not a prerequisite to a Title IV claim, the fact that UNLV has in place a process for addressing plaintiff's concerns that he failed to avail himself of means that UNLV was not deliberately indifferent to his claim of harassment.

Second, plaintiff claims that he felt marginalized and not heard. Yet he seems to complain of the fact that UNLV added additional resources beginning in July 2024 that are not required by law. He asserts this is a subsequent remedial measure.[3] It is not. Rather, it is a further indication that UNLV takes discrimination seriously and is always looking at ways to further serve its community.

Finally, plaintiff's timeline of events does not support a claim that UNLV sanctioned or tolerated the alleged harassment. He asserts that he first complained to President Whitfield about the discrimination he faced on some unspecified date in February 2024. [ECF 6, ¶ 237]. He also asserts that he made a complaint to President Whitfield on March 5, 2024. [ECF 6, ¶ 239]. But he does not state any facts that would tend to show the alleged harassment after his March 5, 2024 message. He does not deny that he has been able to fully participate in educational programs at UNLV after that date. He was and continues to be a member of the student government. Clearly, UNLV acted appropriately to remedy whatever alleged harassment plaintiff claims he faced, and he does not allege what more UNLV could or should have done after that date to address his concerns. Therefore, plaintiff fails to state a claim under Title VI and those claims should be dismissed.

## VI. Plaintiff's Ninth Claim Should be Dismissed

Plaintiff fails to allege facts against UNLV to make out a prima facie claim of Intentional Infliction of Emotional Distress. The claim requires: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Avina v. United States*, 681 F.3d 1127,

---

[3] Subsequent remedial measures are not admissible to prove negligence or culpable conduct. Fed. R. Ev. 407. Even if these acts are construed as subsequent remedial measures, they cannot be used to support a legal claim against UNLV.

1131 (9th Cir. 2012); *see also Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 91-92 (Nev. 1981) (stating identical elements for this claim under Nevada state law). Instead, plaintiff complains, at best, of conduct by outside groups that UNLV does not control. Plaintiff alleges no specific facts against UNLV to state a claim. The claim should be dismissed

## VII. Plaintiff's Tenth and Eleventh Claims Should be Dismissed

Plaintiff has not identified any specific employee that he alleges UNLV negligently hired, retained and supervised. This constitutes a failure to plead the cause of action. Regardless, the claim is barred by sovereign immunity under the doctrine of discretionary act immunity.

This is tort claim brought under Nevada state law. To plead a claim for negligent hiring, retention or supervision, a plaintiff must show that the defendant owed plaintiff a duty of care, that defendant breached the duty by the hiring, retaining, and/or supervising an employee even though the defendant knew, or should have known, of the employee's dangerous propensities, and that this breach caused plaintiff's injuries that resulted in damages. *Hall v. SSF, Inc.*, 112 Nev. 1384, 1391–92, 930 P.2d 94, 98–99 (1996).

An employer has a duty to use reasonable care in the training, supervision, and retention of their employees to make sure that the employees are fit for their positions. *Id*.

Nevada has not waived its sovereign immunity as to discretionary acts. Nevada state law provides:

> Except as provided in NRS 278.0233 no action may be brought under NRS 41.031 or against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions which is:
> . . .
> 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of

8

>its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

NRS 41.032(2).

The Nevada Supreme Court has held that the hiring, supervision and retention of employees are discretionary acts entitled to immunity. *University of Nevada School of Medicine v. Dist. Ct.*, 128 Nev. 941, 381 P. 3d 671 (2012); *see also Peterson v. Miranda*, 57 F. Supp. 3d 1271, 1280 (D. Nev. 2014).

In *Peterson*, the court initially granted Clark County School District's motion for summary judgment as to a plaintiff's negligent hiring claim pursuant to NRS 41.032(2), but denied it as to negligent retention and supervision. On reconsideration, the court explained that Nevada law barred claims against the state for negligent supervision and retention as well as for negligent hiring:[4]

>In their prior motion for summary judgment, moving defendants argued that defendant CCSD was entitled to discretionary act immunity pursuant to NRS § 41.032(2). NRS § 41.032(2) provides complete immunity from claims based on a political subdivision's exercise or performance of a discretionary function or duty. However, in the January order, the court found that "discretionary immunity does not extend beyond the hiring of an employee to that employee's retention and supervision," relying on *Doe v. Estes*, 926 F. Supp. 979 (D. Nev. 1996).
>
>Moving defendants now argue that the court should reconsider its order because the Nevada Supreme Court has recently extended discretionary act immunity to cover both the supervision and retention of an employee. … The court agrees. In *University of Nevada School of Medicine v. The Eighth Judicial Dist. Ct.*, the Nevada Supreme Court held that "supervision of employees is a discretionary function entitled to immunity under NRS § 41.032(2). Therefore, the court shall grant moving defendants' motion to reconsider this claim.

*Peterson*, 57 F. Supp. 3d at 1280 (internal citations omitted).

Regardless of who plaintiff alleges UNLV negligently hired, retained or supervised, these claims are barred as a matter of law and should be dismissed.

---

[4] The Nevada Supreme Court treats negligent training as part of the same cause of action as negligent hiring, retention and supervision. *See Freeman Expositions, LLC v. Eighth Judicial Dist. Ct.*, 138 Nev. Adv. Op. 77, 520 P.3d 803, 811 (2022), *citing Peterson*, 57 F.Supp.3d at 1280.

## VIII. Leave to Amend Should be Denied if Futile

Plaintiff's request for leave to amend does not indicate what additional facts he would allege to overcome a finding that an amendment would be futile. *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). He only says he wants leave to address any insufficiencies. But he cannot allege additional facts to get around such things as sovereign immunity or the fact that the antiterrorism claim does not apply to the states. So, to the extent that his request is futile, UNLV opposes it.

## IX. Conclusion

Plaintiff failed to timely serve UNLV with process. Even if he had, this case should be dismissed because (1) UNLV is entitled to Eleventh Amendment Immunity; (2) plaintiff lacks standing to bring his claims against UNLV; and (3) plaintiff failed to allege sufficient facts against UNLV to state a claim. As such, UNLV requests that the Court enter an order dismissing all claims against it except for his Title VII claim.

Dated December 17, 2024.

/s/   Andrew D. Smith
Elda M. Sidhu (NV Bar No. 7799)
Andrew D. Smith (NV Bar No. 8890)
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
*Attorneys for University of Nevada, Las Vegas*

**Certificate of Service**

I certify that, on the date and time of the electronic service, a copy of the foregoing *Reply in Support of Defendant UNLV's Motion to Dismiss* was sent via electronic means through CM/ECF to the following at their last known email addresses:

| | |
|---|---|
| Sigal Chattah | Chattahlaw@gmail.com |
| Margaret A McLetchie | maggie@nvlitigation.com, efile@nvlitigation.com |
| Joseph S.Gilbert | joey@joeygilbertlaw.com, alisha@joeygilbertlaw.com, carla@joeygilbertlaw.com, nancy@joeygilbertlaw.com |
| Christina A. Jump | cjump@clcma.org, rana.hakim@mlfa.org |
| Samira S. Elhosary | selhosary@clcma.org |

Dated December 17, 2024.

/s/   Andrew D. Smith
An employee of the Office of General Counsel
University of Nevada, Las Vegas