1   Christina A. Jump (admitted *pro hac vice*)
    Email: cjump@clcma.org
2   Samira S. Elhosary (admitted *pro hac vice*)
    Email: selhosary@clcma.org
3   Constitutional Law Center for Muslims in America*
    100 N. Central Expy, STE 1010
4   Richardson, Texas 75080
    Telephone: 972-915-2507
5   *Attorneys for Defendant AJP Educational Foundation, Inc.*

6   *The Constitutional Law Center for Muslims in America
    is the legal division of the Muslim Legal Fund of America.*

7   Margaret A. McLetchie (NV Bar No. 10931)
    Email: maggie@nvlitigation.com
8   Leo S. Wolpert (NV Bar No. 12658)
    Email: leo@nvlitigation.com
9   McLetchie Law
    602 S. 10th St.
10  Las Vegas, NV 89101
    Telephone: 702-728-5300
11  *Local Counsel for Defendant AJP Educational Foundation, Inc.*

12

13                  **UNITED STATES DISTRICT COURT**

14                       **DISTRICT OF NEVADA**

15  COREY GERWASKI,                          Case No. 2:24-cv-00985- APG-MDC

16          Plaintiff,

17              v.

18  STATE OF NEVADA, ex rel. BOARD
    OF REGENTS of the NEVADA
19  SYSTEM OF HIGHER EDUCATION,
    on behalf of the UNIVERSITY OF         **DEFENDANT AJP EDUCATIONAL
20  NEVADA, LAS VEGAS; KEITH               FOUNDATION, INC.'S REPLY IN SUPPORT
    WHITFIELD, individually; AJP           OF ITS SPECIAL MOTION TO DISMISS
21  EDUCATIONAL FOUNDATION INC.,           PURSUANT TO NEV. REV. STAT. § 41.660.**
    a California Non-Profit Corporation;
22  STUDENTS FOR JUSTICE OF                **ORAL ARGUMENT REQUESTED**
    PALESTINE-UNLV; NATIONAL
23  STUDENTS FOR JUSTICE OF
    PALESTINE; NEVADANS FOR
24  PALESTINIAN LIBERATION;
    DOES I-XX and ROE entities I-XX,

            Defendants.

**TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................................ii

TABLE OF AUTHORITIES .......................................................................................................iii

    I.       INTRODUCTION ........................................................................................... 1

    II.     FACTUAL ASSERTIONS................................................................................ 1

    III.    ARGUMENT .................................................................................................... 2

        A.     Plaintiff Fails to Demonstrate that AMP Did Not Meet Its Burden Under the First Prong ................................................................................................ 2

            1.     Plaintiff fails to overcome the reality that his claim derives from protected speech................................................................................. 2

            2.     Plaintiff fails to demonstrate that any communications by AMP occurred other than in good faith ................................................... 4

        B.     Plaintiff Fails to Demonstrate Any Probability of Success on the Merits of his Claim, as Required by the Second Prong ................................................. 5

        C.     AMP Easily Meets its Burden to Support Dismissal Under Nevada's Anti-SLAPP Statute ...................................................................................... 6

            1.     AMP meets the requirements of the first prong...................................... 6

                  a.     AMP's communications related to an issue of public interest..................................................................................... 6

                  b.     AMP's communications occurred in a place open to the public or a public forum.................................................... 6

                  c.     AMP's communications were truthful or made without knowledge of falsity................................................................ 6

            2.     Plaintiff cannot demonstrate a probability of success as required by the second prong ...................................................................................... 7

    IV.    CONCLUSION................................................................................................ 7

CERTIFICATE OF SERVICE .................................................................................................... 9

1

**TABLE OF AUTHORITIES**

2

<u>**Cases**</u>

3

*Abrams v. Sanson*
        458 P.3d 1062 (Nev. 2020) ........................................................................................ 5, 6

4

*Anderson Bus. Advisors, Ltd. Liab. Co. v. Foley*
        538 P.3d 866, 2023 Nev. Unpub. LEXIS 833 (Nev. 2023) ........................................ 5

5

*Boim v. Am. Muslims for Palestine*
        9 F.4th 545 (7th Cir. 2021) ........................................................................................ 2

6

*Spirtos v. Yemenidjian*
        499 P.3d 611 (Nev. 2021) ....................................................................................... 3, 4

7

*Gigawatt Operations Inc. v. Williams*
        No.: 2:23-cv-02036-JAD-NJK, 2024 U.S. Dist. LEXIS 88073 (D. Nev. May 15, 2024) ........... 7

