UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Corey Gerwaski,<br><br>                      Plaintiff(s),<br><br>vs.<br><br>State of Nevada ex rel. Board of Regents of the Nevada System of Higher Education, et al.,<br><br>                      Defendant(s). | 2:24-cv-00985-APG-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SERVE BY PUBLICATION OR ALTERNATIVE MEANS AND EXTEND TIME FOR SERVICE (ECF No. 27)** |

Plaintiff Corey Gerwaski filed a *Motion to Serve By Publication Or Alternative Means And Extend Time For Service.* ("Motion"). ECF No. 27. The Court GRANTS the motion IN PART. The Court will allow plaintiff until **February 28, 2025** to serve the defendants but denies the request to serve by publication without prejudice since service by publication is a last resort.

**I. LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]

Rule 4(h) states that an

> <u>unincorporated association that is subject to suit under a common name</u>, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

See Fed. R. Civ. P. 4(h). Under Nevada law, unincorporated associations may be served (1) by personal service "on any officer, trustee, director, staff member, or agent of such association," or if all else fails, (2) by publication. See NRCP 4.2(c)(2); 4.4(1)(b).

1  There are several factors courts consider in evaluating a party's due diligence, including the
2  number of attempts made to serve the defendant at his residence and other methods of locating
3  defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev.
4  100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990). Other courts have recognized that considering
5  "due process concerns, service by publication must be allowed '<u>only as a last resort</u>.'" *Hernandez v.*
6  *Russell*, No. 320CV00114MMDCSD, 2022 WL 347552, at *2 (D. Nev. Feb. 4, 2022), citing to *Price*
7  *v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis
8  added; citation and quotation marks omitted). This is because "it is generally recognized that service
9  by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted). District
10 courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v.*
11 *Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may
12 consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit,
13 and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v.*
14 *Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

15 **II. ANALYSIS**

16  Plaintiff argues in his Motion that he has "attempted to locate headquarters for the following
17 organizations: 1) Students for Justice of Palestine-UNLV; 2) National Students for Justice of Palestine;
18 and 3) Nevadans for Palestine Liberation." ECF No. 27 at 2:8-11. Plaintiff states that, despite
19 Plaintiff's "diligent efforts no headquarters for these organizations exist[.]" *Id* at 2:11-12. Plaintiff asks
20 the Court to be allowed to serve these organizations by publication. *Id.* at 2:14. Plaintiff does not
21 provide a due diligence affidavit from any process server, Instead, plaintiff's counsel submits a
22 declaration stating that "Plaintiff has gone through extraordinary measures to locate addresses to
23 serve" the defendants at issue. *See Chattah Declaration at ¶1,* ECF No. 27.
24  Counsel's asserted efforts, however, are vague and undeveloped. Counsel does not articulate
25

or describe her diligence and extraordinary measures taken to identify the agents or service the three unincorporated defendant associations. Counsel states only that she researched the organizations online and could not find any addresses, physical locations, or business licenses. *Id.* at 4. The Court, however, is not provided with a record or summary of the online resources searched, aside from searching the online records of the Nevada Secretary of State.   Counsel also notes in a footnote that one of the organizations, National Students for Justice of Palestine ("NSJP"), evaded service in another case. See Chattah Decl., at ECF No. 27 at 9, n. 2, citing to *Parizer Et Al v AJP Educational Foundation Et Al*, USDC, Eastern District Virginia, Alexandria Division. When the Court reviewed the cited case, however, the docket showed that NSJP is now represented by counsel. Plaintiff's counsel did not indicate whether she attempted to reach out to counsel representing NSJP in that case. Therefore, the Court finds that plaintiff has not been diligent in attempting to serve defendant NSJP.

Regarding the remaining two organizational defendants, Students for Justice of Palestine-University of Nevada, Las Vegas ("SJP-UNLV") and Nevadans for Palestine Liberation ("NPL"), plaintiff's counsel has not shown what attempts she has made to identify individuals or agents involved in these organizations. For example, it is not clear that plaintiff has investigated whether SJP-UNLV is a recognized student organization at UNLV or is connected to NSJP. It is also not clear if plaintiff has investigated NPL, or if NPL even exists as a separate organization from NSLP. Plaintiff's Motion reads like a motion to serve a "John Doe Defendant" by publication, as there is little to nothing in the Motion demonstrating, with sufficient detail, what efforts plaintiff or his counsel made to identify the people who make up these organizations. Plaintiffs may take discovery regarding the identities of does. The Court is concerned that service by publication, based on the limited facts about these organizations in this Motion, would violate the norms of due process.

The Court finds that plaintiff has not shown sufficient diligence in attempting to serve the three organizational defendants. Plaintiff's counsel has not shown that she has investigated other likely

sources of information to locate and serve the defendants prior to seeking the last resort of service by publication. For example, plaintiff has not investigated the identities of agents of these organizations. Plaintiff also fails to show diligence in attempting to serve defendant NSJP's counsel or obtain a waiver of service of process per Rule 4. The Court has broad discretion to permit an extension under Rule 4. The defendants will not be prejudiced by a reasonable extension.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Serve By Publication Or Alternative Means And Extend Time For Service* (ECF No. 27) is GRANTED AND DENIED IN PART.

2. Plaintiff's request to serve the defendant by publication is DENIED WITHOUT PREJUDICE.

3. Plaintiff's October 10, 2024, request for an extension of time to serve the defendants is GRANTED: plaintiff has until **February 28, 2025**, to serve the defendants or seek a further extension consistent with this order.

DATED: January 10, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge