CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1902
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
        jsmith@aclunv.org

*Attorneys for Defendant Students for Justice in Palestine, UNLV*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COREY GERWASKI,<br><br>              Plaintiff,<br><br>    vs.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>              Defendants. | Case No.: 2:24-cv-00985-APG-MDC<br><br>**DEFENDANT STUDENTS FOR JUSTICE IN PALESTINE UNLV'S MOTION TO DISMISS**<br><br>**[ORAL ARGUMENT REQUESTED]** |

[intentionally blank]

I

Defendant Students for Justice in Palestine, University of Nevada, Las Vegas ("Students for Justice in Palestine UNLV" or "SJP UNLV") moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has failed to plead sufficient facts to state his claims against SJP UNLV, and as described in his complaint, Plaintiff's claims against SJP UNLV are barred by the First Amendment.

Dated: March 5, 2025

**ACLU OF NEVADA**

/s/  *Christopher Peterson*
CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
        jsmith@aclunv.org

II

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ............................................................................................... III

TABLE OF AUTHORITIES ......................................................................................... IV

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

   I.     INTRODUCTION .................................................................................................. 1

   II.    FACTS AND PROCEDURAL HISTORY ......................................................... 3

      A.   Factual allegations related to SJP UNLV's conduct ..................................... 3

      B.   Factual allegations related to Plaintiff's injuries or lack thereof. ................ 4

      C.   Procedural posture ......................................................................................... 5

   III.   LEGAL STANDARD ........................................................................................ 5

   IV.   ARGUMENT ..................................................................................................... 6

      A.   Plaintiff's claims against SJP UNLV are barred by the First Amendment. ................. 6

      B.   Plaintiff fails to adequately state a viable claim of intentional infliction of emotional distress against SJP UNLV. ............................................................................................ 9

         1.   Plaintiff does not adequately allege that SJP UNLV's actions were "extreme and outrageous." ........................................................................................................................ 9

         2.   Plaintiff does not adequately allege that SJP UNLV intended to cause or recklessly disregard the possibility of Plaintiff's emotional distress. .................................. 10

         3.   Plaintiff does not adequately allege he suffered severe or extreme emotional distress. ...................................................................................................................... 11

      C.   Plaintiff fails to adequately plead a claim pursuant to 18 USC § 2333(d)(2) of the ATA against SJP UNLV. .......................................................................................................... 12

         1.   Plaintiff failed to adequately plead that he was injured by an act of international terrorism. ............................................................................................................................ 12

         2.   Plaintiff fails to adequately allege that SJP UNLV knowingly aided and abetted any act of international terrorism. ................................................................................... 14

   CONCLUSION .................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). .................................................... 5

*Carey v. Brown*, 447 U.S. 455, 100 S. Ct. 2286 (1980) ........................................................................ 7

*Coleman v. Telles*, No. 2:24-cv-00930-APG-MDC, 2025 U.S. Dist. LEXIS 21413 (D. Nev. Feb. 5, 2025)...................................................................................................................................... 5, 11

*Hale v. NV Prop. 1, LLC*, No. 22-16274, 2024 U.S. App. LEXIS 6389 (9th Cir. Mar. 18, 2024) ..... 9

*Kwan v. SanMedica Int'l*, 854 F.3d 1088 (9th Cir. 2017) ................................................................. 5, 6

Leisrael v. Educ. for A Just Peace in the Middle E., 460 U.S. App. D.C. 490, 66 F.4th 1007 (2023) ................................................................................................................................................ 14

*Miller v. Jones*, 114 Nev. 1291, 970 P.2d 571 (1998)...................................................................... 9, 11

*NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982) .................................................................... 7

*Ortberg v. Goldman Sachs Group*, 64 A.3d 158 (D.C. 2013)............................................................. 10

*Roberts v. United States Jaycees,* 468 U.S. 609, 104 S. Ct. 3244 (1984) ........................................... 7

*Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 115 S. Ct. 2510 (1995) ........... 1

*Snyder v. Phelps*, 562 U.S. 443, 131 S. Ct. 1207 (2011) ............................................................. 6, 7, 8

*Soto v. Infinity Hospice Care*, LLC, No. 2:22-cv-00632- BNW, 2023 U.S. Dist. LEXIS 225263 (D. Nev. Dec. 19, 2023)...................................................................................................................... 11

