CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
         jsmith@aclunv.org

*Attorneys for Defendant Students for Justice in Palestine, UNLV*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COREY GERWASKI,<br><br>                    Plaintiff,<br><br>          vs.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>                    Defendants. | Case No.: 2:24-cv-00985-APG-MDC<br><br>**DEFENDANT STUDENTS FOR JUSTICE IN PALESTINE UNLV'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**[ORAL ARGUMENT REQUESTED]** |

[Space intentionally left blank]

Defendant Students for Justice in Palestine ("SJP UNLV") offers this reply is support of their motion to dismiss (ECF No. 51) and in response to Plaintiff's opposition (ECF No. 53). In his reply, Plaintiff fails to address how he has adequately pled his claims against SJP UNLV or why the First Amendment does not bar his claims. As Plaintiff has not offered any proposed amendments to his complaint, any amendment would be futile, and this matter should be denied with prejudice.

Dated: March 26, 2025

          **ACLU OF NEVADA**

          /s/  *Christopher Peterson*
          CHRISTOPHER M. PETERSON, ESQ.
          Nevada Bar No.: 13932
          JACOB T. S. VALENTINE, ESQ
          Nevada Bar No.: 16324
          AMERICAN CIVIL LIBERTIES
          UNION OF NEVADA
          4362 W. Cheyenne Ave.
          North Las Vegas, NV 89032
          Telephone: (702) 366-1226
          Facsimile: (702) 718-3213
          Emails: peterson@aclunv.org
                 jsmith@aclunv.org

1

# TABLE OF CONTENTS

2    TABLE OF CONTENTS...................................................................................................... 3

3    TABLE OF AUTHORITIES.............................................................................................. 4

4    **I.    Plaintiff fails to explain how he satisfies all requirements for an IIED claim.** ................. 5

5    **II.    Plaintiff fails to explain how he has satisfied all requirements for his ATA claim.** ........ 6

6    **III.    Plaintiff fails to explain why the First Amendment does not bar his claims.** .................. 7

7    **IV.    Plaintiff erroneously seeks to hold liable SJP UNLV for other people's actions.** ........... 9

8    **V.    Plaintiff should not be granted leave to amend his complaint.** ....................................... 11

9    CONCLUSION .................................................................................................................. 12

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# TABLE OF AUTHORITIES

**Cases**

*Coleman v. Telles*, No. 2:24-cv-00930-APG-MDC, 2025 U.S. Dist. LEXIS 21413, (D. Nev. Feb. 5, 2025)............................................................................................................................ 2

*Hale v. NV Prop. 1*, LLC, No. 22-16274, 2024 U.S. App. LEXIS 6389 (9th Cir. Mar. 18, 2024)..... 1

*Holder v. Humanitarian Law Project*, 561 U.S. 1, 130 S. Ct. 2705 (2010)........................................ 4

*Jackson v. Bank of Haw.*, 902 F.2d 1385 (9th Cir. 1990) ................................................................ 8

*Packingham v. North Carolina,* 582 U.S. 98, 137 S. Ct. 1730 (2017)............................................. 5

**Statutes**

18 USC § 2333(a).............................................................................................................................. 3

18 USC § 2333(d)(2).......................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 15(a)........................................................................................................................ 11

Fed. R. Civ. P. 15(a)(1)(B)(2) ........................................................................................................ 11

Local Rule 15–1(a).......................................................................................................................... 11

**Other Authorities**

Amirka McKee & Chris Mendell, *Students 'will be identified and subjected to disciplinary action' for re-pitching 'Gaza Solidarity Encampment' tents, Columbia spokesperson says*, Columbia Spectator (April 21, 2024), available at https://www.columbiaspectator.com/news/2024/04/21/students-will-be-identified-and-subjected-to-disciplinary-action-for-re-pitching-gaza-solidarity-encampment-tents-spokesperson-says/...... 6

Jaweed Kaleem, *UCLA suspends Students for Justice in Palestine after vandalism at the UC regent's home*, Los Angeles Times (February 12, 2025), available at https://www.latimes.com/california/story/2025-02-12/ucla-suspends-students-for-justice-in-palestine-jay-sures-protest....................................................................................................... 7

