Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Attorneys for Dr. Hatem Bazian*

Christina A. Jump **(pending *pro hac vice* approval)**
Email: cjump@clcma.org
Samira S. Elhosary **(pending *pro hac vice* aprroval)**
Email: selhosary@clcma.org
Constitutional Law Center for Muslims in America*
100 N. Central Expy, Ste. 1010
Richardson, Texas 75080
Telephone: 972-915-2507
*Attorneys for Dr. Hatem Bazian.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COREY GERWASKI,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>        Defendants. | Case No. 2:24-cv-00985- APG-MDC<br><br><br>**DR. HATEM BAZIAN'S MOTION TO QUASH OR STRIKE IMPROPER SERVICE** |

*The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America.

1    Dr. Hatem Bazian ("Dr. Bazian") by and through his counsel, respectfully requests this Court

2    exercise its inherent authority to quash or strike service (ECF No. 49) for failure to properly serve a party

3    pursuant to Fed. R. Civ. P. 4(e)(1) and 4(e)(2)(C) and award him attorneys' fees and costs related to

4    bringing this Motion.

5

6                                                   Respectfully submitted,

7    Dated: March 27, 2025

8

9                                                   /s/ Margaret A. McLetchie
                                                    Margaret A. McLetchie (NV Bar No. 10931)
10                                                  Email: maggie@nvlitigation.com
                                                    Leo S. Wolpert (NV Bar No. 12658)
11                                                  Email: leo@nvlitigation.com
                                                    McLetchie Law
12                                                  602 S. 10th St.
                                                    Las Vegas, NV 89101
13                                                  Telephone: 702-728-5300
                                                    Local Counsel for Dr. Hatem Bazian
14
                                                    Christina A. Jump
15                                                  (pending pro hac vice approval)
                                                    Email: cjump@clcma.org
16                                                  Samira Elhosary
                                                    (pending pro hac vice aprpoval)
17                                                  Email: selhosary@clcma.org
                                                    Constitutional Law Center
18                                                  for Muslims in America*
                                                    100 N. Central Expy, Suite 1010
19                                                  Richardson, Texas 75080
                                                    Telephone: 972-915-2507
20
                                                    Counsel for Dr. Hatem Bazian
21
                                                    *The Constitutional Law Center for Muslims in
22                                                  America is the legal division of the Muslim Legal
                                                    Fund of America
23

24

                                                    1

1

2

3                          **UNITED STATES DISTRICT COURT**

4                                **DISTRICT OF NEVADA**

5    COREY GERWASKI,                          Case No. 2:24-cv-00985- APG-MDC

6              Plaintiff,

7              v.

     STATE OF NEVADA, ex rel. BOARD
8    OF REGENTS of the NEVADA
     SYSTEM OF HIGHER EDUCATION,
9    on behalf of the UNIVERSITY OF           **MEMORANDUM OF POINTS AND**
     NEVADA, LAS VEGAS; KEITH                 **AUTHORITIES IN SUPPORT OF**
10   WHITFIELD, individually; AJP             **DR. HATEM BAZIAN'S MOTION TO QUASH**
     EDUCATIONAL FOUNDATION, INC.,            **OR STRIKE IMPROPER SERVICE**
11   a California Non-Profit Corporation;
     STUDENTS FOR JUSTICE OF
12   PALESTINE-UNLV; NATIONAL
     STUDENTS FOR JUSTICE OF
13   PALESTINE; NEVADANS FOR
     PALESTINIAN LIBERATION;
14   DOES I-XX and ROE entities I-XX,

15             Defendants.

16

17

18

19

20

21

22

23

24

                                          2

## I.     <u>INTRODUCTION</u>

Rather than serve Defendant National Students for Justice in Palestine ("NSJP"), Plaintiff served Dr. Hatem Bazian ("Dr. Bazian"). Dr. Bazian is not a party to this action. And no law designates him to receive service for NSJP.  Dr. Bazian is a professor and lecturer at the University of California, Berkeley. His academic focus incudes Arab and Arab American studies, colonialism and post-colonial studies, and Islamophobia studies. Though Dr. Bazian has been involved in the creation of many organizations over the years, including AJP Educational Foundation, Inc., a Defendant in this case, AMP, as well as the first accredited Muslim undergraduate college in the U.S., Zaytuna College, Dr. Bazian did not create the organization known as National Students for Justice in Palestine ("NSJP"), nor any Students for Justice in Palestine ("SJP") chapter. Dr. Bazian has never held any role with NSJP or any SJP chapter. Despite this, Plaintiff served Dr. Bazian as a representative of NSJP (ECF No. 49). Even when Dr. Bazian's counsel provided Plaintiff's counsel with evidence that Dr. Bazian is not, and never has been, affiliated with NSJP, Plaintiff did not withdraw the proof of service he filed. Dr. Bazian therefore moves to strike the Proof of Service Plaintiff filed listing him as the individual served on behalf of NSJP.

## II.     <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff filed this case on May 26, 2024, and amended his complaint on August 9, 2024. ECF Nos. 1 and 6. Plaintiff moved on October 10, 2024 for an extension of time to serve, among others, NSJP, and for leave to serve by publication. ECF No. 27. This Court granted Plaintiff's motion for extension to serve NSJP until February 28, 2025, but denied the request to serve by publication. ECF No. 47. On February 23, 2025, Plaintiff served Dr. Bazian at his home with a summons for NSJP. ECF No. 49. Counsel for Dr. Bazian promptly contacted Plaintiff's counsel and informed them that Dr. Bazian is not a representative of NSJP. *See* Exhibit A, Communication between counsel at 2. Plaintiff's counsel informed Dr. Bazian's counsel that she would move forward filing the proof of service on Dr. Bazian, and did so on that day. Exhibit A at 2; ECF No. 49. Dr. Bazian's counsel subsequently sent Plaintiff's

counsel the attached Declaration from Dr. Bazian, attesting that he has no relationship to NSJP. Exhibit A at 1. Plaintiff's counsel still has not withdrawn the proof of service so this Motion follows.

