CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T.S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1902
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
        jsmith@aclunv.org

*Attorneys for Defendant Students for Justice in Palestine, UNLV*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>　　　　　Defendants. | Case No.: 2:24-cv-00985<br><br>**DEFENDANT STUDENTS FOR JUSTICE IN PALESTINE – UNLV'S REPLY IN SUPPORT OF SPECIAL MOTION TO DISMISS PURSUANT TO NRS 41.660**<br><br>**[ORAL ARGUMENT REQUESTED]** |

[REMAINDER LEFT INTENTIONALLY BLANK]

i

Defendant Students for Justice in Palestine, University of Nevada, Las Vegas ("Students for Justice in Palestine – UNLV" or "SJP UNLV") submits this reply in support of its Special Motion to Dismiss Pursuant to NRS 41.660 (ECF No. 61) and in response to Plaintiff's Opposition (ECF No. 65).

Dated: May 2, 2025

**ACLU OF NEVADA**

/s/  *Christopher Peterson*
CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
       jsmith@aclunv.org

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ......................................................................................................... iii

**TABLE OF AUTHORITIES** ................................................................................................... iv

**MEMORANDUM OF POINTS AND AUTHORITIES** ......................................................... 1

    I.    SJP UNLV may seek relief under Nevada's Anti-SLAPP provisions to address Plaintiff's IIED claim made pursuant to state law. .............................................. 1

    II.   SJP UNLV has satisfied its burden under NRS 41.660(3)(a). ............................. 2

        A.    Plaintiff has based his IIED claim on SJP UNLV's protected communications. ........ 2

        B.    Plaintiff fails to demonstrate that SJP UNLV made any communications that were false and were made with knowledge of falsity. .............................. 3

        C.    Plaintiff's unsupported allegations related to Hamas are irrelevant to SJP UNLV's evidentiary burden under NRS 41.660(3)(a). ..................................................... 4

    III.  Plaintiff has not demonstrated a probability of success on his IIED claim with *prima facie* evidence. ............................................................................................. 6

    IV.  Plaintiff improperly attributes the actions of other parties to SJP UNLV. ....................... 7

    V.   Plaintiff offers no basis for leave to amend his complaint. ................................. 8

**CONCLUSION** ........................................................................................................................ 10

**CERTIFICATE OF SERVICE** ............................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Anderson Bus. Advisors, Ltd. Liab. Co. v. Foley*, 540 P.3d 1055 (Nev. 2023) (unpublished) ........ 8, 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................ 6

*Doe v. Gangland Prods.*, 730 F.3d 946 (9th Cir. 2013) ...................................................................... 8

*Jackson v. Bank of Haw.*, 902 F.2d 1385 (9th Cir. 1990) ................................................................ 11

*Restaino v. Bah (In re Bah)*, 321 B.R. 41 (B.A.P. 9th Cir. 2005) ...................................................... 4

*Strugala v. Flagstar Bank*, *FSB*, 839 F. App'x 69 (9th Cir. 2020) .................................................... 7

*Taylor v. Hiromichi Kobayashi*, No. 22-16017, 2023 U.S. App. LEXIS 5518 (9th Cir. Mar. 8, 2023) ............................................................................................................................................... 11

*Underwood v. O'Reilly Automotive Enters., LLC*, 342 F.R.D. 338 (D. Nev. 2022) ........................ 11

*Walker v. Intelli-Heart Servs.,* No. 3:18-cv-00132-MMD-CBC, 2020 U.S. Dist. LEXIS 37005 (D. Nev. Mar. 4, 2020) ......................................................................................................................... 4

**Statutes**

18 U.S.C. § 2333(d) ............................................................................................................................ 6

18 U.S.C. § 2339B .............................................................................................................................. 6

NRS 41.637 ............................................................................................................................ 5, 6, 7, 8

NRS 41.650 ......................................................................................................................................... 4

NRS 41.660 ......................................................................................................................................... 4

