1

## UNITED STATES DISTRICT COURT

2

### DISTRICT OF NEVADA

3 COREY GERWASKI,                          Case No.: 2:24-cv-00985-APG-MDC

4        Plaintiff                         **Order (1) Granting in Part UNLV's
                                           Motion to Dismiss and (2) Granting Keith
5 v.                                       Whitfield's Motion to Dismiss**

6 STATE OF NEVADA ex rel. BOARD OF         [ECF Nos. 12, 35]
  REGENTS OF THE NEVADA SYSTEM OF
7 HIGHER EDUCATION, et al.,

8        Defendants

9        Plaintiff Corey Gerwaski sues the University of Nevada, Las Vegas (UNLV),[1] its

10 president Keith Whitfield, and several advocacy organizations.  Gerwaski alleges that

11 demonstrations on the UNLV campus caused him mental anguish, violated his constitutional

12 rights, and caused him to lose his job at the UNLV library.  Gerwaski asserts federal claims

13 against UNLV and Whitfield in his official capacity for aiding and abetting terrorism, infringing

14 several constitutional rights in violation of 42 U.S.C. § 1983, violating Titles VI and VII of the

15 Civil Rights Act, and state law claims for intentional infliction of emotional distress and

16 negligent hiring, retention, and supervision.

17        UNLV and Whitfield move to dismiss Gerwaski's first amended complaint (FAC)

18 arguing that service was untimely, and in Whitfield's case, insufficient.  They also move to

19 dismiss for failure to state a claim on which relief could be granted on all claims except

20 Gerwaski's Title VII claim against UNLV.  UNLV and Whitfield argue that the claims are

21 barred by the Eleventh Amendment and discretionary act immunity, and that Gerwaski fails to

22

23 _____
[1] The named party is the State of Nevada ex rel. Board of Regents of the Nevada System of
Higher Education on behalf of the University of Nevada, Las Vegas.  For brevity, I will refer to
the party as UNLV.

allege sufficient facts to support his claims.  Gerwaski responds that service was timely because he served them within 90 days of filing an amended complaint, that he adequately served the defendants, and that he alleges sufficient facts in the FAC.  He also argues that Eleventh Amendment immunity does not apply because he seeks prospective injunctive relief.

I dismiss Gerwaski's complaint against Whitfield because Gerwaski failed to properly serve Whitfield in his official capacity and Gerwaski fails to state a claim upon which relief can be granted.  I dismiss Gerwaski's complaint against UNLV for all causes of action except his Title VI and Title VII claims.  And I grant Gerwaski leave to amend his complaint and properly serve Whitfield or his successor.

# I. BACKGROUND[2]

In the aftermath of Hamas's October 7, 2023 attacks on Israeli settlements and Israel's subsequent invasion of Palestine, several student and non-student organizations staged demonstrations on the UNLV campus in support of Palestine.  Among these groups were codefendants Students for Justice of Palestine – UNLV (SJP-UNLV) and Nevadans for Palestinian Liberation (NPL).  Gerwaski alleges that these groups and others coordinate messaging with Hamas and serve as Hamas's propaganda operation in the United States. According to Gerwaski, groups staged protests on campus espousing antisemitic rhetoric, and UNLV allowed these groups to "intimidate, harass, [and] assault their Jewish student population, without any substantive efforts to mitigate this hateful conduct, which violates UNLV's own policies against [the] same." ECF No. 6 at 16-17.

---

[2] All facts are taken from the FAC (ECF No. 6), which I take as true when considering a motion to dismiss.

Gerwaski is a Jewish student at UNLV who wears the Jewish skullcap, or kippah, at all times. Gerwaski serves in the UNLV student government and was hired as an employee at the UNLV Lied Library in June 2023. Gerwaski alleges that he was asked inappropriate questions about his Jewish heritage and sexual orientation during the library's onboarding process and that he was "unjustly terminated" from that job in August 2023, "as a result of the blatant disparate treatment and antisemitism that was exhibited by supervisors." *Id.* at 52. Gerwaski also alleges that student government members and UNLV officials who oversee the student government were hostile toward him and "verbally attacked and treated him poorly due to his identity as a kippa-wearing Jew." *Id.* at 54. Gerwaski has also been exposed to verbal assaults by protesting members of NPL who made hateful antisemitic comments to him. Gerwaski has chosen to cover his kippah with a baseball cap or other head covering due to the antisemitic chants and chaos on the UNLV campus.

Gerwaski attempted to raise his concerns about the campus chaos with Whitfield and the UNLV Board of Regents. Gerwaski gave a two-minute speech to the Board of Regents about antisemitism on campus in November 2023. He also confronted Whitfield during a student senate meeting about the mass shooting at UNLV in January 2024 and told Whitfield that students needed help fighting antisemitism on campus. Gerwaski reached out to Whitfield and the Board of Regents several more times from February through March 2024, but did not receive any response. Gerwaski alleges that the discrimination and antisemitism he has faced has led to "extreme emotional distress manifested as great humiliation, embarrassment, shame, and other pain and suffering." *Id.* at 72. Additionally, the stress has caused Gerwaski to struggle academically, fail two classes, and be "effectively exiled from the Senate chambers because of his Jewish identity." *Id.* at 54.

