Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Dr. Hatem Bazian*

Christina A. Jump (admitted *pro hac vice*)
Email: cjump@clcma.org
Samira S. Elhosary (admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center for Muslims in America*
100 N. Central Expy, Ste. 1010
Richardson, Texas 75080
Telephone: 972-915-2507
*Attorneys for Dr. Hatem Bazian.*

*The Constitutional Law Center for Muslims in America
is the legal division of the Muslim Legal Fund of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>Defendants. | Case No. 2:24-cv-00985- APG-MDC<br><br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

## I.     **INTRODUCTION**

Dr. Hatem Bazian ("Dr. Bazian") opposes Plaintiff's Motion for Reconsideration of this Court's April 24, 2025, Order granting his Motion to Quash Plaintiff's improper service upon him. ECF No. 62 (the "Motion to Quash Order"). Plaintiff provides this Court no newly discovered evidence to support reconsideration, nor was the Court's decision unjust, nor does Plaintiff identify any change in the controlling law. While Dr. Bazian's counsel did agree to sign a stipulation Plaintiff's counsel indicated would be forthcoming regarding an extension for Plaintiff to respond to Dr. Bazian's Motion to Quash, no stipulation ever came, or had signatures, or hit this Court's docket sheet. Plaintiff's counsel simply failed to meet the requirements specified in the governing Local Rules to obtain an extension of his deadline to respond to Dr. Bazian's motion, and never secured an Order from this Court setting a new deadline. In short, Plaintiff cannot avoid his requirement to comply with this Court's rules by casting an email agreement among counsel with no legal effect as "newly discovered evidence." Further showing that Plaintiff's Motion does not warrant relief, Plaintiff fails to even discuss excusable neglect, as required by LR 6-1. With no opposition on file,[1] this Court rightfully addressed the Motion to Quash and ruled in Dr. Bazian's favor.

Importantly, while LR 7-2(d) allows the Court to grant the Motion based solely on Plaintiff's failure to respond, this Court nonetheless "made an independent review of the record" and "[found] that Dr. Bazian's arguments are made in good faith on the merits." ECF No. 62 at p. 2:1-2. Not only does that ruling reflect the proper legal analysis on the merits, Plaintiff's decision to pursue and file the return of service on Dr. Bazian even after his counsel provided Dr. Bazian's Declaration prior to filing his Motion to Quash shows unnecessary vexatious practice—both before and after the substitution of counsel. ECF No. 56. Plaintiff identifies no reasons that justify the increased burden on Dr. Bazian reconsideration

---

[1] As set forth in more detail herein, this Court need not wait for any deadline in order to issue its rulings on any Motion before it, and retains the right to rule at any point the Court determines itself to be sufficiently informed on the issue.

would inevitably bring, rendering that remedy especially inappropriate here.

## II.    STANDARD OF REVIEW

As detailed below, Plaintiff repeatedly ignored the rules that govern deadlines.

Local Rule 59-1, on which Plaintiff relies, does not show only the requirement of "cause" for reconsideration. Instead, LR 59-1 makes plain that "[m]otions for reconsideration are disfavored." *Id*. Motions for reconsideration provide an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Hukman v. Sinclair*, Case No. 2:23-cv-00501- CDS-NJK, 2024 U.S. Dist. LEXIS 200713, at *2 (D. Nev. Nov. 5, 2024) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). The movant must demonstrate a "valid reason why the court should reconsider its prior decision" with "facts or law of a strongly convincing nature." *Williams v. Bean*, Case No. 2:24-cv-01034-RFB-MDC, 2024 U.S. Dist. LEXIS 113995, at *1 (D. Nev. June 28, 2024) (quoting *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)). Courts grant motions for reconsideration only where 1) newly discovered evidence exists; 2) the district court committed clear error or made a manifestly unjust decision, or 3) an intervening change in the controlling law occurs. *Brown v. Tromba*, Case No. 2:17-cv-02396-APG-BNW, 2024 U.S. Dist. LEXIS 222763, at *4 (D. Nev. Dec. 9, 2024). Without these conditions, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Huckman*, 2024 U.S. Dist. LEXIS 200713, at *2. No such circumstances exist here.

