DAVID Z. CHESNOFF, ESQ.
*Nevada Bar No. 2292*
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
ROBERT Z. DEMARCO
*Nevada Bar No. 12359*
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
rdemarco@sclawoffice.net
Attorneys for Plaintiff, *COREY GERWASKI*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| COREY GERWASKI, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 2:24-cv-00985 |
| | ) |
| vs. | ) |
| | ) |
| STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA LAS VEGAS; KEITH WHITFIELD individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE IN PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX, DEFENDANT(S), an Individual/LLC/Corp; DOE Nevada corporation; DOE Individuals I–XX; ROE Entities, I–XX, | ) **OPPOSITION TO STUDENTS FOR JUSTICE IN PALESTINE-UNLV'S MOTION FOR ATTORNEY'S FEES AND COSTS AND STATUTORY AWARD PURSUANT TO NRS 41.670 (ECF 76)** ) ) ) ) **[ORAL ARGUMENT REQUESTED]** ) ) ) ) ) |
| Defendants. | ) |

- 1 -

1  COMES NOW, Plaintiff, COREY GERWASKI ("Mr. Gerwaski"), by and through his attorneys of record, DAVID Z. CHESNOFF, ESQ., RICHARD. A. SCHONFELD, ESQ., and ROBERT Z. DEMARCO, ESQ., of CHENSNOFF & SCHONFELD, and files this Opposition to Students for Justice in Palestine-UNLV's Motion for Attorney's Fees and Costs and Statutory Award Pursuant to NRS 41.67 (ECF 76).

This Opposition is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and any oral argument that may be heard.

DATED this 2nd day of June 2025.

          Respectfully Submitted:

          CHESNOFF & SCHONFELD

          By: <u>Robert Z. DeMarco</u>
              DAVID Z. CHESNOFF, ESQ.
              Nevada Bar No. 2292
              RICHARD A. SCHONFELD, ESQ.
              Nevada Bar No. 6815
              ROBERT Z. DEMARCO, ESQ.
              Nevada Bar No. 12359
              520 South Fourth Street
              Las Vegas, Nevada 89101
              Phone: (702) 384-5563
              Fax: (702) 598-1425
              Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. DEFENDANT SJP-UNLV'S MOTION FOR ATTORNEY'S FEES AND COSTS AND STATUTORY AWARD SHOULD BE DENIED.

SJP-UNLV's request for attorney's fees and costs should be denied in its entirety. While this Honorable Court granted the anti-SLAPP Motion to the extent it dismissed Plaintiff's claim for intentional infliction of emotional distress (IIED), Plaintiff has objected and reserves all rights to address further, including on appeal if necessary. This Honorable Court granted Plaintiff leave to amend his Complaint, and Plaintiff has substituted in new counsel in light of prior counsel's recent appointment. Furthermore, while Defendant argues the IIED claim was frivolous, Plaintiff set forth the claim in detail in his First Amended Complaint and the Order should have been without prejudice. It was alleged that SJP-UNLV, through its conduct and organization, supports Hamas, a designated Foreign Terrorist Organization ("FTO") in the United States.[1] SJP-UNLV assisted and served Hamas in soliciting, inciting, and encouraging students and faculty at UNLV to engage in harassment of Jewish students, such as Plaintiff at the university.

Notwithstanding the coordination with Defendants NSJP, AMP, and other organizations to obstruct, harass and intimidate Jewish students such as Mr. Gerwaksi, and specifically Mr. Gerwaksi, SJP-UNLV *knowingly* used or permitted the use of funds raised by a solicitation of contributions and manpower to provide support to terrorists, terrorist organizations and terrorist activities.[2]

Significantly, SJP-UNLV conceded that a "motion to dismiss pursuant to NRS 41.660 is typically restricted to Nevada state law claims, and Plaintiff's IIED claim is the only claim asserted

---

[1] *See generally* 8 U.S.C. § 1189; *Compare with* U.S. Department of State Bureau of Counterterrorism Designated Foreign Terrorist Organizations available at https://www.state.gov/foreign-terrorist-organizations/.

[2] *See also Holder v. Humanitarian Law Project*, 130 S. Ct. 2705, 2710–2711 ("[D]esignated foreign terrorist organizations do not maintain organizational firewalls between social, political, and terrorist operations, or financial firewalls between funds raised for humanitarian activities and those used to carry out terrorist attacks."). Section 2339(b) prohibits providing a service to a foreign terrorist organization. The use of the word "to" indicates a connection between the service and the foreign group. *See* Merriam-Webster's Dictionary (2025) (defining "service" to mean: "a helpful act"; or "useful labor that does not produce a tangible commodity"; or "an administrative division") A person of ordinary intelligence would understand that independently advocating for a cause is different from providing a service to a group that is advocating for that cause.

1 against SJP UNLV pursuant to state law." *See* ECF 61 at p. 15, n. 14.  As such, said Defendant's attempt to portray the Motion as one that sweepingly dismissed the entire case is misplaced.

It is also respectfully submitted that the Court erred in granting the underlying Motion, as there were factual disputes and discovery has not even commenced.  As such, it is respectfully submitted that the IIED claim should not have been subject to dismissal under Nevada's anti-SLAPP statute at this pleadings stage. *See* Nev. Rev. Stat. § 41.660(3)(a)–(b). *See, e.g., Nano Found., Ltd. v. Silver*, No. 2:19-cv-04237-SVW-PJW, 2019 WL 6723428, at *2 (C.D. Cal. Aug. 20, 2019) (citing *Planned Parenthood*, and explaining that a defendant claiming its statements were truthful, and thus within the protection of California's anti-SLAPP statute, created a factual issue requiring consideration under Federal Rule of Civil Procedure 56).

Here, it is respectfully submitted that the underlying Motion is at best premature (as stated above Plaintiff has been granted leave to amend his Complaint) and the issue of attorney's fees and costs should be deferred.  The requested fees and costs (and time expended) are also unreasonable.  Moreover, the statutory request should be denied and is not warranted.  Plaintiff is a UNLV student and has set forth detailed facts in his Complaint.  This Honorable Court is permitting Plaintiff's claims to move forward, in part, against the parties (the Court has granted leave to amend) and Plaintiff's claims are brought in good faith.

## II.   CONCLUSION

Mr. Gerwaski respectfully requests that this Honorable Court deny SJP-UNLV's Motion for Attorney's Fees and Costs and Statutory Award pursuant to NRS 41.670 in its entirety.

DATED this 2nd day of June 2025.

                                                Respectfully Submitted:

                                                CHESNOFF & SCHONFELD

                                                By: <u>Robert Z. DeMarco</u>
                                                     DAVID Z. CHESNOFF, ESQ.
                                                     Nevada Bar No. 2292
                                                     RICHARD A. SCHONFELD, ESQ.
                                                     Nevada Bar No. 6815
                                                     ROBERT Z. DEMARCO, ESQ.
                                                     Nevada Bar No. 12359
                                                     Counsel for Plaintiff, *COREY GERWASKI*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Court to be served by the Court's electronic filing system on all counsel of record.

**DATED** this 2nd day of June, 2025.

/s/ Robert Z. DeMarco
Employee of Chesnoff & Schonfeld