Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Defendant AJP Educational Foundation, Inc.*

Christina A. Jump (*admitted pro hac vice*)
Email: cjump@clcma.org
Samira S. Elhosary (*admitted pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center for Muslims in America*
100 N. Central Expy, STE 1010
Richardson, Texas 75080
Telephone: 972-915-2507
*Attorneys for Defendant AJP Educational Foundation, Inc.*
*The Constitutional Law Center for Muslims in America
is the legal division of the Muslim Legal Fund of America.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| COREY GERWASKI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>Defendants. | Case No. 2:24-cv-00985-APG-MDC<br><br>**DEFENDANT AJP EDUCATIONAL FOUNDATION, INC'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS, AND STATUTORY AWARD** |

## I. INTRODUCTION

Rather than responding to the substance of Defendant AJP Educational Foundation, Inc.'s ("AMP") Motion for Attorney's Fees, Costs, and Statutory Award (ECF No. 75, the "Fees Motion"), Plaintiff Corey Gerwaski's Opposition (ECF No. 77) largely attempts to relitigate the Court's previous order granting AMP's special Anti-SLAPP Motion to Dismiss Mr. Gerwaski's claim for intentional infliction of emotional distress. The time to do so—before this Court, at least—has passed.[1] Because AMP prevailed, it is entitled to its reasonable fees and costs as a matter of law. NRS 41.670(1)(a). All that remains for this Court to determine is the amount of fees, costs, and statutory award Mr. Gerwaski must pay AMP.

Regarding the only issue before the Court, Mr. Gerwaski's Opposition offers no meaningful argument: he simply concludes that the "requested fees and costs (and time expended) are also unreasonable." ECF No. 77, p. 4:16. This lone statement, unsupported by any factual or legal citations, is plainly insufficient under LR 54-14(d). This Court should award AMP its requested fees, because Plaintiff's "opposition"—rife with unsupported factual[2] and legal contentions—underscores the quintessentially baseless nature of his claim, which merits the full $10,000 statutory award allowed under Nevada's anti-SLAPP statute.

## II. LEGAL ARGUMENT

**A. AMP Is Entitled to Fees and Costs Under Nevada's Anti-SLAPP Statute**

A prevailing defendant is entitled to reasonable fees and costs pursuant to NRS 41.670(1)(a). The relevant question to determine the entitlement to fees and costs is not whether Plaintiff could amend his complaint to state a claim for IIED (which he cannot), but simply whether AMP prevailed, which is beyond dispute.[3] Plaintiff's arguments about amending the complaint or the possibility of discovery are

---

[1] *See* FRCP 59(e) (mandating motions to alter or amend judgments be filed no later than 28 days after entry).

[2] For instance, despite having several opportunities to present evidence to support this contention, Mr. Gerwaski failed to cite any evidence that AMP's conduct has caused him "severe emotional distress." ECF No. 77, p. 3:15-16. This underscores the frivolity of Mr. Gerwaski's IIED claim.

[3] AMP made clear that the anti-SLAPP Motion was limited to work relating to the IIED claim and properly allocated its fees accordingly. *See* ECF No. 75, p. 5:4-5.

1

Case 2:24-cv-00985-APG-MDC   Document 81   Filed 06/09/25   Page 3 of 8

nonetheless addressed below.[4]

### 1. The Operative Complaint Is the Only Relevant Complaint.

Plaintiff nonetheless argues that because this "Court granted Plaintiff leave to amend his Complaint," dismissal of his IIED claim "should have been without prejudice." ECF No. 77, p. 3:8-11. Plaintiff misreads this Court's Order addressing AMP's FRCP 12(b) Motion to Dismiss. To be clear, the Court held it has no personal jurisdiction over AMP regarding either his IIED claim or his federal claims. ECF No. 71, pp. 7:22 – 8:14. The Court dismissed his Antiterrorism Act claims without prejudice, permitting him to file an amended complaint to attempt to "cure the deficiencies identified in the order" by June 3, 2025. ECF No. 71, pp. 21:18-21, 22:10-11.

More importantly, this Court expressly and rightly dismissed Mr. Gerwaski's IIED claim **with prejudice** pursuant to Nevada's anti-SLAPP statute, because the finding operates as an adjudication on the merits. ECF No. 71, pp. 20:2-5, 22:4-6; *see also* NRS 41.660(5). That order gives rise to a statutory entitlement to fees. Not only has Plaintiff failed to seek reconsideration of this Court's order addressing the other bases for dismissal, a possible amended claim for IIED is not even before the Court. Notably, even if Plaintiff had attempted to amend his complaint while AMP's special anti-SLAPP Motion to Dismiss was pending, that would have no bearing on the evaluation of the anti-SLAPP Motion, let alone the Fees Motion. *See Vannah v. L. Off. of Daniel S. Simon*, 138 Nev. 992, 506 P.3d 1073, 2022 WL 986138, *1 (Nev. 2022) (unpublished).[5]