8

*Kosor v. Olympia Cos., LLC*
        478 P.3d 390 (Nev. 2020) .......................................................................................... 6

9

*Panik v. TMM, Inc.*
        No. 84679, 2023 Nev. LEXIS 46 (Nev. Nov. 30, 2023) ............................................. 4

10

*Smith v. Zilverberg*
        481 P.3d 1222 (Nev. 2021) ...................................................................................... 4, 5

11

*Stark v. Lackey*
        458 P.3d 342 (Nev. 2020) .......................................................................................... 6

12

*Wilson v. Parker, Covert & Chidester*
        28 Cal. 4th 811 (2002) ................................................................................................ 5

13

*Wynn v. Associated Press*
        542 P.3d 751 (Nev. 2024) ........................................................................................... 5

14

<u>**Statutes**</u>

15

Nev. Rev. Stat. § 41.660(3)(b) .............................................................................. 1, 5, 7

16

Nev. Rev. Stat. § 41.670(1)(a)(b) ................................................................................. 7

17

Nev. Rev. Stat. § 41.637(4) .......................................................................................... 3

18

19

20

21

22

23

24

iii

1

### I.      INTRODUCTION

2      Plaintiff asserts in his Opposition to AMP's Special Motion to Dismiss that AMP undertakes "a

3 blatant effort to make this case something that it is not." Plaintiff's inflammatory language and

4 misstatements about unrelated cases, however, attempt to distract from Plaintiff's extensive pleading

5 failures, and lack of *prima facie* support for his claim against AMP. Instead of directly addressing AMP's

6 arguments, Plaintiff spends five pages of his Opposition reciting purported facts on issues that have no

7 bearing on this Court's analysis of the Special Motion. AMP met its burden on the first prong of the anti-

8 SLAPP analysis, establishing that Plaintiff's claims against AMP arise from its good faith

9 communications that related to an issue of public interest and occurred in a public forum. Thus, the burden

10 shifts to Plaintiff on the second prong of the anti-SLAPP analysis, and he fails to establish that his

11 intentional infliction of emotional distress claim ("IIED") has any legal or evidentiary merit. Plaintiff

12 even fails to substantively refute any of the arguments AMP made in its Special Motion regarding the

13 legal infirmities of his claims. AMP therefore respectfully requests this Court dismiss Plaintiff's IIED

14 claim against AMP under the anti-SLAPP statute and grant AMP appropriate relief as provided for in

15 that statute.

16

### II.      FACTUAL ASSERTIONS

17      Rather than meaningfully address the Motion, Plaintiff fills his Opposition with irrelevancies.

18 Further, Plaintiff either misunderstands the content of the materials to which he cites or willfully misleads

19 this Court as to their substance. Though the allegations from cases outside of this District have no bearing

20 on this Court's review of the matter before it, AMP addresses Plaintiff's gross misstatements of alleged

21 holdings here for clarity of the record.

22      To be clear, no court has ever found AMP liable for a violation of the Anti-Terrorism Act. Plaintiff

23 wrongfully represents otherwise. Opposition to AJP Educational Foundation, Inc's [sic] Special Motion

24 to Dismiss Pursuant to Nev. Rev. Stat. §41.660, at 7 n.1 (Jan. 1, 2025), ECF No. 45 ("Plaintiff's

1   Opposition"). The Seventh Circuit in *Boim v. AMP* found only that federal subject matter jurisdiction

2   exists. *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 559 (7th Cir. 2021) (finding only that the district

3   court erred in dismissing the claim on jurisdictional grounds). The district court in that matter to date has

4   issued no ruling on the truth of the facts alleged in those plaintiffs' complaint. *See* Memorandum Opinion

5   and Order at 1, *Boim v. AMP*, No. 1:17-cv-03591 (N.D. Ill. May 17, 2022), ECF No. 250 (attached as

6   Exhibit A for the Court's convenience) ("In setting forth the facts at this stage, the court does not vouch

7   for their objective truth.") (internal quotes and citations omitted).

8       Plaintiff also erroneously represents that a Virginia state court "found that AMP is the parent

9   organization of National Students for Justice in Palestine (SJP)[sic]." Plaintiff's Opposition at 8. Plaintiff

10  presents no support for that statement and cites only a press release from the Virginia Attorney General,

11  which applauded the court's order for AMP to produce records. *Id*. at 8 n.2 (citing Office of the Virginia

12  Attorney General, *Virginia Court Orders American Muslims for Palestine to Produce Records Requested*

13  *by Attorney General Miyares*, (July 16, 2024), https://www.oag.state.va.us/media-center/news-

14  releases/2758-july-16-2024-virginia-court-orders-american-muslims-for-palestine-to-produce-records-

15  requested-by-attorney-general-miyares). *Contrast* Exhibit B, Order of Judge Richard B. Campbell dated

16  July 30, 2024 (holding only that the Attorney General was "within his statutory authority to initiate" a

17  Civil Investigative Demand). No factual finding exists substantiating any allegation that AMP is the

18  "parent organization" of NSJP, in the Virginia state court or anywhere else.