*Twitter, Inc. v. Taamneh*, 598 U.S. 471, 143 S. Ct. 1206 (2023)................................................. 12, 14

*Westbrook v. DTG Operations, Inc.*, No. 2:05-CV-00789-KJD-PAL, 2007 U.S. Dist. LEXIS 14653, (D. Nev. Feb. 28, 2007)................................................................................................................... 10

**Statutes**

18 USC § 2331(1)................................................................................................................................ 13

18 USC § 2333 ................................................................................................................................... 2, 4

18 USC § 2333(a)............................................................................................................................ 12, 14

18 USC § 2333(d)(2) ................................................................................................ 12, 14

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................II, 5

**Other Authorities**

Nathan J. Brown, *The Polarization of U.S. Campus Protests*, Carnegie Endowment for Internation

   Peace (May 6, 2024) ....................................................................................................... 8

Shibley Telhami, *Is the Israel-Gaza war changing US public attitudes*, Brookings Institute

   (November 2, 2023) ....................................................................................................... 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The "chilling of individual thought and expression," is a danger "especially real in the in the University setting, where the State acts against a background and tradition of thought and experiment that is at the center of our intellectual and philosophic tradition." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 835, 115 S. Ct. 2510, 2520 (1995). If the State discourages a particular viewpoint in such a setting, it "risks the suppression of free speech and creative inquiry in one of the vital centers for the Nation's intellectual life, its college and university campuses." *Id.* Yet that is precisely the Plaintiff's objective in this matter, to weaponize the legal system to have either this Court or his university silence a viewpoint he disagrees with.

Students for Justice in Palestine at the University of Nevada Las Vegas ("SJP UNLV") is a student group at UNLV that advocates against Israel's military actions in Palestine. They organize protests on and off campus and post social media messages criticizing Israel's actions in relation to Palestine. They also petition UNLV administrators to support the Palestinian people by financially divesting from Israel. They have never engaged in violence or vandalism. To their knowledge, they have complied with all university rules and applicable laws while advocating for their beliefs.

Plaintiff, a fellow student at UNLV, clearly disagrees with SJP UNLV's views on the war in Palestine. However, instead of countering with non-violent, lawful advocacy of his own, Plaintiff has sued SJP UNLV under the federal Anti-Terrorism Act ("ATA") and Nevada's common law doctrine of intentional infliction of emotional distress ("IIED"). He bases his claims against SJP UNLV entirely upon the content of the organization's message, and for relief, he seeks to punish SJP UNLV for holding a viewpoint he disagrees with by demanding that this Court ban SJP UNLV from the UNLV campus and order the organization to pay both compensatory and punitive damages. He has also sued UNLV for fulfilling its obligation under the First Amendment to not engage in viewpoint discrimination on a matter of public importance.

Plaintiff's complaint is fatally flawed for multiple reasons. He fails to explain how he was

injured by an act of international terrorism or how SJP UNLV's advocacy aided and abetted such an act as required by the ATA. He fails to establish that SJP UNLV's actions were extreme and outrageous or that he suffered severe and extreme emotional distress as required for an IIED claim. And perhaps most important, Plaintiff's action against SJP UNLV must fail because it seeks to hold SJP UNLV liable solely for that organization's viewpoint on a matter of public importance.

SJP UNLV respectfully requests that this Court dismiss Plaintiff's claims against the organization in their entirety and with prejudice, protecting SJP UNLV's right to publicly advocate its beliefs on a matter of public importance as it is entitled to under the United States Constitution.

## II.    FACTS AND PROCEDURAL HISTORY

SJP UNLV is a Registered Student Organization (RSO) on the UNLV campus. *See* Students for Justice in Palestine, Organizations, UNLV Involvement Center (last visited March 5, 2025), *available at* https://involvementcenter.unlv.edu/organization/sjp. The organization is "a diverse group of activists and organizers dedicated to advancing the cause for Palestinian justice and liberation by organizing community activities, educational events, and advocacy actions to build awareness, solidarity, and a network of community organizers." *Id.* Its constitution, contact information, faculty advisor, and student point of contact can be found on UNLV's website. *Id.* (the student point of contact information is available under "Full Roster").