Kyla Guilfoil, *Brown University suspends its chapter of pro-Palestinian student group*, NBC News (October 28, 2024), available at https://www.nbcnews.com/news/us-news/brown-university-suspends-chapter-students-justice-palestine-rcna177653. ............................................................ 6

Val Smith, *An Update on the Protest in Parrish*, Swathmore University (February 20, 2025), available at https://www.swarthmore.edu/presidents-office/update-protest-parrish-hall-0. .......... 6

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    Defendant SJP UNLV offers the additional following points and authorities to support its

3    motion to dismiss and rebut Plaintiff's opposition. As discussed below, Plaintiff fails to address SJP

4    UNLV's arguments that he has inadequately pled his intentional infliction of emotional distress

5    ("IIED") claim under Nevada law and his claim pursuant to the Anti-Terrorism Act ("ATA") under

6    federal law. He misconstrues Holder and otherwise fails to explain why SJP UNLV's actions, which

7    he acknowledges would require strict scrutiny to restrict, are not protected by the First Amendment.

8    Finally, he repeatedly and misleadingly attempts to ascribe the alleged misconduct of other parties to

9    SJP UNLV without explaining why SJP UNLV should be liable for the actions of these third parties.

10    As Plaintiff does not explain what, if any, amendments he might make to salvage his

11    complaint, he should be denied leave to amend and his claims denied with prejudice.

12    **I.    Plaintiff fails to explain how he satisfies all requirements for an IIED claim.**

13    In his opposition to SJP UNLV's motion to dismiss, Plaintiff fails to identify any action

14    undertaken by SJP UNLV that qualifies as "extreme and outrageous" or any allegations in his

15    complaint establishing that SJP UNLV intended to harm him or that he suffered a cognizable injury.

16    As previously observed in SJP UNLV's Motion to Dismiss, "IIED liability does not extend

17    to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."  Defendant

18    Students for Justice in Palestine UNLV's Motion to Dismiss ("Def. SJP UNLV's Mot. to Dismiss"),

19    ECF No. 51 at 9:19–21 (quoting *Hale v. NV Prop. 1*, LLC, No. 22-16274, 2024 U.S. App. LEXIS

20    6389, at *3 (9th Cir. Mar. 18, 2024)). In arguing that SJP UNLV engaged in "extreme and outrageous"

21    behavior, Plaintiff points to a single social media post stating in part that "The Zionist presence on

22    our campus can't go unchecked." Plaintiff Opposition to Motion to Dismiss ("Pl. Opp."), ECF No.

23    53 at 17:14–17. Plaintiff claims this post advocates for harming Jewish students and interrupting

24    lectures, but as seen in Plaintiff's own complaint, the post in its entirety only states that the students

25

of SJP UNLV oppose spending their tuition money on speakers they disagree with. *Compare* Pl. Opp. at 17:17–19 *with* Plaintiff First Amended Complaint ("Pl. Amend. Cmpl.") at ¶ 97. As reasonable people perusing social media should be expected to endure political posts on the internet, even on controversial topics, plaintiff has failed to allege that SJP UNLV engaged in any extreme and outrageous behavior.

Plaintiff makes even less effort to explain how he has adequately pled intent or injury as required for IIED. Plaintiff simply fails to discuss whether SJP UNLV intended to harm him. Plaintiff does not deny SJP UNLV's observation that it never had contact with him prior to this action. Plaintiff also does not clarify whether he ever encountered SJP UNLV's social media posts or protests prior to the action. As for injury, Plaintiff does not identify any allegations in his pleading asserting an injury remediable under an IIED claim. Instead, he states that he "specifically delineates that he not only suffered emotion distress but also that he suffered great humiliation, embarrassment, shame, and other pain and suffering." As stated before in the SJP UNLV's motion, general statements of emotional discomfort, such as these, are insufficient to establish an IIED claim. Def. SJP UNLV's Mot. to Dismiss at 11:18–20 (quoting *Coleman v. Telles*, No. 2:24-cv-00930-APG-MDC, 2025 U.S. Dist. LEXIS 21413, at *6–7 (D. Nev. Feb. 5, 2025)). In sum, Plaintiff has failed to rebut SJP UNLV's argument that he has failed to state a IIED claim.