Plaintiff cannot meet his burden set forth below and this Motion should be granted.

### III.    ARGUMENT

**A.    Legal Standard**

Fed. R. Civ. P. 4(e)(1) and 4(e)(2)(C) required Plaintiff to either follow state law governing service or deliver a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process." Plaintiff has the burden to establish service was proper. *Robinson v. Circa Resorts LLC*, No. 2:21-cv-01646-ART-BNW, 2022 U.S. Dist. LEXIS 213424, at *4-5 (D. Nev. Nov. 28, 2022) (citation omitted). Where service is improper, the Court may quash service. *See Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) (the district court has discretion to dismiss an action or to quash service). Alternatively, a court may strike documents pursuant to this Court's "inherent authority to manage its docket and discretion to strike improper documents from the record," *Dahar v. Pennymac Loan Servs., LLC*, Case No. 2:23-cv-01020-CDS-MDC, 2024 U.S. Dist. LEXIS 112200, at *3-4 (June 25, 2024).

Further, the Court has authority to make clear where a person does not fall within the jurisdiction of the Court.

**B.    Service on Dr. Bazian is Invalid**

Plaintiff's service on Dr. Bazian is invalid because he has no affiliation with NSJP and no statute or rule designates him to receive service for NSJP. Dr. Bazian is not the founder of NSJP or any Students for Justice in Palestine ("SJP") chapter anywhere in the country. *See* Exhibit B, Declaration of Dr. Hatem Bazian, at ¶¶ 9-10; *see also* Arno Rosenfeld, *The secret history and uncertain future of Students for Justice in Palestine*, Forward (Dec. 20, 2023), https://forward.com/news/574014/students-for-justice-in-palestine-history-operations-network-national-sjp/ (identifying a bookseller currently living in Jordan

1    as the founder of the first organization known as SJP at University of California, Berkeley). Dr. Bazian

2    has not served in any leadership position with NSJP or any SJP chapter. *See* Exhibit B at ¶¶ 15-16.

3    Further, neither the Federal Rules of Civil Procedure, nor the Local Rules of this Court, nor the Nevada

4    Rules of Civil Procedure, nor any federal or Nevada statute designate Dr. Bazian as a proper person to

5    serve for NSJP. *See, e.g.,* Nev. R. Civ. P. 4.2(c)(2) (dictating that a one may serve a foreign entity through

6    "any officer, director, partner, member, manager, trustee, or agent… located within this state"). Plaintiff's

7    service on Dr. Bazian fails to hail Dr. Bazian or NSJP into this Court. Therefore, the service should be

8    quashed or stricken pursuant to the authority above.

9    **C.    This Court Has No Jurisdiction Over Dr. Bazian in this Matter**

10     This Court has no personal jurisdiction over Dr. Bazian in this matter because he is not subject to

11   general jurisdiction in the state of Nevada, nor does Plaintiff identify any of Dr. Bazian's contacts with

12   the state of Nevada  that could establish this Court's jurisdiction. Dr. Bazian lives and works in California,

13   and so is not subject to the general personal jurisdiction of this Court. *See* Exhibit B at ¶ 17; *See Bristol-*

14   *Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (reiterating that the forum for general

15   personal jurisdiction over an individual is that individual's domicile). Further, he is not subject to specific

16   personal jurisdiction in Nevada, as he does not have sufficient relevant contacts to establish specific

17   personal jurisdiction. *Id.* (emphasizing that the suit must arise out of or relate to the defendant's contacts

18   with the forum). Plaintiff pleads no facts about Dr. Bazian's contacts with Nevada, and certainly none

19   sufficient to vest this Court with jurisdiction. *See generally Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316

20   (1945) (explaining that due process requires plaintiffs to show minimum contacts with the forum "such

21   that the maintenance of the suit does not offend notions of fair play and substantial justice").

22   **IV.    CONCLUSION**

23     Plaintiff's counsel decided to serve Dr. Bazian as a representative of NSJP and file that Proof of

24   Service with this Court. Plaintiff served Dr. Bazian on February 23, and his counsel communicated with

Plaintiff's counsel on February 24, leaving four days for Plaintiff to serve an appropriate individual for NSJP prior to the deadline, and Plaintiff failed to do so. In an effort to avoid any legal implications in his personal capacity, Dr. Bazian respectfully requests that this Court quash or strike the improper service.

                                          Respectfully submitted,

Dated: March 27, 2025


                                          */s/ Margaret A. McLetchie*
                                          Margaret A. McLetchie (NV Bar No. 10931)
                                          Email: maggie@nvlitigation.com
                                          Leo S. Wolpert (NV Bar No. 12658)
                                          Email: leo@nvlitigation.com
                                          McLetchie Law
                                          602 S. 10th St.
                                          Las Vegas, NV 89101
                                          Telephone: 702-728-5300
                                          *Counsel for Dr. Hatem Bazian*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on March 27, 2025, he caused the foregoing to be served by electronically filing with the Clerk of the Court for the District of Nevada using the CM/ECF system, and thereby serving by e-mail notification upon counsel for all parties of record.

*Leo S. Wolpert*
Leo S. Wolpert
Employee of MCLETCHIE LAW