NRS 41.660(3)(a) ..................................................................................................................... 5, 8, 12

NRS 41.660(3)(b) ......................................................................................................................... 9, 12

NRS 41.670 ....................................................................................................................................... 12

**Rules**

Fed R. Civ. Pro. 12(b)(6) ................................................................................................................ 4, 5

Fed. R. Civ. P. 15(a) ........................................................................................................................ 10

Fed. R. Civ. P. 15(a)(1)(B)(2) .......................................................................................................... 10

LR 15–1(a) ........................................................................................................................................ 11

# MEMORANDUM OF POINTS AND AUTHORITIES

SJP UNLV offers the following points and authorities in support of its Special Motion to Dismiss Pursuant to NRS 41.660 and in response to Plaintiff's opposition.

**I.   SJP UNLV may seek relief under Nevada's Anti-SLAPP provisions to address Plaintiff's IIED claim made pursuant to state law.**

"Anti-SLAPP statutes are available to litigants in federal court." *Walker v. Intelli-Heart Servs.*, No. 3:18-cv-00132-MMD-CBC, 2020 U.S. Dist. LEXIS 37005, at *7 (D. Nev. Mar. 4, 2020). When a matter involves causes of action under both federal and state law, Anti-SLAPP statutes are inapplicable to the federal claims but are still applicable to the state law claims. *See Restaino v. Bah (In re Bah)*, 321 B.R. 41, 46 (B.A.P. 9th Cir. 2005) (determining that anti-SLAPP statutes may not be applied to federal causes of action but "application of the anti-SLAPP statute to pendent state law claims is appropriate."). Plaintiff asserts a claim alleging Intentional Infliction of Emotional Distress (IIED) under state law against SJP UNLV, granting SJP UNLV the right to seek relief pursuant to Nevada's Anti-SLAPP provisions. NRS 41.650 ("A person who engages in a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern is immune from *any civil action for claims based upon the communication*."(emphasis added)). To the extent that Plaintiff argues that his inclusion of a federal claim against SJP UNLV bars SJP UNLV from seeking relief pursuant to Nevada's Anti-SLAPP laws, this is incorrect. *See* Plaintiff Opposition to Students for Justice in Palestine-UNLV's Special Motion to Dismiss Pursuant to Nev. Rev. Stat § 41.660 ("Pl. Opp. Special Mot."), ECF No. 65 at 4: 6–8 ("SJP-UNLV's Motion is futile because Plaintiff's claims against SJP-UNLV are in violation of 18 U.S.C. § 2339B."). SJP UNLV can and does target Plaintiff's IIED state law claim for dismissal and penalties under Nevada's Anti-SLAPP laws.[1]

---

[1] By comparison, Federal Rule of Civil Procedure 12(b)(6) applies to all of Plaintiff's claims against

1

## II. SJP UNLV has satisfied its burden under NRS 41.660(3)(a).

SJP UNLV has satisfied the burden imposed by NRS 41.660(3)(a) to show that the Plaintiff asserted a state law claim based on SJP UNLV's "good faith communications in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern" as defined by NRS 41.637. Plaintiff fails to contradict the evidence offered by SJP UNLV to satisfy this burden.

### A. Plaintiff has based his IIED claim on SJP UNLV's protected communications.

Plaintiff has based his IIED claims on SJP UNLV's social media posts, protests, and petitions to UNLV. Plaintiff offers multiple theories to contradict the obvious, but these theories are legally suspect, lack cogent legal analysis, and are contradicted by Plaintiff's own Complaint.