## II.  SERVICE OF PROCESS

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed[eral] R[ule of] Civ[il] P[rocedure] 4." *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (quotation omitted).  If a defendant is not properly served under Rule 4, it can assert the defense of insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).  While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," the serving party must substantially comply with the rule. *Crowley*, 734 F.3d at 975 (quotation omitted).  The serving plaintiff bears the burden of establishing that a challenged service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### A.  Timeliness

Gerwaski initiated this lawsuit naming both UNLV and Whitfield as defendants on May 26, 2024. ECF No. 1.  Gerwaski was therefore required to serve both defendants by August 24, 2024.

UNLV concedes that it received proper service when Gerwaski served both the Nevada Attorney General on August 29, 2024, and the Chancellor of the Nevada System of Higher Education on October 22, 2024. ECF No. 35 at 10-11.  But UNLV argues that both dates are beyond the Rule 4(m) deadline, so service was untimely.  Whitfield asserts that Gerwaski did not timely serve him because the attempted service happened on August 28, 2024.  Gerwaski responds that service was timely because he filed an amended complaint and served both defendants within 90 days of filing the FAC.  He also requests that I extend the service deadline if I find that service was untimely.

Federal Rule of Civil Procedure 4(m) requires the plaintiff to serve a defendant "within 90 days after the complaint is filed." If the plaintiff fails to do so, I "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Rule 4(m)'s time limit "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint" because otherwise the plaintiff could repeatedly file amended complaints "to extend the time for service indefinitely." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (quotation omitted)).

Nevertheless, I must extend the 90-day time limit of Rule 4(m) if Gerwaski shows good cause for failure to serve within 90 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Gerwaski bears the burden of demonstrating good cause for the delay. Fed. R. Civ. P. 4(m); *Boudette v. Barnette*, 923 F.2d 754, 755-56 (9th Cir. 1991). Generally good cause is equated with diligence. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (quotation omitted).

Gerwaski did not timely serve the original complaint, and filing the amended complaint did not extend the time to serve UNLV or Whitfield because they were named in the original complaint. Gerwaski has not shown good cause for the delay. But Gerwaski asks that I exercise my discretion to extend the deadline retroactively if I find that service was untimely.

Even though Gerwaski has not demonstrated good cause, I have discretion to extend time for service or to dismiss the complaint without prejudice. *Id.* at 513. I may extend time for service even after the 90-day period expires. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In making this determination, I consider factors such as whether the party to be served

1  received actual notice of the lawsuit, the party to be served would suffer no prejudice, and the

2  serving party would be severely prejudiced if the complaint is dismissed. *Id.*  I also may consider

3  whether the serving party eventually accomplished service. *Id.*

4        I extend the period for service in this case.  As UNLV acknowledges, the statute of

5  limitations has not yet run, so Gerwaski could simply refile his lawsuit against UNLV and

6  Whitfield and then move to consolidate the cases.  UNLV also had actual notice of the lawsuit

7  when it attempted to mediate the employment claim with the Equal Employment Opportunity

8  Commission in June 2024, and when Gerwaski made incomplete service to the Attorney General

9  on August 29, 2024. *See* ECF No. 38 at 28-32.  Finally, UNLV was eventually served properly in

10 this lawsuit.  Because it would not prejudice UNLV or Whitfield and will promote economy of

11 judicial resources, I deny the defendants' motion to dismiss for untimely service and extend the

12 time for Gerwaski to serve UNLV and Whitfield.  Gerwaski has already properly served UNLV,

13 so he need not do so again.  As discussed below, I dismiss Gerwaski's claims against Whitfield,

14 with leave to amend.  If Gerwaski files an amended complaint that asserts claims against

15 Whitfield, then he must properly serve Whitfield within 14 days after he files his amended

16 complaint.

17      **B.  Sufficiency**

18      Although not clear from the FAC, Gerwaski clarified in response to Whitfield's motion to

19 dismiss that he sues Whitfield in his official capacity only. ECF No. 19 at 2, 11.  Federal Rule of

20 Civil Procedure 4(j)(2) requires service of process on a state, municipal corporation, or any state-

21 created governmental organization subject to suit be served by "(A) delivering a copy of the

22 summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the

23 manner prescribed by that state's law for serving a summons or like process on such a

defendant."  Nevada requires service on a state employee sued in their official capacity be made by delivering a copy of the summons and complaint to "(A) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and (B) the current or former public officer or employee, or an agent designated by him or her to receive service of process." Nev. R. Civ. P. 4.2(d)(2).

Although Gerwaski argues that he served Whitfield at his home in Las Vegas, the process server left the summons and complaint with "Erica, co-occupant."  ECF No. 9.  Ericka Smith gave a sworn declaration that she was at Whitfield's home taking care of his dog while Whitfield was traveling when the process server came to the house. ECF No. 13 at 3.  Smith does not reside at Whitfield's home, is not authorized to accept service on his behalf, and did not accept the papers from the process server. *Id.* at 2-3.  Whitfield confirms these facts in his declaration. ECF No. 14 at 2.