## III.    ARGUMENT

A.    No Legal Basis Exists for Reconsideration

No sufficient legal basis exists for this Court to reconsider its ruling on Dr. Bazian's Motion to Quash. Plaintiff does not present any newly discovered evidence relevant to consideration of the Motion to Quash, and instead relies only on his counsel's failure to timely present arguments to this Court. *See* ECF No. 63, Motion for Reconsideration, at 4 (asserting the Court was "unaware of the previously agreed upon extension" between counsel). Failure to timely obtain an extension or file a motion to extend does not constitute "newly discovered evidence" to support Plaintiff's Motion. *Cf*. LR 59-1 (setting forth the

1  rule that courts may grant reconsideration based on "newly discovered **evidence that was not available**
2  **when the original motion or response was filed**") (emphasis added).

3         Dr. Bazian recognizes, and does not dispute, that his counsel agreed to sign a stipulation for a
4  fourteen-day extension for Plaintiff to file his Response to his Motion to Quash. But the Local Rules of
5  this Court make clear that only the Court has the power to extend a deadline; agreements between counsel
6  on extensions have no binding effect, absent a stipulation signed by all counsel, filed with the Court, and
7  subsequently approved by the Court. LR. 7-1(b). And Plaintiff's counsel bore the responsibility to
8  prepare, circulate and file that stipulation at all relevant times. The emails attached to Plaintiff's Motion
9  reflect that Plaintiff's counsel specifically acknowledged and accepted the need to prepare that
10 stipulation. *See* ECF No, 63-1, p. 3 ("[Plaintiff's counsel] *will provide an SAO directly to you*.")
11 (emphasis added). Plaintiff's counsel simply failed to do so, as reflected in counsel's April 30, 2025 email
12 correspondence regarding a different stipulation.[2]

13        As explained in an April 25, 2025, email to Plaintiff's counsel,[3] Plaintiff bore the burden to obtain
14 an extension to his deadline, and Plaintiff had the obligation to meet it or timely seek an extension, either
15 via stipulation or motion. No order of this Court changed that deadline. Despite Plaintiff's assertions
16 otherwise, any agreement among counsel to extend cannot qualify as "new evidence" supporting
17 reconsideration. Plaintiff cites to no case law suggesting he can cure his abject failure to comport with
18 deadlines and this Court's rules by coloring an agreement between counsel—that Plaintiff failed to
19 appropriately act on—as "new evidence." Nor can he. This Court's ruling therefore contains no legal
20 error, let alone clear error or anything manifestly unjust.[4]

/ / /

---

[2] *See* **Exhibit A** (April 30, 2025, email chain).

[3] *See* **Exhibit B** (April 25, 2025, email chain), at p. 3.

[4] While Dr. Bazian's counsel remains committed to professional courtesies, counsel agreed to an extension—not reconsideration. Counsel cannot in good faith agree to meritless reconsideration to undo a just ruling of this Court that grants the relief counsel chose to pursue. Dr. Bazian's counsel cannot act against his interests and agree to pull him into a case in which he does not belong. Furthermore, the agreement among counsel to sign a stipulation did not and cannot carry with it the effect of actually granting Plaintiff a new deadline—only the Court can do that, and Plaintiff failed to make that timely request to the Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

B.    This Court Properly Ruled on Dr. Bazian's Motion to Quash Improper Service

Plaintiff had the opportunity to respond or seek an extension of his deadline to respond, even <u>after</u> his deadline of April 10, because this Court did not rule until April 24. ECF No. 62. That timing, incidentally, coincides exactly with the fourteen-day extension for which Plaintiff represented he would circulate and file a stipulation, and which his Motion for Reconsideration asserts he erroneously believed went into effect even without the requisite filing or subsequent Order from this Court. ECF No. 63 at 4. This Court's well-reasoned Order quashing service on Dr. Bazian therefore considered the facts and law in front of it.

This Court acknowledged the fact that one of Plaintiff's attorneys recently withdrew, but correctly noted that "plaintiff remains represented by co-counsel in this action." ECF No. 62 at 1. As referenced above, Plaintiff's failure to timely oppose "constitutes a consent to the granting of the motion." *Id.* (citing Fed. R. Civ. P. 56). Yet this Court also "made an independent review of the record" to find that "Dr. Bazian's arguments are made in good faith on the merits," and quashed the improper service. *Id.* at 2.