### 2. Plaintiff Did Not Seek Discovery, Which Would Have Been Irrelevant In Any Case.

Plaintiff also argues that "the Court erred in granting the underlying Motion, as there were factual disputes and discovery has not even commenced" (ECF No. 77, p. 4:6-7), but this Court unambiguously ruled AMP met its burden under NRS 41.660(3)(a), and Plaintiff failed to meet his *(see generally* ECF

---

[4] A change is counsel (ECF No. 77, p. 3:7-9) or a possible appeal are likewise not legal bases to deny fees or consider other relief from this Court's grant of AMP's anti-SLAPP Motion.

[5] While *Vannah* is unpublished, Rule 36 of the Nevada Rules of Appellate Procedure makes clear it can be cited for its precedential value—and its reasoning is based on California courts, which often provide Nevada courts with guidance when interpreting Nevada's anti-SLAPP statute). *Id; see also Salma v. Capon,* 74 Cal. Rptr. 3d 873, 888-89 (Ct. App. 2008) (a plaintiff cannot amend a complaint *after* an anti-SLAPP motion to dismiss has been filed); *see also Coker v. Sassone,* 135 Nev. 8, 11, 432 P.3d 746, 749 (2019) (the Nevada Supreme Court routinely looks to California courts for guidance in applying Nevada's anti-SLAPP statutes).

No. 71, pp. 17:17 – 20:5).

Plaintiff cites *Nano Found., Ltd. v. Silver*, No. 2:19-cv-04237-SVW-PJW, 2019 WL 6723428, at *2 (C.D. Cal. Aug. 20, 2019), which in turn cites *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828, 834 (9th Cir. 2018), for the proposition that he is entitled to discovery before the Court evaluates his claim under the anti-SLAPP statute. Plaintiff misunderstands the relevant holdings. As the Ninth Circuit correctly noted, *Planned Parenthood* does not apply where a special motion to dismiss does "not challenge 'the factual sufficiency' of Plaintiff's claims, but rather challenge[s] the fact that the claims themselves targeted good-faith communications." *Century Sur. Co. v. Prince*, 782 F. App'x 553, 557 (9th Cir. 2019). AMP properly challenged the legal sufficiency of Plaintiff's claims; this Court ruled the claims insufficiently pled. *See* ECF No. 71, pp. 19:18 – 20:2 ("Gerwaski fails to plausibly allege [the elements of IIED] … And in response to AMP's anti-SLAPP motion, he did not provide any evidence to meet his prima face case.").[6]

In this case, not only did Plaintiff not provide any evidence, in his response, he did not meet his burden to seek discovery under the anti-SLAPP statute. Discovery is far from automatic in anti-SLAPP cases. The anti-SLAPP statute is intended to make speakers "***immune* from *any civil action*** for claims based upon [good faith communications made in direct connection with an issue of public concern]." NRS 41.635. As reflected in the statute's ample mechanisms for expeditious dismissal, this immunity provision means not mere immunity from an eventual judgment, but immunity from the practical expenses and hardships of defending a lawsuit, such as discovery. Thus, there is no right to discovery under Nevada's anti-SLAPP statute, and a plaintiff cannot claim the need for discovery without coming forward with any evidence. Instead, it strictly limits the scope of discovery in the context of an anti-SLAPP motion—Plaintiff must make a showing that ***both***: (1) the information sought is necessary to meet its burden on prong 2; and, (2) the information must be in the possession of the defendant or a third party and "not reasonably available without discovery." NRS 41.660(4). Thus, not only are general forays impermissible and not only is discovery expressly limited to prong 2, if the Court grants such discovery,

---

[6] Rather than meaningfully address the Fees Motion, Plaintiff endeavors to distract the Court with irrelevant allegations and assertions. *See* ECF No. 77, p. 3:11-21, n.1 and n.2. Again, not only were Plaintiff's IIED claims insufficiently pleaded, he did not come forward with any prima facie evidence at all on prong 2.

it must be expressly limited to "the purpose of ascertaining such information." *Id.* To meet its burden, the plaintiff must make a showing of, "***at the minimum***, a description of the facts the plaintiff expects to uncover, and how those facts will enable the plaintiff to demonstrate a prima facie case on any of its claims." *Anderson Bus. Advisors, LLC v. Foley*, 540 P.3d 1055, 2023 WL 8663677, *4 (Nev. 2023) (unpublished) (emphasis added).