19                          **III.    ARGUMENT**

20  **A.    Plaintiff Fails to Demonstrate that AMP Did Not Meet Its Burden Under the First Prong**

21          1.    Plaintiff fails to overcome the reality that his claim derives from protected speech

22      To try to overcome the fact that his claim against AMP rests on protected communications,

23  Plaintiff asserts that his claim is based not on AMP's speech but rather "a course of conduct that violates

24  federal law." Plaintiff's Opposition at 12. As he did in his First Amended Complaint, Plaintiff fails in his

1    Opposition to provide any more than conclusory statements to identify that alleged "course of conduct."

2    As in his Response to AMP's Rule 12 Motion to Dismiss, Plaintiff fails to point this Court or AMP toward

3    any place in his First Amended Complaint to substantiate his assertion that he "filed his Complaint based

4    on AMP's conduct of providing substantial assistance to FTO's [sic] abroad." Plaintiff's Opposition at

5    13. As detailed in the Special Motion, Plaintiff predicates his claim against AMP on protected

6    communications. Plaintiff's Amended Complaint seeks to penalize AMP's speech on social media, and

7    other online forums. ECF No. 37 at 5-8. The "assistance" Plaintiff identifies constitutes only speech. For

8    example, in addition to describing the "narrative" AMP allegedly disseminates, Plaintiff asserts that AMP

9    provides Hamas with "public relations services in the United States" and "propaganda at UNLV." First

10   Amended Complaint, at ¶ 119 (Aug. 9, 2024), ECF No. 6. The Amended Complaint therefore targets

11   protected speech as its factual basis. *Cf. Spirtos v. Yemenidjian*, 499 P.3d 611, 616 (2021) ("By hinging

12   the step-one analysis on "the claim," NRS 41.660(3)(a) unambiguously provides that the district court

13   should evaluate the statement forming the basis of the plaintiff's complaint, which, in this case, was the

14   version of the statement that Yemenidjian alleged Spirtos made."). The fact that Plaintiff labels AMP's

15   speech as "propaganda," "assistance," or "illegal" does not change its inherent nature as speech protected

16   under Nevada's anti-SLAPP law.

17        After asserting that he does not target speech, Plaintiff argues falsely that because his claim

18   against AMP is not based on any statements AMP made about <u>Plaintiff</u>, Nevada's anti-SLAPP statute

19   does not apply. Plaintiff's Opposition at 12. The text of Nevada's anti-SLAPP statute does not support

20   Plaintiff's position. Nev. Rev. Stat. § 41.637(4) (extending protection to any "[c]ommunication made in

21   direct connection with an issue of public interest in a place open to the public or a public forum"). The

22   statute nowhere limits its scope to communications about the particular plaintiff in a case. It instead

23   emphasizes the opposite question – whether the targeted communications concern a broader public

24   interest beyond the parties' immediate dispute. *See generally Panik v. TMM, Inc.*, No. 84679, 2023 Nev.

3

1  LEXIS 46, at *1-2 (Nev. Nov. 30, 2023) ("In this opinion, we clarify that the anti-SLAPP statutes do not

2  exclude any particular types of claims for relief from their scope because the focus is on the defendant's

3  activity, not the form of the plaintiff's claims for relief."). Nor does Plaintiff's reading align with the

4  widely recognized purpose of the anti-SLAPP law. As the Nevada Supreme Court explained, the statute

5  protects persons from being sued for exercising their free speech rights. *Smith v. Zilverberg*, 481 P.3d

6  1222, 1231 (Nev. 2021). The law supports a finding by this Court that the anti-SLAPP statute protects

7  AMP's speech that forms the basis of Plaintiff's Amended Complaint.

8          2.  <u>Plaintiff fails to demonstrate that any communications by AMP occurred other than in good
              faith</u>

9

10         Plaintiff also fails to reasonably show that AMP's statements are untruthful or made with

11 knowledge of falsehood. Plaintiff correctly observes that an affidavit stating that defendants believe their

    communications to be truthful suffices absent evidence to the contrary. Plaintiff's Opposition at 15.