Plaintiff brings two claims against SJP UNLV pursuant to 18 USC § 2333 of the ATA and Nevada's common law doctrine of intentional infliction of emotional distress. First Amended Complaint, at ¶¶ 249–266, 363–368. ECF No. 6 (August 9, 2024) ("Amend. Compl.") To support these claims, Plaintiff makes wide-ranging accusations against multiple parties. *See generally id.* Parsing through those accusations, Plaintiff offers the following factual allegations against SJP UNLV. *Id.*

**A.  Factual allegations related to SJP UNLV's conduct**

In his complaint, Plaintiff repeatedly infers that SJP UNLV is part of a broad conspiracy working on behalf of the terrorist organization Hamas to "wreak havoc" at university campuses across the country. *See*, *e.g.*, *id.* at ¶ 34 ("AMP controls NSJP and uses it to operate a propaganda machine for Hamas and its affiliates across American college campuses to influence, wreak havoc and intimidate Jewish students on university campuses across the Nation."). However, Plaintiff's allegations regarding what SJP UNLV in fact did are narrower.

Plaintiff alleges that SJP UNLV's constitution calls for a one state solution with that state being under Palestinian control. *Id.* ¶ 33. It is Plaintiff's opinion that this statement demonstrates SJP UNLV's "genocidal intent" but does not allege that SJP UNLV directly advocates for violence in its constitution. *Id.*

Plaintiff alleges that SJP UNLV has posted on social media. Among the posts cited in Plaintiff's complaint are advertisements for protests on UNLV's campus, descriptions of SJP UNLV's mission as an organization, statements related to that mission such as "UNLV you will see Palestine will be free," and an announcement about a National Students for Justice in Palestine ("NSJP") program "Popular University for Gaza Campaign". *Id.* ¶¶ 42, 59, 102, 186. Other posts from SJP UNLV included in Plaintiff's complaint petition UNLV to financially divest from Israel and called for economic boycotts to support Palestine. *Id.* ¶¶ 97, 101, 114, 189, 192, 198. None of SJP UNLV's posts cited by Plaintiff advocate for violence or refer to Hamas.

Beyond the social media posts, Plaintiff alleges that SJP UNLV coordinated off and on campus protests with other local advocacy groups including Nevadans for Palestinian Liberation, the Fifth Sun Project, and Red Desert Collective. *Id.* ¶¶ 73–74. Plaintiff does not allege that Hamas contacted SJP UNLV or vice versa; rather Plaintiff alleges that SJP UNLV "takes instruction" from the National Students for Justice in Palestine ("NSJP") to engage in "antisemitic protests" on UNLV's

3

campus. *Id.* ¶ 75. Plaintiff alleges that SJP UNLV has "incorporated" local advocacy groups to "join 'the resistance'" and insinuates that this "resistance" is violent, but he does not allege that SJP UNLV engaged in any violent activity. *Id.* ¶¶ 78–79. Instead, Plaintiff alleges that SJP UNLV organized actions where protesters chanted the phrases "From the river to the sea, Palestine will be free" and "Long live the intifada", which Plaintiff considers to be rhetoric espousing violence against Israel. *Id.* ¶ 191.

Finally, Plaintiff alleges that SJP UNLV met in press with UNLV's president to petition for the university to financially divest from Israel and discuss the safety of people participating in the organization's protests. *Id.* ¶¶ 194–95. Plaintiff does not allege that SJP UNLV threatened, harassed, or otherwise acted inappropriately while meeting with the president. Instead, he expresses anger that the UNLV's president would meet with SJP UNLV at all and that the SJP UNLV should expect to protest safely considering their message. *Id.* at ¶¶ 194, 196.

Plaintiff does not allege he ever contacted SJP UNLV or vice versa, witnessed the organization's protests, viewed its social media, or otherwise interacted with SJP UNLV in any way. *See generally id*. According to his complaint, the only protest group Plaintiff interacted with was "Nevada Palestine Liberation". *Id.* ¶¶ 245–246. Nowhere in his complaint does Plaintiff allege that SJP UNLV took any action, lawful or otherwise, prior to October 7, 2023, let alone that the organization aided Hamas in its attack on that day. *See generally id.*

**B. Factual allegations related to Plaintiff's injuries or lack thereof.**

In describing his claim pursuant to 18 USC § 2333 of the ATA, Plaintiff states he "has been injured in their persons [sic] because of Hamas's acts of international terrorism" but otherwise does not describe his injury or how it relates to a specific act of international terrorism committed by Hamas. *Id.* ¶ 265. The October 7, 2023, attack on Israel by Hamas is the only specific act of terrorism described in Plaintiff's complaint. *Id.* ¶¶ 153–54. He does not claim that he has a personal connection

to that attack. *See generally id.*

In describing his claim for intentional infliction of emotional distress, Plaintiff claims to suffer "severe and extreme emotional distress manifested as great humiliation, embarrassment, shame, and other pain." *Id.* ¶ 365. He does not provide any other information to clarify why those emotions qualify as severe and extreme emotional distress such as physical symptoms, related medical treatment, or a psychiatric diagnosis.