## II.    Plaintiff fails to explain how he has satisfied all requirements for his ATA claim.

Plaintiff clearly misconstrues what he must establish to raise a claim under the ATA. Plaintiff appears to believe that because Hamas is a terrorist organization who previously carried out an act of international terrorism, any act that assists Hamas can give rise to a claim under the ATA if the plaintiff is also harmed by that assisting act. *See* Pl. Opp. at 20:13–20 (suggesting Plaintiff's claims are entirely predicated on acts occurring on UNLV's campus, not Hamas's international acts of terrorism). Plaintiff's interpretation conflicts with both the plain language of § 2333 and its related

jurisprudence. A person may not seek secondary liability pursuant to 18 USC § 2333(d) unless they are authorized to seek primary liability pursuant to 18 USC § 2333(a), and 18 USC § 2333(a) is limited to people who have been harmed by a particular act of terrorism. *See* 18 USC § 2333(d)(2) (authorizing secondary liability "[i]n an action under [18 USC § 2333(a)] for an injury arising from an act of international terrorism."); *see also* Def. SJP UNLV's Mot. to Dismiss at 12:16–13:5. If Plaintiff was not injured by the October 7, 2023, attack, he must identify another act of terrorism that injured him. He did not do so in his complaint, and he did not do so in his opposition.

In addition to failing to allege a qualifying injury, Plaintiff fails to offer facts, rather than conjecture, to connect SJP UNLV to Hamas. In his reply Plaintiff uses multiple unattributed quotes to claim that SJP UNLV promoted "globalizing the intifada" and "declared it is 'PART of' Hamas and under its 'unified command'," but as seen in Plaintiff's own complaint, none of these snippets are attributable to SJP UNLV. *Compare* Pl. Opp. at 8:6–8, 17:11–14 (implicitly attributing quotes to SJP UNLV) *with* Pl. Amend. Cmpl. at ¶ 42, 80 (identifying quotes as coming from NSJP social media and toolkit). He states that "every action by Hamas, is equally mirrored and reciprocated with a call to action at UNLV", Pl. Opp. at 22:3–7, but he offers only one alleged example in his reply where protests were held in the United States at the same time as in Gaza. Pl. Opp. at 21:25–22:2 (discussing a protest that occurred on October 12, 2023). Plaintiff also fails to identify a particular act of terrorism that this protest assisted. *Id.* Plaintiff's conspiratorial claims that Hamas is directing or coordinating with SJP UNLV are simply not supported by the facts offered and insufficient to establish that SJP UNLV knowingly aided and abetted a terrorist organization.

**III.    Plaintiff fails to explain why the First Amendment does not bar his claims.**

Plaintiff admits that "because SJP is within a class to which [the University Campus] is made generally available, restrictions on SJP's speech are subject to strict scrutiny," Pl. Opp. at 14:4–6, which conflicts with his arguments that SJP UNLV's actions are not entitled to First Amendment

7

protection. In his efforts to argue to the contrary, Plaintiff errs in his analysis of *Holder v. Humanitarian Law Project*, whether SJP UNLV's activities occurred in a public forum, and the applicability of UNLV's code of conduct to SJP UNLV.

First, *Holder* explicitly rejected Plaintiff's position that all activities that assist terrorist organizations are unprotected under the First Amendment. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 27, 130 S. Ct. 2705, 2723 (2010) ("The Government is wrong that the only thing actually at issue in this litigation is conduct [. . .] § 2339B regulates speech on the basis of its content."). Rather *Holder* hinged on whether a restriction on "a narrow category of speech" providing material support to terrorist organizations "under the direction of, or in coordination with foreign groups that the speaker knows to be a terrorist organization," could survive First Amendment scrutiny. *Id.* at 26. Government prohibition on specialized trainings on international dispute resolution and petitioning international bodies for relief provided to directly to terrorist organizations survived such scrutiny. *Id.*, 561 U.S. at 36–37. *Holder* determined that these trainings could be regulated because they freed up resources for terrorist organizations to use on violent activities. *Id.* By comparison, Plaintiff makes no such analysis here, not even going so far as to theorize how SJP UNLV's student protests somehow freed up resources for a terrorist organization on the other side of the planet. Perhaps more important to this matter, *Holder* also made clear that its ruling "in no way suggest[ed] that a regulation of independent speech would pass constitutional muster, even if the Government were to show that such speech benefits foreign terrorist organizations." *Id.* at 561 U.S. at 37–39. Even if this Court accepts Plaintiff's conjecture that SJP UNLV's expressive activities somehow benefitted Hamas, *Holder* still recognizes that SJP UNLV's activities are protected under the First Amendment as independent advocacy.