Plaintiff claims that he has not based his IIED claim on SJP UNLV's communications because his claim is supposedly based on SJP UNLV's "material support for Hamas." Pl. Opp. Special Mot. at 3:19–20. Plaintiff does not describe this "support" in his opposition, but it is clear from Plaintiff's Complaint that this alleged "support" is SJP UNLV's social media posts, protests, and petition to President Whitfield. Plaintiff First Amended Complaint (ECF No. 6) ("Amend. Cmpl.") at ¶¶ 42, 59, 97, 101, 102, 114, 186, 192, 198 (social media posts); ¶¶ 73–75, 191 (protests); ¶¶ 194–96 (petition to President Whitfield). As discussed in SJP UNLV's Anti-SLAPP motion, these communications constitute protected communications as defined by NRS 41.637. Defendant Students for Justice in Palestine UNLV's Special Motion to Dismiss Pursuant to NRS 41.660 ("Def. SJP UNLV's Special Mot. to Dismiss"), ECF No. 61 at 10:18–14:14.

---

SJP UNLV. As stated previously in its motion, SJP UNLV motion to dismiss pursuant to NRS 41.660 is addition its motion to dismiss filed pursuant to Rule 12(b)(6) seeking to dismiss Plaintiff's state and federal claims. *See* Defendant Students for Justice in Palestine UNLV's Motion to Dismiss ("Def. SJP UNLV's Mot. to Dismiss"), ECF No. 51. In brief, this motion seeks to dismissal and related relief in connection to Plaintiff's IIED claim while SJP UNLV's motion filed on March 5, 2025, seeks to have all of Plaintiff's claims against SJP UNLV dismissed.

Plaintiff also argues that his IIED claim cannot be subject to an Anti-SLAPP motion because the claim is not based on SJP UNLV's communications but rather a violation of 18 U.S.C. § 2339B. Pl. Opp. Special Mot. at 10:22–24. This legalistic theory is unavailing. First, Plaintiff never references 18 U.S.C. § 2339B, 18 U.S.C. § 2333(d), or any other federal law in his IIED claim, *see* Amend. Cmpl. at ¶¶ 363 – 68 (Plaintiff's Ninth Claim for Relief), or indicate anywhere in his Complaint that he has limited his IIED claim to the contours of his other, federal law based claim against SJP UNLV. *See generally id.* Second, even if Plaintiff limited his IIED claim exclusively to his contours of his 18 U.S.C. § 2333(d) claim, that claim is also based on SJP UNLV's protected communications (i.e. SJP UNLV's social media posts, protests, and petition to President Whitfield). *See id.* at ¶ 249–266 (incorporating all allegations in the complaint into Plaintiff's 18 U.S.C. § 2333(d) claim and describing SJP UNLV's communications as "services" for Hamas serving as basis for liability). If Plaintiff is arguing his IIED claim is based on the same factual allegations as his 18 U.S.C. § 2333(d) claim, he is necessarily basing his IIED claim on SJP UNLV's protected communications.

Finally, Plaintiff claims that "SJP-UNLV failed to demonstrate the comments at issue fall into one of the four categories of protected communications enumerated in NRS 41.637." Pl. Opp. Special Mot. at 10:24–26. However, Plaintiff does not provide any explanation as to how he reaches this conclusion. In fact, he does not discuss any of the specific communications at issue at any point in his opposition or identify any relevant actions undertaken by SJP UNLV that were unaccounted for in SJP UNLV's Anti-SLAPP motion.

### B. Plaintiff fails to demonstrate that SJP UNLV made any communications that were false and were made with knowledge of falsity.

Plaintiff does not offer any evidence to contradict SJP UNLV's sworn declarations stating that all the communications at issue were either truthful or made without knowledge of falsehood. Plaintiff cannot rely on the assertion in his complaint "that Defendant made these statements with actual knowledge of falsity," Pl. Opp. Special Mot. at 7:22 – 24, because that assertion is a legal