Serving Whitfield's dog sitter is not sufficient service on Whitfield himself or as chief executive officer of a state entity.  I therefore grant Whitfield's motion to dismiss the complaint for insufficient service under Rule 12(b)(5).  I dismiss Gerwaski's claims against Whitfield without prejudice to him properly serving the UNLV President in his official capacity.  Because Whitfield is no longer the President of UNLV,[3] Gerwaski should serve the current interim UNLV President, and any permanent replacement will be substituted automatically under Federal Rule of Civil Procedure 25(d). *See also R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1222-23 (9th Cir. 2023) ("An official-capacity suit for injunctive relief is properly brought

---

[3] Whitfield announced his resignation as UNLV President on March 3, 2025. *An Important Announcement from President Keith E. Whitfield: Thank You Rebels*, UNLV (Mar. 3, 2025), https://www.unlv.edu/announcement/office-president/inportant-announcement-president-keith-e-whitfield-thank-you-rebels.

1  against persons who would be responsible for implementing any injunctive relief." (quotation

2  omitted)).  Because I grant Gerwaski leave to properly serve the UNLV President, I will address

3  Whitfield's substantive motion to dismiss so that Gerwaski may amend his suit in accordance

4  with this order before effecting service.

5  **III.  FAILURE TO STATE A CLAIM**

6       In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I take

7  all well-pleaded allegations of material fact as true and construe the allegations in a light most

8  favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir.

9  2017).  However, I do not assume the truth of legal conclusions merely because they are cast in

10  the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th

11  Cir. 2017).  A plaintiff must also make sufficient factual allegations to establish a plausible

12  entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A claim is facially

13  plausible when the complaint alleges facts that allow the court to draw a reasonable inference

14  that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

15  (2009).  When the claims have not crossed the line from conceivable to plausible, the complaint

16  must be dismissed. *Twombly*, 550 U.S. at 570.

17       **A.  Eleventh Amendment**

18       Both UNLV and Whitfield claim Eleventh Amendment immunity from all of Gerwaski's

19  claims except those brought under the Civil Rights Act.  Gerwaski acknowledges that the

20  Eleventh Amendment limits the claims he can bring against UNLV and its president but

21  maintains that the exception first recognized by the United States Supreme Court in *Ex parte*

22  *Young*, 209 U.S. 123 (1908) allows him to seek injunctive relief for ongoing violations of federal

23  rights.

1    "The Eleventh Amendment bars suits against the State or its agencies for all types of

2    relief absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd. of Regents of Nev.*

3    *Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (quotation omitted).  This immunity

4    extends to state officials in their official capacity. *Id.*  A narrow exception exists in official

5    capacity suits "where the relief sought is prospective in nature and is based on an ongoing

6    violation of the plaintiff's *federal* constitutional or statutory rights." *Cent. Rsrv. Life of N. Am.*

7    *Ins. Co. v. Struve*, 852 F.2d 1158, 1161 (9th Cir. 1988) (emphasis in original).  Such relief must

8    be designed to end a continuing violation of federal law, but "compensatory or deterrence

9    interests are insufficient to overcome the dictates of the Eleventh Amendment." *Green v.*

10   *Mansour*, 474 U.S. 64, 68 (1985).  Gerwaski "must identify a practice, policy or procedure that

11   animates the constitutional violation at issue." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824

12   F.3d 858, 865 (9th Cir. 2016).  In determining whether Gerwaski's pleading avoids an Eleventh

13   Amendment bar to suit, I "need only conduct a straightforward inquiry into whether the

14   complaint alleges an ongoing violation of federal law and seeks relief properly characterized as

15   prospective." *Verizon Md., Inc. v. Pub. Svc. Com'n of Md.*, 535 U.S. 635, 645 (2002) (cleaned

16   up).

17        Because the *Ex parte Young* doctrine applies only to state officers sued in their official

18   capacity, only Whitfield in his capacity as UNLV President is subject to suit in this court.  I

19   therefore grant in part UNLV's motion to dismiss because the Eleventh Amendment bars

20   Gerwaski from suing UNLV in federal court, except his claims under Title VI (Claim 3) and

21   Title VII (Claim 12) of the Civil Rights Act, which provide for implicit waiver or abrogation,

22   respectively, of the Eleventh Amendment bar.  I dismiss his claims for aiding and abetting

23   terrorism; § 1983; IIED; and negligent hiring, retention, and supervision.  I dismiss those claims

with prejudice to refiling in federal court but without prejudice to filing in state court, except for his claim under the Antiterrorism Act, which I dismiss with prejudice as explained below.

With respect to Whitfield, Gerwaski asserts that he has pleaded ongoing federal law violations and requested injunctive relief. The injunctive relief Gerwaski requests is

(1) "a Declaration from the Court that Defendants have violated Plaintiff's constitutional right to equal protection,"

(2) "an immediate hearing on Plaintiff's Motion for Temporary Restraining Order, and, upon hearing, enter an Order restraining Defendants from allowing non-student groups interfere (sic) and continue to torment Jewish students on campus by engaging in unprotected speech,"

(3) "Permanently enjoin Defendants SJP-UNLV and NSJP from engaging in any campus activities, banning them from UNLV's campus," and

(4) "Permanent[ly] enjoin all non-student organizations that violate NSHE student conduct and policies from engaging in any campus activities, banning them from UNLV's campus."