Plaintiff presents no reason this Court's Order constitutes anything but well-reasoned and sound consideration of the record. In *In re La Casa de la Raza, Inc.*, No. 9:16-BK-10331 PC, 2017 WL 4325582, at *3 (C.D. Cal. Sept. 26, 2017), a party failed to timely respond to a case-terminating sanctions motion; that court relied on the applicable analog to LR 7-1 and denied reconsideration. While that case and the underlying sanctions motion in it involved a related pattern of failure to respond, here as in that case the Court acted within its discretion under LR 7-1 *and* on the merits. *Id.*

C.    Plaintiff Fails to Establish Excusable Neglect

Local Rule IA 6-1(a) reflects the parties' lack of power to extend deadlines: when a party seeks to effectuate a filing after the relevant deadline already passed, the party must "demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." *Id*. Plaintiff's failure to even recognize his obligation to articulate excusable neglect, let alone his failure to actually do so convincingly, necessitates denial of reconsideration in itself.[5] By contrast, the party seeking reconsideration in the case of *In re La Casa de la Raza, Inc.* did try to show excusable neglect, but that

---

[5] Again, the deadline remained April 10, 2025, unless and until this Court issued an order extending it in response to a motion or a filed stipulation.

court still validly denied the request for reconsideration. *In re La Casa de la Raza, Inc.*, 2017 WL 4325582, at *3. Here, Plaintiff cursorily apologizes for his failure to follow proper procedure but fails to take full responsibility to meet this Court's deadlines. Plaintiff claims he "was unaware that the Court was uninformed of the extension and that a stipulation had apparently not been prepared." ECF No. 63. Yet Plaintiff's counsel undoubtedly had access to PACER and this Court's docket sheet, and does not claim to have received any order establishing a different deadline.

And, as this Court noted in its Order granting Dr. Bazian's Motion to Quash, Mr. Gilbert represented Plaintiff initially along with Ms. Chattah, and remained on the case until April 29, 2025. ECF. No. 67.[6] Mr. Chesnoff first emailed counsel for Dr. Bazian on April 10, 2025 to advise of his appearance in the case and appeared in the case on April 11, 2025. ECF No. 60.[7] Thus, he had plenty of time to check the docket and deadlines before April 24, 2025.

Again, the Parties do not have the power to extend deadlines no matter what agreements they reach. Plaintiff therefore cannot rely on a purported lack of knowledge regarding a stipulation that never materialized. And, he must establish excusable neglect to gain reconsideration; suggestions that filing a stipulation rested with anyone other than him does not suffice as "newly discovered evidence" here.

### IV.    CONCLUSION

Plaintiff had ample opportunity to respond to Dr. Bazian's Motion to Quash, and failed to do so. His counsel asks this Court to clean up that error for him and absolve him of his responsibility. But Plaintiff's counsel provides no support for his claim that the "extraordinary remedy" of reconsideration applies under the facts present here. Therefore, Dr. Bazian respectfully requests this Court deny the Motion for Reconsideration, and allow its existing well-reasoned Order to stand that quashes the improper service on Dr. Bazian, for the reasons stated therein.

/ / /

/ / /

/ / /

---

[6] As previously recognized by this Court, Mr. Gilbert's continued presence in the case on behalf of Plaintiff contributed to this Court's decision to grant Dr. Bazian's Motion to Quash. ECF No. 57.

[7] *See also* **Exhibit C** (April 11, 2025, email requesting that Ms. Chattah be removed from email chain).

Dated: May 8, 2025

Respectfully submitted,

*/s/ Margaret A. McLetchie*
Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Dr. Hatem Bazian*

Christina A. Jump
(admitted *pro hac vice*)
Email: cjump@clcma.org
Samira S. Elhosary
(admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center for Muslims in America*
100 N. Central Expy, Ste. 1010
Richardson, Texas 75080
Telephone: 972-915-2507
*Attorneys for Dr. Hatem Bazian*

*The Constitutional Law Center for Muslims in America
is the legal division of the Muslim Legal Fund of America*

### <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on May 8, 2025, he caused the foregoing to be served by electronically filing with the Clerk of the Court for the District of Nevada using the CM/ECF system, and thereby serving by e-mail notification upon counsel for all parties of record.

*/s/ Leo S. Wolpert*
An employee of McLetchie Law