**B. Plaintiff Concedes the Reasonable Nature of AMP's Fees and Costs**

AMP meticulously provided this Court with the "hows" and "whys" of its entitlement to fees under the anti-SLAPP statute and related caselaw and why its fees and costs are reasonable, including by explaining how the LR 54-14(a)(3) factors weigh heavily in favor of granting the requested fees. ECF No. 75, pp. 4:23 – 11:2. Yet Plaintiff devotes less than one full line of text to opposing the substance of AMP's Fees Motion, simply stating that "the "requested fees and costs (and time expended) are also unreasonable." ECF No. 77, p. 4:16. Plaintiff provides no legal or evidentiary support for this assertion.

Plaintiff fails to meet his burden. LR 54-14(d) governs oppositions to fees motions and provides that "[i]f an opposition is filed, it must set forth the specific charges that are disputed and state with reasonable particularity the basis for the opposition" and "must include affidavits to support any contested fact." Plaintiff provides none of this required information. Thus, because AMP submitted extensive support for its request, the Court may grant the instant Motion after an independent review of the record. *See* LR 54-14(d) (stating in relevant part that "[i]f no opposition is filed, the court may grant the motion after independent review of the record.").[7]

**C. Mr. Gerwaski's Frivolous Claim and Threadbare Opposition Support AMP's Request for a Statutory Award.**

To further the anti-SLAPP statute's purpose of deterring meritless suits intended to chill protected communications, the district court has wide discretion to award up to $10,000 to a defendant who prevails on a special anti-SLAPP motion to dismiss. NRS 41.670(1)(b). The district court does not have to find that the plaintiff's claim was frivolous or vexatious to grant this statutory award. *Compare* NRS

---

[7] Further underscoring the reasonableness of AMP's requested fees and costs, AMP is not currently requesting fees and costs expended on reply, but reserves the right to seek them and any other fees and costs incurred in connection with the anti-SLAPP Motion

4

41.670(3)(a) (permitting award of up to $10,000 to plaintiff if court denies anti-SLAPP motion to dismiss and the court finds the motion was frivolous or vexatious).

Nevertheless, Mr. Gerwaski's IIED claim was frivolous. *See Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989)) ("A frivolous claim is one which lacks an arguable basis in either law or fact.") There was no arguable basis in either law or fact for Mr. Gerwaski's IIED claim—as the Court noted, not only did he fail to demonstrate with prima facie evidence a likelihood of success on this claim, he failed to even **plausibly allege** the essential elements of IIED, *i.e.*, that "AMP engaged in extreme and outrageous conduct, that he suffered an injury with objectively verifiable indicia of that injury, or that his emotional distress was proximately caused by AMP's conduct." ECF No. 71, p. 19:19-21. He did not even meet the threshold requirement of demonstrating that this Court had personal jurisdiction over AMP. ECF No. 71, pp. 7:22 – 8:14. Nor did he even attempt to contest AMP's entitlement to fees. *See generally* ECF No. 77.

In combination, Mr. Gerwaski's wholly inadequate pleading and barebones prosecution of his IIED claim reveals that it was nothing more than a pretextual attempt to silence AMP's advocacy. Nevada courts have routinely awarded $10,000 in similar circumstances. *See, e.g.*, *Pilkington v. Liggett*, No. 87936-COA, 2025 WL 1426817, at *4 (Nev. App. May 16, 2025) (affirming $10,000 award where district court found "that the litigation brought against [defendant] was a sham litigation [that] was both objectively and subjectively baseless[.]"); *Smith v. Zilverberg*, 137 Nev. 65, 74, 481 P.3d 1222, 1232 (2021) (affirming award of $10,000 each to two defendants); *cf. Daley v. Shields*, 544 P.3d 238 (Nev. 2024) (affirming award of $1,000 each to two defendants where plaintiff "brought the litigation in good faith and raised fair arguments, which both weigh toward a lower award"). Here, as Mr. Gerwaski neither brought his IIED claim in good faith nor raised fair arguments in support of his IIED claim, this Court should award AMP the requested $10,000 statutory award to deter such frivolous claims in the future.

### III. CONCLUSION

Plaintiff's incomplete attempt to undo this Court's May 5, 2025, Order fails and his arguments are not relevant to the Fees Motion. His abject failure to even attempt to comply with this Court's rules or meaningfully address whether the fees and costs are reasonable in accordance with Nevada's anti-

5

SLAPP statute further illustrate the accurate ruling of this Court, and AMP's entitlement to all of its claimed fees, costs, and the full $10,000 statutory award.

Dated: June 9, 2025

Respectfully submitted,

/s/ *Margaret A. McLetchie*
Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Defendant AJP Educational Foundation, Inc.*


Christina A. Jump (*admitted pro hac vice*)
Email: cjump@clcma.org
Samira Elhosary (*admitted pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center
for Muslims in America*
100 N. Central Expy, Suite 1010
Richardson, Texas 75080
Telephone: 972-915-2507

*Counsel for Defendant AJP Educational Foundation, Inc.*

*The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of June, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Leo S. Wolpert*
An Employee of McLetchie Law