12 However, Plaintiff then wholly fails to make any evidentiary showing to contradict the affidavit submitted

13 in support of AMP's Special Motion. Instead, Plaintiff only reiterates his conclusory assertion that

14 "Defendant's [sic] provided substantial assistance to FTO [sic]." *Id*. The Declaration of Munjed Ahmad,

15 one of AMP's co-founders and a member of its Board of Directors, submitted in support of AMP's

    Special Motion to Dismiss, more than suffices to meet AMP's burden under Nevada's anti-SLAPP statute

16 and the relevant case law. *See* ECF No. 37 at 7-8. Plaintiff's assertion to the contrary, that this Court must

17 "disregard the moving party's declaration," finds no support in even the case to which Plaintiff cites. *See*

18 *Spirtos*, 499 P.3d at 616 (directing the district court to disregard a declaration only as to the defendant's

19 claim that he did not make the statements at issue). AMP respectfully thus asks that this Court accept the

20 statements in Mr. Ahmad's declaration that AMP's communications, which form the basis of Plaintiff's

21 claim, are truthful or made without knowledge of their falsity.

22         Not only does the fact that Plaintiff labels AMP's speech about Israel and Palestine as

    "propaganda," "assistance," or "illegal" not change that it is speech, as noted above, the nature of the

23 communications regarding political conflicts necessarily renders them opinion – which as explained in

24 AMP's Special Motion, cannot be false. Therefore, the speech Plaintiff targets necessarily qualifies as

4

good faith communications. Opinions, by definition, constitute good faith communication since they can neither be proven true nor false. *Abrams v. Sanson*, 458 P.3d 1062, 1068 (Nev. 2020). None of Plaintiff's arguments change the fact that the speech he targets falls under the protection of the anti-SLAPP statute. AMP met its burden under the relevant test.

**B.      Plaintiff Fails to Demonstrate Any Probability of Success on the Merits of his Claim, as Required by the Second Prong**

Having failed to identify any way in which AMP did not meet its burden under the first prong of the anti-SLAPP analysis, the burden now shifts to Plaintiff. Plaintiff fails to meet his burden under the second prong of the analysis as well. To be clear, Plaintiff bears a higher burden on prong two than that needed to overcome a FRCP 12(b) motion; in addition to showing legal sufficiency, Plaintiff must demonstrate *prima facie* evidence that, if true, supports judgment in his favor. *See* Nev. Rev. Stat. § 41.660(3)(b); *Anderson Bus. Advisors, Ltd. Liab. Co. v. Foley,* 538 P.3d 866, 2023 Nev. Unpub. LEXIS 833, at *5 (Nev. 2023) (citing *Wilson v. Parker, Covert & Chidester, 2*8 Cal. 4th 811, 123 Cal. Rptr. 2d 19, 26, 50 P.3d 733 (2002)); *Wynn v. Associated Press*, 542 P.3d 751, 757 (Nev. 2024).

As outlined more fully in AMP's Special Motion to Dismiss, Plaintiff fails to show either legal sufficiency or any evidentiary basis supporting his claims. Plaintiff therefore fails to establish any probability of success on his IIED claim. ECF No. 37 at 8-9. Though Plaintiff correctly recites that he need only show "that his claims have minimal merit," he fails to even do that. Plaintiff's Opposition at 16 (citing *Smith v. Zilverberg*, 481 P.3d 1222, 1229 (Nev. 2021)). Courts determine a plaintiff's probability of prevailing on claims by "comparing the evidence presented with the elements of the claim." *Zilverberg*, 481 P.3d at 1229. Here, Plaintiff makes no evidentiary showing to support any element of his IIED claim against AMP. Yet again, Plaintiff relies exclusively on unsubstantiated conclusions that "it is indisputable that Defendants [sic] conduct was extreme and outrageous." Plaintiff's Opposition at 17. Though Plaintiff may believe he "sufficiently plead all the psychosomatic disorders that resulted from Defendants acts in his Complaint," he directs this Court to no portion of his Amended Complaint

5

1    purportedly containing those sufficient allegations. *Id.* Without a legally viable claim, nor any evidence

2    at all that Plaintiff can meet the elements of an IIED claim, he fails to meet his burden under the second

3    prong of the anti-SLAPP test.

4    **C.    AMP Easily Meets its Burden to Support Dismissal Under Nevada's Anti-SLAPP Statute**

5        In response to Plaintiff's convoluted recitation of the applicable standard, AMP reiterates for the

6    Court's convenience a brief summary of the relevant test under Nevada's anti-SLAPP statute, as set forth

7    in AMP's Special Motion to Dismiss.