### C. Procedural posture

Plaintiff filed this action on May 26, 2024. ECF No. 1. This Court issued summonses on May 28, 2024. ECF No. 4. Plaintiff amended his complaint on August 9, 2024. ECF No. 6. Plaintiff served SJP UNLV the summons and First Amended Complaint on February 12, 2025. ECF No. 48. SJP UNLV now files this timely motion to dismiss.

## III.    LEGAL STANDARD

To avoid dismissal pursuant to Rule 12(b)(6), a plaintiff must make sufficient factual allegations to establish a plausible entitlement to belief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955 (2007). "In assessing whether a party has stated a claim upon which relief can be granted, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). "[C]onclusory allegations of law and unwarranted inferences, however, are insufficient to avoid dismissal." *Id*. As such "allegations must amount to 'more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action.'" *Coleman v. Telles*, No. 2:24-cv-00930-APG-MDC, 2025 U.S. Dist. LEXIS 21413, at *3 (D. Nev. Feb. 5, 2025) (quoting *Bell Atl. Corp.*, 550 U.S. at 556).

After separating out any well-plead factual allegations from plaintiff's legal conclusions and unwarranted inferences, the Court must then determine "whether [the factual allegations] plausibly

give rise to an entitlement to relief." *Kwan*, 854 F.3d at 1096. "This plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully"; rather "[a] claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.    ARGUMENT

Plaintiff raises claims against SJP UNLV under the ATA and Nevada's IIED doctrine. Both of Plaintiff's claims are barred by the First Amendment as they are premised on the content of SJP UNLV's speech on a matter of public interest. Plaintiff's IIED claim must be dismissed because Plaintiff fails to establish that he suffered extreme and severe emotional distress, that SJP UNLV actions were extreme or outrageous, or that SJP UNLV intended to cause Plaintiff distress. Finally, Plaintiff's ATA claim must be dismissed because he fails to adequately allege an injury caused by an act of international terrorism or that SJP UNLV aided and abetted such an act.

### A.  Plaintiff's claims against SJP UNLV are barred by the First Amendment.

The First Amendment can serve as a defense in tort suits; whether the Free Speech Clause shields a defendant "turns largely on whether [the defendant's] speech is of public or private concern." *Snyder v. Phelps*, 562 U.S. 443, 451, 131 S. Ct. 1207, 1215 (2011).

As the Supreme Court observed in *Snyder v. Phelps*, "[t]he First Amendment reflects a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." 562 U.S. at 452. Because "speech concerning public affairs [. . .] is the essence of self-government," it "occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection." *Id.* (quotation omitted). "Speech deals with matters of public concern," and so entitled to special protection, "when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Id.* at 453

(quotations omitted). Whether expressive conduct is "inappropriate or controversial [. . .] is irrelevant to the question whether it deals with a matter of public concern." *Id.* If a plaintiff seeks to hold a defendant liable for the content of speech related to a matter public concern rather than that "of purely private significance," the plaintiff's claims are barred by the First Amendment. *Id.*, 56 U.S. at 460–61 (barring the plaintiff's claims of intentional infliction of emotional distress and civil conspiracy as they were based entirely upon content of the defendant's speech related to a matter of public concern).