Second, while Plaintiff goes on about limited public forums, he fails to identify what speech by SJP UNLV, if any, fell within a limited public forum. SJP UNLV's statements made via social

media were posted publicly on the internet, which is a traditional public forum. *See Packingham v. North Carolina,* 582 U.S. 98, 137 S. Ct. 1730, 104 & 108 (2017) (recognizing "cyberspace" as public forum and social media as protected under the First Amendment). SJP UNLV's off campus protests took place on public sidewalks and in public parks, also traditional public forums. *Id.* at 104 ("A basic rule, for example, is that a street or a park is a quintessential forum for the exercise of First Amendment rights."). To the extent that SJP UNLV's on-campus protests took place in limited public forums, SJP UNLV engaged in the protests and on-campus speech with UNLV's permission; this permission is in fact the basis for Plaintiff's claims against the university. Pl. Amend. Cmpl. at ¶ 35, 61, 188 (alleging that UNLV allowed SJP UNLV and other organizations to protest on campus).

Plaintiff makes other half-finished arguments related to the First Amendment which are unpersuasive as they are incoherent. He cites *Brandenburg v. Ohio*, 395 U.S. 444 (1969), but does not identify any specific statements made by SJP UNLV that would be restricted under that precedent's test. Pl. Opp. at 13:13–25. Plaintiff claims that SJP UNLV violated UNLV's code of conduct without offering any facts establishing that UNLV found SJP UNLV in violation of the code or even the code's relevance to First Amendment precedent. Pl. Opp. at 15:26–17:8.

SJP UNLV actions at issue, including protesting, social media posting, and petitioning related to an issue of public importance, are expressive activities entitled to First Amendment protection barring Plaintiff's claims.

**IV.    Plaintiff erroneously seeks to hold liable SJP UNLV for other people's actions.**

Without explaining its connection to his claims against SJP UNLV, Plaintiff spends multiple pages talking about reported lawbreaking and bans occurring at other universities around the country related to incidents that did not involve SJP UNLV. Pl. Opp. at 5:1–7:2, 20:10–13. Plaintiff attempts to attribute quotes to SJP UNLV that the organization did not make. *Compare* Pl. Opp. at 8:6–8, 17:11–14 (implicitly attributing quotes to SJP UNLV related to "globalizing the intifada" and being

"PART OF" a broader movement that Plaintiff claims include Hamas) *with* Pl. Amend. Cmpl. at ¶ 42, 80 (identifying quotes as coming from NSJP social media and toolkit). Plaintiff even tries to blame SJP UNLV for a lecture that was interrupted on UNLV's campus, which he does not allege in his complaint, by citing to a social media post that does not acknowledge any SJP UNLV involvement in the incident. *Compare* Pl. Opp. at 8:14 – 26 (blaming SJP UNLV for interrupting Professor Peer's lecture) *with* Pl. Amend. Cmpl. at ¶ 17:7–18:4 (discussing the interruption without any reference to SJP UNLV or any other defendant).

NSJP and SJP UNLV are not the same organization, and SJP UNLV does not control NSJP's actions. Pl. Amend. Cmpl. at ¶ 15–16 (recognizing that SJP UNLV and NSJP are distinct entities). SJP UNLV is not the same entity as other student organizations located at other universities in other states, and SJP UNLV has no control over those organization's actions. SJP UNLV is responsible for its own actions. That said, digging deeper into what happened at other schools referenced by Plaintiff only illustrates how careful SJP UNLV has been while engaging in its advocacy.