3

conclusion couched as a factual allegation, which Plaintiff readily acknowledges "the court is not required to accept as true." *Id.* at 7:10 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see Strugala v. Flagstar Bank*, *FSB*, 839 F. App'x 69 (9th Cir. 2020) (finding that a plaintiff's assertion that defendant had "knowledge of falsity" was a legal conclusion when the plaintiff failed to offer sufficient facts in support of that conclusion). More generally, Plaintiff cannot rely on statements in his complaint, even if verified, to challenge the veracity of SJP UNLV's sworn declarations in the context of an Anti-SLAPP motion. *Anderson Bus. Advisors, Ltd. Liab. Co. v. Foley*, 540 P.3d 1055 (Nev. 2023) (unpublished) (plaintiff may not rely on allegations in his complaint to respond to satisfy his evidentiary burden in an Anti-SLAPP contest, even if verified). And perhaps most damning, Plaintiff fails to explain how *any* of SJP UNLV's statements could ever be considered false; as discussed in SJP UNLV's motion, most (if not all) of SJP UNLV's statements were opinions and so were incapable of being false under law. Def. SJP UNLV's Special Mot. to Dismiss at 13:15–14:14.

### C. Plaintiff's unsupported allegations related to Hamas are irrelevant to SJP UNLV's evidentiary burden under NRS 41.660(3)(a).

Plaintiff's theory that SJP UNLV works with or on behalf of Hamas is baseless. He offers nothing to contradict SJP UNLV's President Alexa Hayden when she says that SJP UNLV has never had contact with or advocated for Hamas. Def. SJP UNLV's Special Mot. to Dismiss, Declaration of Alexa Hayden, ECF No. 61–1 at ¶¶ 14–16. Instead Plaintiff claims that because SJP UNLV has been in contact with NSJP and is aware of the toolkit referenced in his Complaint, the organization "knowingly participated in materially supporting a terrorist organization." Pl. Opp. Special Mot. at 12:14–18. Plaintiff has offered no evidence that the toolkit at issue is connected to Hamas, NSJP is connected to Hamas, or that SJP UNLV is aware of any such connections if they exist. Under Plaintiff's theory, anyone who has ever looked at NSJP's social media and subsequently protested against Israel would be subject to liability, which is an absurd proposition. Plaintiff has plenty of evidence that SJP UNLV lawfully protests Israel's military actions in Gaza; he offers nothing other

than his paranoia to prove that SJP UNLV did so at the behest of or in concert with Hamas.

Plaintiff also fails to explain how his Hamas conspiracy theory is relevant in determining whether SJP UNLV's communications are protected as defined by NRS 41.637. To the extent Plaintiff believes that SJP UNLV cannot satisfy its burden under NRS 41.660(3)(a) due to a violation of federal law, *see* Pl. Opp. Special Mot. at 4: 6–8, he misunderstands the first prong of the Anti-SLAPP analysis. "To determine whether a defendant has met its initial burden [in bringing an Anti-SLAPP motion], a court does not evaluate whether defendant's conduct was lawful or unlawful." *Doe v. Gangland Prods.*, 730 F.3d 946, 954 (9th Cir. 2013). "Instead, any claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise *and* support in the second step of the analysis when the plaintiff bears the burden to show a probability of prevailing." *Id.* (quotes omitted, emphasis in the original). While Plaintiff fails to provide any evidence that SJP UNLV's communications violated federal law, such a showing is also irrelevant in determining whether SJP UNLV has satisfied its initial burden.

In turn, Plaintiff's Hamas conspiracy theory is irrelevant in evaluating SJP UNLV's communications in relation to NRS 41.637. Plaintiff's Hamas allegations do not contradict SJP UNLV's position that the war in Gaza is an issue of public interest, or that the organization's communications via protests and social media were made in public places. Plaintiff's Hamas allegations are irrelevant in determining whether President Whitfield was a government employee or whether SJP UNLV communicated with Whitfield to procure government action. Plaintiff's Hamas allegations do not establish that SJP UNLV's communications with President Whitfield did anything other than provide the President with information about matters reasonably of concern to UNLV.

Through the sworn declarations filed in support of its motion, SJP UNLV has proven by preponderance of the evidence that Plaintiff based his IIED claim on communications entitled to protection under Nevada's Anti-SLAPP laws and so has satisfied its obligations under NRS

5

41.660(3)(a).