ECF No. 6 at 76. Of these requests, only the second might be fairly characterized as prospective relief directed at Whitfield, but even that request is tied to a temporary restraining order that has not been filed and does not remedy an identified ongoing violation of federal law.

Because Gerwaski has not adequately alleged an ongoing violation of federal law and requested prospective relief to correct that violation, I dismiss his claims for aiding and abetting terrorism, § 1983, Title VI, IIED, and negligent hiring, retention, and supervision as barred by the Eleventh Amendment. However, I grant Gerwaski leave to amend his complaint and will offer guidance on the deficiencies of his claims as currently pleaded.

1    **B.  Antiterrorism Act (Count 1)**

2         In addition to Eleventh Amendment immunity, both UNLV and Whitfield argue that they

3    are not "persons" subject to liability under the Antiterrorism Act.  Gerwaski does not engage

4    with this argument, instead asserting that he has established links between Hamas, the various

5    advocacy organizations, and UNLV and Whitfield.  He states, "[t]here could not be a clearer,

6    bolder demonstration of substantial assistance of UNLV to Hamas" than statements by a Hamas

7    leader that student protests have renewed and reinvigorated Hamas's goals. ECF No. 38 at 14.

8         The Antiterrorism Act allows those injured by an act of international terrorism to sue the

9    relevant terrorists directly or sue "any person who aids and abets, by knowingly providing

10   substantial assistance, or who conspires with the person who committed such an act of

11   international terrorism." 18 U.S.C. § 2333(d)(2).  As used in that subsection, the term "person"

12   has the meaning given the term in 1 U.S.C. § 1. 18 U.S.C. § 2333(d)(1).  Section 1 defines a

13   person as including "corporations, companies, associations, firms, partnerships, societies, and

14   joint stock companies as well as individuals."  Interpreting § 1, the United States Supreme Court

15   has observed that the Federal Government and its agencies are notably absent from the list. *See*

16   *Return Mail, Inc. v. U.S. Postal Svc.*, 587 U.S. 618, 626-27 (2019).  "In the absence of an express

17   statutory definition, the Court applies a longstanding interpretive presumption that 'person' does

18   not include the sovereign." *Id.* at 626 (quotation omitted).  "The presumption is particularly

19   applicable where it is claimed that Congress has subjected the States to liability to which they

20   had not been subject before." *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780-

21   81 (2000) (quotation omitted).

22        There is nothing in the Antiterrorism Act's text indicating that Congress intended to

23   subject the States to new liability.  Thus, the State of Nevada, its subdivisions, and its employees

1  acting in their official capacities are not "persons" subject to liability for aiding and abetting

2  terrorism under 18 U.S.C. § 2333(d)(2).  I therefore dismiss Gerwaski's claims under that statute

3  with prejudice.

4  **C.  Section 1983**

5        To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show "(1) that a right

6  secured by the Constitution or laws of the United States was violated, and (2) that the alleged

7  violation was committed by a person acting under the color of State law." *Long v. County of Los*

8  *Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Gerwaski brings six separate claims under

9  § 1983.

10        "States or governmental entities that are considered 'arms of the State' for Eleventh

11  Amendment purposes are not 'persons' under § 1983." *Flint v. Dennison*, 488 F.3d 816, 824 (9th

12  Cir. 2007) (quotation omitted).  The same is true for state officials sued for damages in their

13  official capacity. *Id.* at 824-25.  And a state university, such as UNLV, is an arm of the State

14  entitled to Eleventh Amendment immunity. *Id.* at 825.  In addition to Eleventh Amendment

15  immunity, UNLV may not be held liable under *Monell*[4] because the United States Supreme

16  Court declined to extend *Monell* to suits against state government entities. *Will v. Mich. Dep't of*

17  *State Police*, 491 U.S. 58, 70 (1989).  So, only Gerwaski's § 1983 claims against Whitfield in his

18  official capacity may continue in federal court, and only for prospective injunctive relief for

19  ongoing violations of federal law under the *Ex Parte Young* exception. *Struve*, 852 F.2d at 1161.

20  I therefore dismiss all of Gerwaski's § 1983 claims with prejudice to refiling in federal court, but

21  not state court.

22

23

---

[4] *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

1                <u>1. Equal Protection (Count 2)</u>

2        Whitfield argues that Gerwaski's equal protection claim should be dismissed because

3 Gerwaski failed to plausibly allege that Whitfield took any government action against Gerwaski

4 or that Whitfield acted with discriminatory intent.  Gerwaski responds that he alleged specific

5 communications to Whitfield, from which Whitfield took discriminatory action against him.  In

6 his response brief, Gerwaski does not specify what discriminatory actions Whitfield took.

7        "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of

8 the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or

9 purpose to discriminate against the plaintiff based upon membership in a protected class."