8        1.        AMP meets the requirements of the first prong

9            a.        *AMP's communications related to an issue of public interest*

10        Nevada looks to five guiding principles to determine whether communications relate to an issue

11    in the public interest: whether the matter is mere curiosity, whether it is of concern to a substantial number

12    of people, whether there is a degree of closeness between the statements and the public interest, whether

13    the speaker's focus is the public interest, and whether the information is merely private information

14    conveyed to a large audience. *Stark v. Lackey*, 458 P.3d 342, 346 (Nev. 2020). AMP's communications

15    about the ongoing conflict in Gaza address a clear matter of public interest under the applicable case law.

16    ECF No. 37 at 6-7. Plaintiff fails to show otherwise.

17            b.        *AMP's communications occurred in a place open to the public or a public forum*

18        A place open to the public or a public forum is not limited to a physical setting but includes any

19    public communication, including the internet. *Kosor v. Olympia Cos., LLC*, 478 P.3d 390, 395-98 (Nev.

20    2020) (citing *Abrams v. Sanson*, 458 P.3d 1062, 1066 (Nev. 2020)). All communications that form the

21    basis of Plaintiff's IIED claim against AMP took place on the internet or through other means of public

22    communication, easily meeting this prong of the test. ECF No. 37 at 7.

23            c.        *AMP's communications were truthful or made without knowledge of falsity*

24        As demonstrated by the Declaration of Munjed Ahmad, AMP's communications are truthful,

1    made without knowledge of their falsity, or are opinions, incapable of being true or false. *Id*. at 7-8. This

2    District recognizes that a declaration setting out the defendant's state of mind is entitled to a presumption

3    of truth, "absent contradictory evidence in the record." *Gigawatt Operations Inc. v. Williams,* No.: 2:23-

4    cv-02036-JAD-NJK, 2024 U.S. Dist. LEXIS 88073, at *9 (D. Nev. May 15, 2024). Plaintiff presents no

5    relevant evidence to contradict Mr. Ahmad's declaration.

6            2.        Plaintiff cannot demonstrate a probability of success as required by the second prong

7            Where a defendant meets its burden under the first part of the test, as outlined above, the burden

8    shifts to the plaintiff to establish a *prima facie* showing that they have a probability of success on the

9    merits of their claim. Nev. Rev. Stat. § 41.660(3)(b). Plaintiff fails to present any allegations that even

10   arguably meet the elements of an IIED claim, and therefore does not meet his burden under the statute.

## IV.    CONCLUSION

12           Regurgitating the unsupported arguments presented in his Response to AMP's Rule 12 Motion to

13   Dismiss, Plaintiff asserts only that "[a] careful review of Plaintiff's FAC will demonstrate that in the

14   course of the 77-page Complaint" Plaintiff makes allegations sufficient to defeat dismissal of his claims

15   against AMP. Plaintiff's Opposition at 18. Yet, just as before, Plaintiff undertakes no review himself,

16   provides this Court with not one citation to his First Amended Complaint in his Opposition, and fails to

17   identify any evidentiary support for his claims. Plaintiff fails entirely to overcome the fact that AMP met

18   its initial burden under the first prong of Nevada's anti-SLAPP analysis. He then fails entirely to meet

19   his own burden under the second prong. Therefore, AMP respectfully requests this Court dismiss

20   Plaintiff's IIED claim against AMP in full and, subject to further briefing should this Court see fit, award

21   AMP its fees and costs incurred in defending against this unsubstantiated attack. Nev. Rev. Stat. §

22   41.670(1)(a). AMP further respectfully requests this Court provide it with an award as appropriate. Nev.

23   Rev. Stat. § 41.670(1)(b).

24   ///

Dated: January 8, 2025

Respectfully submitted,

*Christina A. Jump*
Christina A. Jump (admitted *pro hac vice*)
Email: cjump@clcma.org
Samira Elhosary (admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center
for Muslims in America*
100 N. Central Expy, Suite 1010
Richardson, Texas 75080
Telephone: 972-915-2507

*Counsel for Defendant AJP Educational
Foundation, Inc.*

*\*The Constitutional Law Center for Muslims in
America is the legal division of the Muslim Legal
Fund of America*

Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Defendant AJP Educational
Foundation, Inc.*

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of January, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

_Christina A. Jump_
Christina A. Jump (admitted *pro hac vice*)
Email: cjump@clcma.org
Samira Elhosary (admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center
for Muslims in America*
100 N. Central Expy, Suite 1010
Richardson, Texas 75080
Telephone: 972-915-2507

*Counsel for Defendant AJP Educational Foundation, Inc.*

*\*The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America*

9