Plaintiff's claims against SJP UNLV are premised exclusively upon SJP UNLV's speech about the war in Palestine. Plaintiff claims he has been harmed by (1) non-violent protests organized by SJP UNLV on and off campus advocating a pro Palestine position related to that war, (2) SJP UNLV's association with other advocacy groups to protest Israel's actions during the war, (3) SJP UNLV's petitions to a state-run university to divest from Israel due to that country's actions during the war, and (4) SJP UNLV's social media posts criticizing the war and calling for economic boycotts. These are activities entitled to the strongest protections under the First Amendment. *Carey v. Brown*, 447 U.S. 455, 466-67, 100 S. Ct. 2286, 2293 (1980) ("Public-issue picketing, an exercise of . . . basic constitutional rights in their most pristine and classic form, has always rested on the highest rung of the hierarchy of First Amendment values." (ellipsis in the original)); *Roberts v. United States Jaycees*, 468 U.S. 609, 622, 104 S. Ct. 3244, 3252 (1984) ("[W]e have long understood as implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends."); *NAACP v. Claiborne Hardward Co.*, 458 U.S. 886, 911 (1982) (finding "[t]he established elements of speech, assembly, association, and petition" inseparable from the right to organize a non-violent economic boycott to serve a political purpose).

SJP UNLV engaged in all these activities in relation to a matter of public concern as all were about the war in Gaza. Plaintiff cannot meaningfully dispute that the war in Gaza is a matter of public

concern, dividing the American public, impacting American politics, and filling American news coverage. *See, e.g.*, Shibley Telhami, *Is the Israel-Gaza war changing US public attitudes*, Brookings Institute (November 2, 2023) (discussing the American public's response to Israel's intervention in Gaza and the potential impact on the 2024 presidential election), available at https://www.brookings.edu/articles/is-the-israel-gaza-war-changing-us-public-attitudes/; Nathan J. Brown, *The Polarization of U.S. Campus Protests*, Carnegie Endowment for Internation Peace (May 6, 2024) (discussing the protests over Israeli's actions in Gaza and public response to those protests), available at https://carnegieendowment.org/emissary/2024/05/the-polarization-of-us-campus-protests?lang=en. In fact, his own claims depend on it, with his complaint emphasizing widespread protests across the country related to the conflict. *See* Amend. Cmpl. ¶ 113 (alleging that protests related to the conflict "erupted across American cities").

And Plaintiff cannot dispute that his claims against SJP UNLV are based entirely upon the organization's views on to the Palestinian conflict. *See Snyder*, 562 U.S. at 457 (emphasizing that "that any distress occasioned by [the defendant]'s picketing turned on the content and viewpoint of the message conveyed" in determining that the First Amendment barred plaintiff's claims). Plaintiff's claims are based upon the content of SJP UNLV's message, specifically that the message's viewpoint is antisemitic and, by advocating against Israel's actions in Gaza, assists Hamas. After all, if SJP UNLV engaged in the exact same conduct (i.e. organizing protests, petitioning UNLV, and calling for boycotts) in favor of Israel rather than Palestine, Plaintiff would not be asking this Court to ban SJP UNLV from campus or demanding damages. *See Snyder*, 562 U.S. at 457 (considering whether an uncontroversial message conveyed by the defendant in the same manner would have resulted in liability in determining whether claims were content based).

As currently pled, Plaintiff seeks to hold SJP UNLV liable solely due to SJP UNLV's viewpoint on a matter of public concern. As the First Amendment bars such actions, Plaintiff's claims

against SJP UNLV must be dismissed.

**B.  Plaintiff fails to adequately state a viable claim of intentional infliction of emotional distress against SJP UNLV.**

"In order to prevail in an IIED claim, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 114 Nev. 1291, 1299-300, 970 P.2d 571, 577 (1998). Here Plaintiff has failed to plead factual allegations giving rise to entitlement for an IIED claim. First, Plaintiff failed to plead sufficient facts establishing SJP UNLV engaged in "extreme or outrageous" behavior; all actions ascribed to SJP UNLV in the complaint are typical, legal First Amendment activities that occur in public across the country. Second, Plaintiff failed to plead any facts establishing that SJP UNLV intended to cause him emotional distress or recklessly disregard the possibility that its actions would cause him distress, especially since Plaintiff offers no facts that he ever came into direct contact with SJP UNLV or its messaging. Finally, Plaintiff failed to plead facts establishing he suffered extreme or severe emotional distress because he has only alleged general emotional discomfort.