The student organization banned at Swathmore took over a school building and refused to leave.[1] The student organization banned at Columbia University set up an encampment on university property without the university's permission.[2] The student organization banned at Brown University banged on vehicles and blocked traffic during a protest.[3] The student organization banned at

---

[1] Val Smith, *An Update on the Protest in Parrish*, Swathmore University (February 20, 2025), available at https://www.swarthmore.edu/presidents-office/update-protest-parrish-hall-0.

[2] Amirka McKee & Chris Mendell, *Students 'will be identified and subjected to disciplinary action' for re-pitching 'Gaza Solidarity Encampment' tents, Columbia spokesperson says*, Columbia Spectator (April 21, 2024), available at https://www.columbiaspectator.com/news/2024/04/21/students-will-be-identified-and-subjected-to-disciplinary-action-for-re-pitching-gaza-solidarity-encampment-tents-spokesperson-says/

[3] Kyla Guilfoil, *Brown University suspends its chapter of pro-Palestinian student group*, NBC News (October 28, 2024), available at https://www.nbcnews.com/news/us-news/brown-university-suspends-chapter-students-justice-palestine-rcna177653.

University of California, Los Angeles, vandalized a university regent's home.[4] By comparison, SJP UNLV has not occupied, encamped, obstructed, or vandalized; it has only lawfully protested and petitioned, complying with all directives from UNLV for its on campus activities and avoiding all property damage and violence.

SJP UNLV cannot be held liable for what has happened at other universities, even if Plaintiff wishes otherwise. Parsing out actions taken by SJP UNLV as described in Plaintiff's complaint versus those actions attributable to other parties, Plaintiff has failed to state a claim against SJP UNLV, and his claims violate SJP UNLV's rights under the First Amendment.

**V.      Plaintiff should not be granted leave to amend his complaint.**

Once a plaintiff is served a responsive pleading and 21 days pass, he "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). While a "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(1)(B)(2), "leave to amend is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoted by *Taylor v. Hiromichi Kobayashi*, No. 22-16017, 2023 U.S. App. LEXIS 5518, at *4 (9th Cir. Mar. 8, 2023)(unpublished)). "A trial court may deny such a motion if permitting an amendment would [. . .] result in futility for lack of merit." *Jackson*, 902 F.2d at 1387.

In moving for the opportunity to amend, Plaintiff has not provided a proposed amendment for review. *See* Local Rule 15–1(a) ("Unless the court orders otherwise, the moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."). He has not explained in his opposition what, if any, additional factual allegations he could make to

---

[4] Jaweed Kaleem, *UCLA suspends Students for Justice in Palestine after vandalism at the UC regent's home*, Los Angeles Times (February 12, 2025), available at https://www.latimes.com/california/story/2025-02-12/ucla-suspends-students-for-justice-in-palestine-jay-sures-protest. The University of California is also the only school referenced in Plaintiff's reply that would have been required to comply with the First Amendment as all the others are private institutions.

save his claims against SJP UNLV. *See Taylor*, 2023 U.S. App. LEXIS 5518, at *4 (finding that trial court properly denied leave to amend when party "failed to set forth any facts [. . .] which they could add to save their complaint."). After receiving multiple responsive pleadings from multiple defendants in this matter, Plaintiff has had plenty of time to mull over what, if any, additional facts he could muster to support his claims. As he fails to offer in seeking a grant to amend, this Court should find the requested amendment futile and dismiss with prejudice.

**CONCLUSION**

For the aforementioned reasons, Defendant SJP UNLV respectfully requests that this Court dismiss all of Plaintiff's claims with prejudice.

Dated: March 26, 2025

**ACLU OF NEVADA**

/s/  *Christopher Peterson*
CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
          jsmith@aclunv.org

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **Defendant Students for Justice in Palestine UNLV's Reply in Support of Motion to Dismiss** with the Clerk of the Court for the United States District Court of Nevada by using the court's CM/ECF system on March 26, 2025. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished on all participants by:

☒    CM/ECF

☐    Electronic mail; or

☐    US Mail or Carrier Service

*/s/ Suzanne Lara*
An employee of ACLU of Nevada

13