### III. Plaintiff has not demonstrated a probability of success on his IIED claim with *prima facie* evidence.

Once a defendant satisfies their initial burden under NRS 41.660(3)(a), the plaintiff is obligated to offer *prima facie* evidence establishing a probability of prevailing on his claim. NRS 41.660(3)(b). "Because the plaintiff must support [his] claim with evidence, [he] cannot rely only on [his] own pleading, even if verified." *Anderson Bus. Advisors, Ltd. Liab. Co. v. Foley*, 540 P.3d 1055 (Nev. 2023) (unpublished). "The plaintiff fails [his] burden if [he] does not analyze the evidence or tie the evidence to any element of any cause of action alleged in [his] complaint." *Id.*

Plaintiff fails to identify and offer evidence of any physical symptom, medical treatment, or other fact that establishes that his humiliation, embarrassment, shame, "and other pain and suffering" arise to the level of severe or extreme emotional distress. Pl. Opp. Special Mot. at 13:11–17. Plaintiff fails to explain how SJP UNLV could have intended to harm him if the organization never encountered him or even knew he existed, and he offers no evidence to that effect. *Id.* He fails to explain how social media posting, protests, and petitioning government officials are in themselves extreme or outrageous other than to characterize these activities as "vile, oppressive, and malicious." *Id.* He declares that he has "sufficiently pled in his Complaint" the elements of an IIED claim, but simply pointing to that Complaint, which he has not even verified, is insufficient to establish a *prima facie* case. *Id.* He proclaims that SJP UNLV's communications violate federal antiterrorism laws supposedly underpinning his IIED claim, but again, he offers nothing to prove these salacious allegations. *See* Pl. Opp. Special Mot. at 3:8–12 ("[A]ll of Mr. Gerwaski's claims (including the IIED claim at issue here) rest upon the Defendants' egregious and shocking conduct, including, but not limited to, SJP-UNLV's violation of 18 U.S.C. § 2339B [. . .]"). Brazen with his accusations, Plaintiff now has nothing to offer when tasked with providing the bare minimum of evidence.

As Plaintiff's IIED claim cannot succeed on its face and he has made no attempt to satisfy his

6

evidentiary burden under NRS 41.660(3)(b), Plaintiff has failed to adequately respond to SJP UNLV's Anti-SLAPP motion, and SJP UNLV is entitled to relief.

### IV.   Plaintiff improperly attributes the actions of other parties to SJP UNLV.

Plaintiff implicitly attributes the alleged actions of other Defendants and parties to SJP UNLV. Plaintiff spends his "Statement of Facts" complaining about his employment with UNLV, failed classes as a UNLV student, discrimination while participating in student government, being ignored by UNLV President Whitfield and the UNLV Administration, and being insulted by a protest group that was not SJP UNLV. Pl. Opp. Special Mot. at 4:17–6:19. While making the broad claim that SJP UNLV is "a proxy platform for Hamas," Plaintiff fails to identify any specific activity undertaken by SJP UNLV warranting a reference in his Statement. *Id.*

Second, without citation to page, paragraph, or line, Plaintiff claims in his opposition that "SJP-UNLV knowingly used or permitted the use of funds raised by a solicitation of contributions and manpower to provide support to terrorists, terrorist organizations and terrorist activities as delineated in the First Amended Complaint." Pl. Opp. Special Mot. at 4:3–5**.** The only allegations in Plaintiff's Complaint related to funds are directed at Defendants AMP and UNLV. Amend Cmpl. at ¶¶ 27, 28, 126, 216, 266**.** At no point in his Complaint does Plaintiff accuse SJP UNLV of raising funds or other contributions of any kind let alone that SJP UNLV's uses funds unlawfully.