10 *Sampson v. Cnty. of Los Angeles by and through Los Angeles Cnty. Dep't of Child. and Fam.*

11 *Svcs.*, 974 F.3d 1012, 1022 (9th Cir. 2020) (quotation omitted).  "Malice, intent, knowledge, and

12 other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

13        It is unclear from the FAC what actions Whitfield took under color of law to intentionally

14 discriminate against Gerwaski on the basis of his race and religion.  It states in conclusory

15 fashion that the defendants "carried out customs and/or policies and or practices and usage of

16 deliberate indifference and tolerance for discriminatory acts and expressions, on the basis of race

17 and religion, failed to protect Plaintiff and prohibit the discriminatory conduct." ECF No. 6 at 59.

18 The FAC does not specify what these customs, policies, or practices are, or what actions can be

19 fairly attributed to Whitfield.  The FAC also does not allege an ongoing violation of federal law

20 or describe prospective relief to remedy such a violation.  I therefore dismiss Gerwaski's Equal

21 Protection claim without prejudice.  I grant Gerwaski leave to amend as to Whitfield in his

22 official capacity if he can plausibly allege facts to support the claim and tie those facts to an

23 ongoing constitutional violation for which he seeks injunctive relief.

## 2.  Failure to Train (Count 4)

Whitfield argues that Gerwaski's failure-to-train § 1983 claim is duplicative of his Title VI claim (count 3) and that only the institution that receives federal funds may be properly sued under Title VI.  Gerwaski does not respond to the argument that the § 1983 failure-to-train claim is duplicative, and instead argues that Title VI liability extends to Whitfield individually as the institution's president.

Failure-to-train may be brought as a § 1983 claim against a municipality under the doctrine described in *Monell*. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989).  Although UNLV itself is not subject to suit under *Monell*, where an official acts on behalf of a government organization by determining how to spend its resources, he may be subject to suit under *Monell* principles as a policymaker on behalf of that organization. *See Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 469-70 (9th Cir. 2003).  "To prevail on a failure-to-train theory, [Gerwaski] must demonstrate that [Whitfield]'s failure to train amounts to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Perez v. City of Fresno*, 98 F.4th 919, 931 (9th Cir. 2024) (cleaned up).  "Deliberate indifference is a high legal standard, requiring proof that a [government] actor disregarded a known or obvious consequence of his action." *Id.* (quotation omitted).  The plaintiff typically must allege a "pattern of similar constitutional violations, rather than proof of a single incident . . . to demonstrate deliberate indifference." *Id.* (quotation omitted).  But a single incident may support liability "in the rare case where the unconstitutional consequences of failing to train are patently obvious." *Id.* (quotation omitted).  "Merely negligent training is insufficient to support a *Monell* claim." *Id.*

Gerwaski has plausibly alleged that Whitfield failed to adequately train UNLV employees on Title VI requirements, that Whitfield was aware of the need to train employees on

1 Title VI, that faculty members engaged in discriminatory conduct, and that Whitfield did not

2 correct this training deficiency.  For example, Gerwaski alleges that Whitfield "failed to train

3 [personnel], administrators and faculty in identifying and allowing violations of Title VI

4 discrimination against Jewish students and faculty on campus." ECF No. 6 at 63.  According to

5 the FAC, UNLV employees who oversaw the student government discriminated against him by

6 dissuading people from voting for Gerwaski on account of his religion, violating open meeting

7 laws, and encouraging his impeachment from the student senate. *See id.* at 53-54.  Gerwaski also

8 alleges that he notified Whitfield and the Board of Regents about discrimination against Jewish

9 students at UNLV. *Id.* at 54-55.  And he alleges that the failure to train these employees on Title

10 VI constitutes deliberate indifference against him because he is the kind of person these

11 employees routinely encounter.  Gerwaski has plausibly alleged the substantive portion of a

12 failure-to-train claim.

13     Because Gerwaski may proceed only against Whitfield under *Ex parte Young*, however,

14 he must also plausibly allege that there is an ongoing violation of his rights under Title VI and

15 request prospective relief appropriate to remedy that violation.  Gerwaski has not done so.

16 Rather, he explicitly seeks money damages, punitive damages, and attorney fees, which are not

17 available against Whitfield in this kind of § 1983 action. *Id.* at 64-65.  I therefore dismiss count 4

18 of the FAC without prejudice.  I grant Gerwaski leave to amend this claim against Whitfield if he

19 can plausibly allege additional facts to support the claim and tie those facts to an ongoing

20 constitutional violation for which he seeks injunctive relief.

21     3.  Ratification (Count 5)

22     Whitfield argues that Gerwaski does not allege that Whitfield expressly ratified any

23 constitutional violation.  Gerwaski's response is difficult to decipher, but he appears to argue that

1    Whitfield is responsible for all of the actions by UNLV employees alleged in the "statement of

2    facts" section of the FAC. ECF Nos. 6 at 52-56; 19 at 14 & n.4.  It is not clear whether Gerwaski

3    means to invoke supervisory liability against Whitfield, as Whitfield appears to analyze it, or

4    *Monell* liability as the ultimate decisionmaker for the government entity.  Based on his

5    characterization of a ratification claim as one based on either a practice or custom or an act by a

6    policy making official,[5] and the fact that Gerwaski sues Whitfield only in his official capacity, I

7    interpret the claim as one brought against Whitfield as a final policymaker under *Monell*

8    principles similar to his failure-to-train claim.