**1.  Plaintiff does not adequately allege that SJP UNLV's actions were "extreme and outrageous."**

An "IIED [claim] requires a showing of conduct that no reasonable person could be expected to endure." *Hale v. NV Prop. 1, LLC*, No. 22-16274, 2024 U.S. App. LEXIS 6389, at *3 (9th Cir. Mar. 18, 2024). "IIED liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.*

Plaintiff alleges that SJP UNLV called for economic boycotts via social media and nonviolent protests, petitioned a state-run university to financially divest from a foreign country due to that country's military action, and organized protests with other advocacy groups on and off campus

where people chanted "From the River to the Sea" and "Long live the intifada." However, Plaintiff does not accuse SJP UNLV of violating any restrictions imposed by UNLV on SJP UNLV's expressive activities or engaging in vandalism or violence. Political advocacy, even on controversial topics, conducted in a peaceful manner in public spaces cannot be considered "extreme and outrageous" without banning this protected activity entirely from public view. *See Ortberg v. Goldman Sachs Group*, 64 A.3d 158, 163–64 (D.C. 2013) (in the context of an IIED claim, determining that protests consisting of "chanting slogans and vague threats" performed on public streets are "part and parcel of the frictions and irritations and clashing of temperaments incident to participation in a community life, especially life in a society that recognizes a right to public political protest."). Without more, Plaintiff has failed to plead any "extreme or outrageous" conduct on the part of SJP UNLV.

### 2. Plaintiff does not adequately allege that SJP UNLV intended to cause or recklessly disregard the possibility of Plaintiff's emotional distress.

A plaintiff raising an IIED claim must establish that "the defendant either intended to cause the plaintiff emotional distress or demonstrated reckless disregard for the probability of causing emotional distress." *Westbrook v. DTG Operations, Inc*., No. 2:05-CV-00789-KJD-PAL, 2007 U.S. Dist. LEXIS 14653, at *20 (D. Nev. Feb. 28, 2007).

Plaintiff has not alleged that SJP UNLV intended to cause him emotional distress. Plaintiff has not alleged that he ever came into contact with SJP UNLV or that SJP UNLV directed any of its actions towards him. Plaintiff does not even allege that he actually observed any of SJP UNLV's social media posts or witnessed any of their protests. There is simply nothing in Plaintiff's complaint to support a claim that SJP UNLV subjectively intended to cause Plaintiff emotional distress.

Plaintiff has also not sufficiently alleged that SJP UNLV recklessly disregarded the probability of causing him distress. Setting aside that Plaintiff has only accused SJP UNLV of nonviolent political advocacy, Plaintiff has not even claimed that SJP UNLV was aware of his

existence prior to this suit. As SJP UNLV was unaware of Plaintiff during the relevant time period in the complaint, SJP UNLV could not have been aware that its actions would potentially, let alone probably, distress him.

### 3. Plaintiff does not adequately allege he suffered severe or extreme emotional distress.

To establish that he suffered severe or extreme emotional distress, a plaintiff must offer "objectively verifiable indicia of the severity of his emotional distress." *See Miller v. Jones*, 114 Nev. at 1300, 970 P.2d at 577. "Conclusory allegations of 'shock' and extreme anxiety, sleeplessness, depression, nausea, pain, illness, and discomfort are not enough to meet the standard of severe or extreme emotional distress." *Soto v. Infinity Hospice Care*, LLC, No. 2:22-cv-00632- BNW, 2023 U.S. Dist. LEXIS 225263, at *10 (D. Nev. Dec. 19, 2023). Rather, "[t]he stress must be so severe and of such intensity that no reasonable person could be expected to endure it." *Id.* Merely "citing a list of physical symptoms" without providing "facts that show these symptoms were of such intensity that no reasonable person could be expected to endure such stress" is insufficient. *Id.*

Additionally, "in cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of a physical impact, proof of serious emotional distress causing physical injury or illness must be presented." *Coleman*, No. 2:24-cv-00930-APG-MDC, 2025 U.S. Dist. LEXIS 21413, at *6-7. "The physical impact requirement may not be satisfied by pleading general physical or emotional discomfort." *Id.* (quotation omitted).

In describing his alleged harm, Plaintiff has only plead that he suffered "great humiliation, embarrassment, shame, and other pain and suffering." Amend. Cmpl. ¶ 365. These are only general statements of emotional discomfort and are insufficient to establish severe or extreme emotional distress. As Plaintiff pled no facts alleging objective indicia of severe and extreme emotional distress such as changes of behavior or medical treatment related to these feelings, he has inadequately pled

an injury remediable by an IIED claim.