Plaintiff recognizes through his own pleadings that SJP UNLV is a separate entity from Defendants UNLV, NSJP, and AMP**.** *Id.* at ¶¶ 9–17**.** In his Complaint, Plaintiff has only specifically accused SJP UNLV of posting on social media, coordinating protests, and petitioning UNLV to take action as a governmental entity, activities protected under Nevada's Anti-SLAPP laws. *Id.* at ¶¶ 42, 59, 97, 101, 102, 114, 186, 192, 198 (social media posts); ¶¶ 73–75, 191 (protests); ¶¶ 194–96 (in person petition to President Whitfield). Plaintiff cannot now treat all Defendants as the same organization and attribute the alleged actions of others to SJP UNLV. That Plaintiff infers that SJP

UNLV is responsible for the third party actions discussed in his opposition without explaining how SJP UNLV caused them is improper, underhanded, and unfounded.

### V. Plaintiff offers no basis for leave to amend his complaint.

Once a plaintiff is served a responsive pleading and 21 days pass, he "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). While a "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(1)(B)(2), "leave to amend is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoted by *Taylor v. Hiromichi Kobayashi*, No. 22-16017, 2023 U.S. App. LEXIS 5518, at *4 (9th Cir. Mar. 8, 2023)). Furthermore, the Plaintiff is required by the Local Rules to explain what amendments he intends to make at the time he moves to amend, a requirement that SJP UNLV has pointed out previously and Plaintiff has again failed to fulfill. LR 15–1(a), *see* Defendant Students for Justice in Palestine UNLV's Reply in Support of Motion to Dismiss ("Def. SJP UNLV Reply in Supp. Of Mot. to Dismiss"), ECF No. 54 at 11:9 – 12:6.

Plaintiff claims that SJP UNLV bears the burden to show why leave to amend should not be granted, Pl. Opp. Special Mot. at 13:28–14:2, but SJP UNLV only bears that burden after Plaintiff proposes a specific amendment. *See Underwood v. O'Reilly Automotive Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022) (analyzing five factor test based on specific proposed amendments that would add parties and amend existing allegations). SJP UNLV cannot challenge an amendment as futile, prejudicial, or made in bad faith if the organization has no idea what Plaintiff's proposed amendment is.

This is at least the fifth time that the Plaintiff has requested general leave to amend his IIED claim without identifying precisely how he would amend if the Court deems his complaint insufficient. *See* Opposition to Motion to Dismiss [Whitfield], ECF No. 19 at 9:17–24; Opposition to Motion to Dismiss [AJP], ECF No. 30 at 19:20–24; Opposition to Motion to Dismiss [UNLV], ECF

No. 38 at 19:16–20:12; Opposition to Motion to Dismiss [SJP UNLV], ECF No. 53 at 10:3–14. After a year of requests, the Plaintiff should have some idea what amendment he would make if leave was granted. Until the Plaintiff actually explains his proposed amendments as required by law rather than ask for *carte blanche* leave to amend, the Court should deem Plaintiff's request futile and deny him leave.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

## CONCLUSION

Plaintiff has brought a civil cause of action under state law, and SJP UNLV entitled to challenged that action under Nevada's Anti-SLAPP laws. SJP UNLV has offered sufficient evidence to satisfy its burden under NRS 41.660(3)(a) to show Plaintiff's IIED claim is based on SJP UNLV's good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern as that term is defined by NRS 41.637. Plaintiff has offered no evidence at all to satisfy his burden under NRS 41.660(3)(b). SJP UNLV requests that this Court grant its motion, dismiss Plaintiff's IIED claim, and award reasonable costs, attorney fees, and other award deemed appropriate pursuant to NRS 41.670.

Dated: May 2, 2025

**ACLU OF NEVADA**

/s/ *Christopher Peterson*
CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
jsmith@aclunv.org

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **Defendant Students for Justice in Palestine – UNLV's Reply In Support of Its Special Motion to Dismiss Pursuant to NRS 41.660** on May 2, 2025. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished on all participants by:

☒ CM/ECF

☐ Electronic mail; or

☐ US Mail or Carrier Service

*/s/Christopher Peterson*
An employee of ACLU of Nevada