9         A municipal entity may be liable under § 1983 when (1) it "acts pursuant to an expressly

10   adopted official policy," (2) it acts under "a longstanding practice or custom," or (3) "the

11   individual who committed the constitutional tort was an official with final policy-making

12   authority or such an official ratified a subordinate's unconstitutional decision or action and the

13   basis for it." *Hartzell v. Marana Unified Sch. Dist.*, 130 F.4th 722, 734 (9th Cir. 2025) (quotation

14   omitted).  Gerwaski does not allege that any UNLV employees acted under an expressly adopted

15   official policy, so I limit my analysis to the second and third scenarios.

16        The FAC alleges that "policy makers at UNLV have a custom and practice of failing

17   and/or refusing to discipline faculty members, administrators and students, involved in

18   systematically and unlawfully engaging in open antisemitism." ECF No. 6 at 65.  It also alleges

19   that "UNLV has ratified, condoned, approved, and encouraged the antisemitic conduct on

20   campus by allowing non-student groups to wreak havoc, demonize, traumatize and harass Jewish

21   students at UNLV." *Id.* at 66.  These conclusory statements do not adequately identify a practice

22   or custom with enough specificity to trace it to Gerwaski's injuries.  The FAC also does not

23   _____

[5] ECF No. 6 at 65.

allege sufficient facts to show that a practice or custom was longstanding.[6]  Nor does it allege an

ongoing violation of federal law to support prospective injunctive relief.  The FAC also does not

identify what illegal acts a subordinate employee performed that Whitfield ratified.  Finally, if

Gerwaski is able to articulate an ongoing violation of federal law or the federal Constitution, he

must request prospective relief that is fashioned to remedy that violation.

I therefore dismiss count 5 of the FAC without prejudice.  I grant Gerwaski leave to

amend this claim against Whitfield if he can plausibly allege additional facts to support the claim

and tie those facts to an ongoing constitutional violation for which he seeks injunctive relief.

### 4.  Free Exercise (Count 6)

Whitfield argues that Gerwaski does not plausibly allege a free exercise claim because he

alleges only that verbal harassment by non-parties caused him to choose to cover his kippah, not

that Whitfield acted to burden his rights.  Gerwaski responds that Whitfield fomented and

encouraged antisemitic behavior on campus and ignored Gerwaski's complaints, leading

Gerwaski to begin covering his kippah.

"A person asserting a free exercise claim must show that the government action in

question substantially burdens the person's practice of [his] religion." *Jones v. Williams*, 791

F.3d 1023, 1031 (9th Cir. 2015).  "A substantial burden places more than an inconvenience on

religious exercise; it must have a tendency to coerce individuals into acting contrary to their

religious beliefs or exert substantial pressure on an adherent to modify his behavior and to

violate his beliefs." *Id.* at 1031-32 (cleaned up).

---

[6] *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." (quotation omitted)).

1    Gerwaski has not plausibly alleged an ongoing violation of his free exercise rights and

2 has not requested prospective relief to remedy such a violation.  Gerwaski attempts to tie

3 Whitfield's toleration of protestors on campus to Gerwaski's feeling that it was necessary to

4 cover his kippah with a baseball cap to avoid conflict with those protestors.  However,

5 Gerwaski's free exercise claim must be based on government action that substantially burdens

6 his religion, not the actions of non-parties.  Gerwaski also alludes to retaliation against him

7 because of his religious beliefs.  But Gerwaski does not identify what retaliatory actions

8 Whitfield took or tie those actions to a specific protected religious activity.  Thus, I dismiss count

9 6 of the FAC without prejudice.  I grant Gerwaski leave to amend this claim against Whitfield if

10 he can plausibly allege additional facts to support the claim and tie those facts to an ongoing

11 constitutional violation for which he seeks injunctive relief.

12    5.  Free Speech Retaliation (Count 7)

13    Whitfield argues that Gerwaski has not plausibly alleged that he engaged in

14 constitutionally protected speech or that Whitfield took any action to chill such speech.

15 Gerwaski responds that he has alleged sufficient facts for this claim.  It is unclear whether

16 Gerwaski's claim stems from government retaliation to constitutionally protected speech or

17 employment-related retaliation.  Because he also brings an employment claim under Title VII

18 (count 12), I will assess count 7 as a constitutional claim.

19    For a First Amendment retaliation claim, Gerwaski must plausibly allege that (1) he

20 "engaged in a constitutionally protected activity," (2) Whitfield's actions "would chill a person

21 of ordinary firmness from continuing to engage in the protected activity, and (3) the protected

22 activity was a substantial or motivating factor in [Whitfield's] conduct." *O'Brien v. Welty*, 818

23 F.3d 920, 932 (9th Cir. 2016) (quotation omitted).

18

1    Regardless of whether he is referring to his speech on campus or in the employment

2    context, Gerwaski has not identified what protected activity he engaged in or what specific

3    actions Whitfield took in retaliation.  He also has not plausibly alleged an ongoing violation of

4    his rights, which prospective relief could address.  I therefore dismiss count 7 of the FAC

5    without prejudice.  I grant Gerwaski leave to amend this claim against Whitfield if he can

6    plausibly allege additional facts to support the claim and tie those facts to an ongoing

7    constitutional violation for which he seeks injunctive relief.