### C. Plaintiff fails to adequately plead a claim pursuant to 18 USC § 2333(d)(2) of the ATA against SJP UNLV.

To hold SJP UNLV liable pursuant to 18 USC § 2333(d)(2) of the ATA, Plaintiff must first show that he has a basis to bring an action pursuant to 18 USC § 2333(a), i.e. that he suffered an injury caused by an act of international terrorism. *See Twitter, Inc. v. Taamneh*, 598 U.S. 471, 483, 143 S. Ct. 1206, 1218 (2023) ("*[T]hose injured by an act of international terrorism* can sue the relevant terrorists directly under § 2333(a)—or they can sue anyone "who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism" under § 2333(d)(2)." (emphasis added)). Then he must establish that SJP UNLV "aided and abetted" that specific act of terrorism by knowingly providing substantial assistance to the terrorist organization that carried out the act. *See id.* at 495 (determining that "a defendant must have aided and abetted (by knowingly providing substantial assistance) another person in the commission of the actionable wrong—here, *an act of international terrorism*" to be held liable under § 2333(d)(2). (emphasis added)). Plaintiff has not adequately pled either part of his claim.

### 1. Plaintiff failed to adequately plead that he was injured by an act of international terrorism.

Before asserting a claim under 18 USC § 2333(d)(2), a plaintiff must satisfy the prerequisites of 18 USC § 2333(a) by identifying an act of international terrorism and then pleading sufficient allegations to establishing that act injured his "person, property, or business." 18 USC § 2333(d)(2) (authorizing secondary liability "[i]n an action under [18 USC § 2333(a)] for an injury arising from an act of international terrorism."); *See Taamneh*, 598 U.S. at 483 ("those injured by an act of international terrorism can sue [. . .]").

Not every action undertaken by an entity designated as a terrorist organization is an "act of

international terrorism"; rather such acts are defined by 18 USC § 2331(1). Such an act necessarily (1) involves violence, (2) violates "the criminal laws of the United States or any State", (3) is made with the intent to intimidate or coerce a government or civilian population, and (4) "occurs primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished." 18 USC § 2331(1).

Plaintiff first fails in that he has not pled a cognizable injury to his "person, property, or business," let alone one caused an act of international terrorism. The only personal "injury" he has pled is a slew of negative emotions due to the allegedly hostile environment on UNLV's campus. *See* Amend. Cmpl. ¶ 365 (listing Plaintiff's negative emotions such as "great humiliation" and "shame")**.** However, strong emotions in themselves are insufficient to establish a cognizable injury. *See*, *supra*, Section IV.B.3 (discussing Plaintiff's failure to assert a cognizable injury for his alleged emotional distress).

The Plaintiff has also failed to identify an act of international terrorism that has directly caused him harm. The October 7, 2023, attack by Hamas against Israel is the only act referenced in Plaintiff's complaint could potentially qualify as an "act of international terrorism". *See* Amend. Cmpl. ¶¶ 153–54 (discussing Hamas's attack on October 7, 2023). However, though he repeatedly references the October 7th attack in his complaint, Plaintiff never alleges the October 7th attack injured his "person, property, or business." *See generally id.* Rather, Plaintiff only alleges he was injured by non-violent activities occurring exclusively within the United States such as political advocacy he disagrees with and adverse employment decisions. *See, e.g. id.* ¶¶ 365 (alleging that Plaintiff's emotional distress stemmed from the Defendants' actions, not terrorist activity by Hamas). These actions are, by definition, not acts of international terrorism.

As Plaintiff has failed to satisfy the requirements set forth in 18 USC § 2333(a), he is barred from holding anyone liable under 18 USC § 2333(d)(2).

**2. Plaintiff fails to adequately allege that SJP UNLV knowingly aided and abetted any act of international terrorism.**

Even if a plaintiff establishes that he was injured by an act of international terrorism as required by 18 USC §2333(a), 18 USC § 2333(d)(2) still requires the plaintiff to also show that the defendants "aided and abetted the act of international terrorism that injured [him]." *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 497, 143 S. Ct. 1206, 1225 (2023). Furthermore, to satisfy the "aiding and abetting" requirement, plaintiff must show that the defendant was "generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance" and "knowingly and substantially assist[ed] the principal violation." Leisrael v. Educ. for A Just Peace in the Middle E., 460 U.S. App. D.C. 490, 499, 66 F.4th 1007, 1016 (2023).