8                    6.  Compelled Speech (Count 8)

9    Whitfield argues that Gerwaski does not identify what policy he is being forced to

10   support or agree with as a condition of enrollment or employment, nor does he identify what

11   actions Whitfield took to compel such agreement.  Gerwaski responds that Whitfield allowed

12   outside groups to violate UNLV protocols and policies, Gerwaski urged Whitfield to follow the

13   policies, and Whitfield refused to do so.  Unknown individuals then retaliated against Gerwaski,

14   which Gerwaski told Whitfield about in an email.  Gerwaski argues that this retaliation is

15   "demonstrative of compelled speech." ECF No. 19 at 18.

16   The "right of freedom of thought protected by the First Amendment against state action

17   includes both the right to speak freely and the right to refrain from speaking at all." *Wooley v.*

18   *Maynard*, 430 U.S. 705, 714 (1977).  Gerwaski has not identified what speech Whitfield or

19   UNLV is compelling him to engage in or what methods of coercion compelled him to speak.  His

20   argument that he is forced to acquiesce to Whitfield's decisions is mere disagreement rather than

21   compelled speech.  Gerwaski must identify what speech Whitfield is compelling him to engage

22   in, what means Whitfield is using to compel that speech, and plausibly allege that the harm is

23   ongoing and can be remedied with prospective relief.  I therefore dismiss count 8 of the FAC

without prejudice.  I grant Gerwaski leave to amend this claim against Whitfield if he can plausibly allege additional facts to support the claim and tie those facts to an ongoing constitutional violation for which he seeks injunctive relief.

### D.  State Law Claims (Counts 9, 10, and 11)

Gerwaski also brings claims under state common law for intentional infliction of emotional distress (count 9), negligent hiring (count 10), and negligent retention and supervision (count 11).  Nevada has not waived Eleventh Amendment immunity from suit in federal court. Nev. Rev. Stat. § 41.031(3).  And because state-law claims do not raise an ongoing violation of federal law or federal constitutional rights, the *Ex parte Young* exception does not apply. *Struve*, 852 F.2d at 1161.  I therefore dismiss counts 9, 10, and 11 with prejudice to refiling them in federal court but without prejudice to Gerwaski pursuing them in state court.

### E.  Civil Rights Act Claims

Whitfield argues that Gerwaski's claims under Titles VI and VII of the Civil Rights Act should be dismissed because Whitfield is neither an institution receiving federal funds, nor an employer.  UNLV argues that Gerwaski's Title VI claim should be dismissed because he has not plausibly alleged intentional discrimination.  UNLV does not move to dismiss Gerwaski's Title VII claim against it. ECF No. 35 at 20.  Gerwaski responds that he has plausibly alleged a system of deliberate indifference by UNLV and Whitfield and that Title VII provides for individual liability.

#### 1.  Title VI (Count 3)

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

1  42 U.S.C. § 2000d.  "In a Title VI claim, the proper defendant is the entity receiving federal

2  funds, not the employees who are employed by the entity." *Drawsand v. F.F. Props., L.L.P.*, 866

3  F. Supp. 2d 1110, 1122 (N.D. Cal. 2011).

4      A recipient of federal funds violates Title VI when (1) "there is a racially hostile

5  environment," (2) the recipient "had notice of the problem," and (3) the recipient "failed to

6  respond adequately to redress the racially hostile environment." *Montiero v. Tempe Union High*

7  *Sch. Dist.*, 158 F.3d 1022, 1033 (9th Cir. 1998) (quotation omitted).  Title VI provides a private

8  right of action only for intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 280

9  (2001).  Intentional discrimination "may be met by showing deliberate indifference," which is

10  "knowledge that a harm to a federally protected right is substantially likely, and a failure to act

11  upon that likelihood." *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008) (quotations

12  omitted); *Montiero*, 158 F.3d at 1034 (applying deliberate indifference standard to Title VI).

13  Although Gerwaski must demonstrate intent at trial, the FAC need allege only that UNLV is

14  engaging in discrimination. *Montiero*, 158 F.3d at 1026.  As a recipient of federal funds, UNLV

15  may not claim Eleventh Amendment immunity for claims under Title VI. 42 U.S.C. § 2000d–

16  7(a); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (2004).

17      Gerwaski sues Whitfield in his official capacity as UNLV President, not as an employee

18  or in his individual capacity.  A suit against Whitfield in his official capacity is not a suit against

19  him but rather his office, which is "no different from a suit against the State itself." *Will*, 491

20  U.S. at 71.  As such, Gerwaski may sue Whitfield for prospective injunctive relief for ongoing

21  violations of Title VI under the *Ex parte Young* doctrine, but not for damages because Whitfield

22  is not the recipient of federal funds. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1188-89 (9th

23  Cir. 2003) (acknowledging that other circuits allow *Ex parte Young* cases for Title VI violations

and adopting that rationale for comparable provisions in Title II). Like his § 1983 claims, however, Gerwaski has not requested prospective relief to address ongoing violations of his rights under Title VI. I therefore dismiss count 3 of the FAC as to Whitfield without prejudice. I grant Gerwaski leave to amend this claim against Whitfield in his official capacity if Gerwaski can plausibly allege additional facts to support the claim and tie those facts to an ongoing constitutional violation for which he seeks injunctive relief.