The only potential act of international terrorism identified in Plaintiff's complaint occurred on October 7, 2023, before any of the alleged actions taken by SJP UNLV in Plaintiff's complaint. SJP UNLV's protests, petitions, and social media posts cited in Plaintiff's complaint were all a response to Israel's military actions in Gaza following the October 7th attack. As such, Plaintiff fails to identify any action SJP UNLV took to aid and abet the sole act of international terrorism identified in his complaint.

Plaintiff also fails to adequately plead SJP UNLV knowingly supported Hamas in doing anything, act of terrorism or otherwise. Setting aside his unsupported conclusions, Plaintiff has pled no facts establishing any communication between SJP UNLV and Hamas or vice versa. As laid out in Plaintiff's factual allegations, the only relevant organizations that SJP UNLV had contact with either in person or via social media during the relevant period were (1) NSJP, (2) UNLV administration, and (3) protest organizations located here in Nevada. While Plaintiff makes broad claims that all Defendants are "aware" that their actions support Hamas based upon statements Plaintiff attributes to NSJP, *see*, *e.g.* Amend. Cmpl. ¶¶ 259, he offers no concrete allegations, in the

14

form of communications, transactions, or even statements by SJP UNLV, to support the conclusion that SJP UNLV knowingly worked on Hamas's behalf. Instead, Plaintiff appears to suggest that SJP UNLV's political advocacy criticizing and challenging Israel's military action, the very content of SJP UNLV's protected speech, is unlawful because somehow assists Hamas. This cannot be sufficient to establish a claim under the ATA against SJP UNLV; to find otherwise would place the ATA in direct conflict with the First Amendment.

Plaintiff fails to offer any facts that SJP UNLV undertook any action to aid and abet an act of international terrorism. He also fails to offer concrete factual allegations that SJP UNLV knowingly had any connection at all to Hamas. For these reasons, among others, his ATA claim against SJP UNLV must be dismissed.

## CONCLUSION

Plaintiff has not pled sufficient factual allegations to support either of his claims against SJP UNLV. Plaintiff has not identified an act of international terrorism that has caused him harm, nor has he alleged that SJP UNLV aided and abetted such an act. Plaintiff has failed to plead factual allegations necessary to show that SJP UNLV engaged in extreme and outrageous conduct, it intended to cause him emotional distress, or that he actually suffered severe and extreme emotional distress, which are all necessary to assert a valid claim for intentional infliction of emotional distress.

While these reasons are by themselves sufficient to justify dismissing Plaintiff's claims, it is perhaps most important to recognize that Plaintiff's action against SJP UNLV must be dismissed because it is unconstitutional. Plaintiff asks this Court to punish SJP UNLV because SJP UNLV has spoken out about a matter of public concern. The war in Gaza has killed thousands of people and has polarized the American public; Plaintiff and SJP UNLV clearly sit at opposing poles. Plaintiff now sues SJP UNLV not because SJP UNLV has advocated in a way that violates the law but because Plaintiff finds SJP UNLV's message itself repugnant. To ensure open and public dialogue and debate

1    about issues that are important but controversial, the First Amendment necessarily bans such efforts.

2    Defendant SJP UNLV respectfully requests that this Court dismiss all of Plaintiff's claims against it

3    with prejudice.

4                                              **ACLU OF NEVADA**

5                                              /s/  *Christopher Peterson*
                                               CHRISTOPHER M. PETERSON, ESQ.
                                               Nevada Bar No.: 13932
6                                              JACOB T. S. VALENTINE, ESQ
                                               Nevada Bar No.: 16324
7                                              AMERICAN CIVIL LIBERTIES
                                               UNION OF NEVADA
8                                              4362 W. Cheyenne Ave.
                                               North Las Vegas, NV 89032
9                                              Telephone: (702) 366-1226
                                               Facsimile: (702) 718-3213
10                                             Emails: peterson@aclunv.org
                                                             jsmith@aclunv.org

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **Defendant Students for Justice in Palestine UNLV's Motion to Dismiss** with the Clerk of the Court for the United States District Court of Nevada by using the court's CM/ECF system on March 5, 2025. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished on all participants by:

☒    CM/ECF

☐    Electronic mail; or

☐    US Mail or Carrier Service

*/s/ Suzanne Lara*
An employee of ACLU of Nevada

17