Gerwaski has plausibly alleged a Title VI violation against UNLV. He alleges that there is a racially hostile environment on the UNLV campus with antisemitic protestors, student groups, and UNLV administrators discriminating against Gerwaski based on his race and religion. He also alleges that he informed both Whitfield and the Board of Regents about this racially hostile environment and that neither of them adequately responded to his complaints. UNLV's argument that it responded adequately to Gerwaski's complaints presents additional facts outside of the pleadings. I opt not to convert its motion into one for summary judgment under Rule 12(d) because Gerwaski has not been given a reasonable opportunity to present all of his evidence. I therefore deny UNLV's motion to dismiss Gerwaski's Title VI claim.

### 2. Title VII (Count 12)

Title VII prohibits various workplace practices by employers. *See* 42 U.S.C. § 2000e-2. However, "Title VII does not provide a cause of action for damages against supervisors or fellow employees." *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003). Congress has abrogated States' sovereign immunity for suits under Title VII. *Nev. Dept. of Hum. Res. v. Hibbs*, 538 U.S. 721, 729-30 (2003).

Because Gerwaski sues Whitfield in his official capacity, it is equivalent to a suit against the entity he works for, making him a redundant defendant. *Ctr. For Bio-Ethical Reform, Inc. v.*

*Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008); *see also Ames v. City of Novato*, No. 16-cv-02590-JST, 2016 WL 6024587, at *4 (N.D. Cal. Oct. 14, 2016) (dismissing Title VII official capacity claims as redundant where the employer was also named as a defendant). Any injunction against UNLV would necessarily apply to the office of the president as well. *See Ames*, 2016 WL 6024587, at *4. I therefore dismiss Gerwaski's Title VII claims against Whitfield with prejudice because they are duplicative of his claims against UNLV.

## IV.  SUMMARY

I grant Whitfield's motion to dismiss all claims for insufficient service under Rule 12(b)(5) without prejudice. I grant Gerwaski an extension of time to serve Whitfield or his successor in the office of UNLV President. I also dismiss Gerwaski's claims against Whitfield for failure to state a claim. I dismiss counts 1 and 12 under the Antiterrorism Act and Title VII with prejudice because Whitfield is not a proper defendant. I dismiss counts 9, 10, and 11 with prejudice to refiling in federal court but without prejudice to bringing them in state court because Whitfield is entitled to sovereign immunity from state claims in federal court. I dismiss Gerwaski's remaining claims brought under Title VI and 42 U.S.C. § 1983 without prejudice and grant Gerwaski leave to amend these claims to address the deficiencies I identified in this order.

I grant in part UNLV's motion to dismiss. I dismiss count 1 with prejudice because UNLV is not a person under the Antiterrorism Act. I dismiss counts 2, 4, 5, 6, 7, 8, 9, 10, and 11 with prejudice to refiling them in federal court because UNLV is entitled to sovereign immunity. I dismiss these claims without prejudice to Gerwaski pursuing them in state court. I deny UNLV's motion to dismiss count 3 brought under Title VI, which will proceed against UNLV along with count 12 under Title VII, which UNLV did not move to dismiss.

1    If Gerwaski chooses to amend his complaint, he is advised to comply with Federal Rule

2  of Procedure 8(a), which requires only "a short and plain statement of the claim" showing he is

3  entitled to relief and "a demand for the relief sought."  Gerwaski's FAC contains 51 pages of

4  background material before getting to a five-page "Statement of Facts" that actually pertains to

5  Gerwaski. ECF No. 6 at 52-56.  Although some background and jurisdictional information may

6  be helpful, Gerwaski also spends many unnecessary pages describing a national organization's

7  response to a congressional subpoena, repetitive allegations about the inner workings of various

8  terrorist organizations, and activities at campuses other than UNLV.

9  **V.  CONCLUSION**

10    I THEREFORE ORDER that defendant Keith Whitfield's motion to dismiss **(ECF No.**

11  **12) is GRANTED**.

12    I FURTHER ORDER that defendant State of Nevada ex rel. Board of Regents of the

13  Nevada System of Higher Education on behalf of University of Nevada, Las Vegas's motion to

14  dismiss **(ECF No. 35) is GRANTED in part**.

15    I FURTHER ORDER that by June 3, 2025, Corey Gerwaski may file an amended

16  complaint to cure the deficiencies identified in this order.  If he chooses to include claims against

17  Whitfield in his amended complaint, Gerwaski may serve defendant Keith Whitfield in his

18  official capacity or his successor to the office of UNLV President within 14 days of filing his

19  amended complaint.  If Gerwaski does not amend or serve the UNLV President by these dates,

20  this case will proceed against UNLV on his Title VI and Title VII claims.

21    DATED this 5th day of May, 2025.

22

23    _____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE