CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
        jvalentine@aclunv.org

*Attorneys for Defendant Students for Justice in Palestine, UNLV*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>            Plaintiff,<br>   vs.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>            Defendants. | Case No.: 2:24-cv-00985-APG-MDC<br><br>**DEFENDANT STUDENTS FOR JUSTICE IN PALESTINE UNLV'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY FEES, COSTS AND STATUTORY AWARD PURSUANT TO NRS 41.670** |

Defendant Students for Justice in Palestine, University of Nevada, Las Vegas ("SJP UNLV") offers the following points and authorities to support its motion for attorney fees (ECF No. 76) and refute Plaintiff's opposition to the motion (ECF No. 78). Defendant SJP UNLV now requests $19,161.00 in attorney fees due to the additional work completed in drafting this reply and maintains its original request for a $10,000 statutory award.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Plaintiff does not provide a valid basis to deny SJP UNLV's requested attorney fees.**

Plaintiff has not given any valid reason to deny SJP UNLV's motion for attorney fees. Plaintiff claims that SJP UNLV's "requested fees and costs are [. . .] unreasonable" but does not explain how he reaches that conclusion. *See* Opposition to Students for Justice in Palestine-UNLV Motion for Attorney's Fees and costs and Statutory Award Pursuant to NRS 41.670 ("Opp'n to SJP UNLV's Mot. for Attorney's Fees"), ECF No. 78 at 4:13. He does not say what hourly rate would be reasonable or why Mr. Peterson's requested rate is unreasonable. *See Banerjee v. Cont'l Inc.*, No. 2:17-cv-00466-APG-GWF, 2018 U.S. Dist. LEXIS 158687, at *7 (D. Nev. Sep. 17, 2018)(granting movant's requested rates when opposing party failed to offer an alternative). He does not estimate how many hours Mr. Peterson should have spent contesting Plaintiff's IIED claim or why the hours submitted are too many. Finally, it is unclear how SJP UNLV costs could be unreasonable considering that the organization only requested attorney fees. The Court should grant SJP UNLV the full attorney fee amount the organization has requested.

Instead of contesting SJP UNLV's calculations, Plaintiff argues that the Court should "defer" ruling on SJP UNLV's motion for attorney fees because he could amend his complaint. *See* Opp'n to SJP-UNLV's Mot. for Attorney's Fees, ECF No. 78 at 4:11-13. First, "[a]mendment alone will not necessarily preclude the possibility that [a plaintiff] may become liable for attorney's fees [pursuant to NRS 41.670(1)(a)]." *Sternberg v. Warneck*, 2025 U.S. Dist. LEXIS 98503, *19-20; 2025 LX 70647; 2025 WL 1489701. The Nevada Supreme Court has indicated that "amending the complaint will not save a litigant from having to pay fees on an anti-SLAPP motion directed at the original complaint" as happened here. *Id.* (citing *Vannah v. L. Off. of Daniel S. Simon*, 506 P.3d 1073, 2022 WL 986138, at *1 (Nev. 2022)). Second, Plaintiff is wrong to suggest that he could at this time make any amendment relevant to this motion as Plaintiff cannot amend his IIED claim. Order

2

Granting Defendant's AJP Educational Foundation and SJP-UNLV's Motions to Dismiss ("Order Granting Mot.'s to Dismiss"), ECF No. 71 at 2:12-15. As the Plaintiff himself has repeatedly observed, the IIED claim is the only claim relevant to SJP UNLV's anti-SLAPP motion and by extension relevant to this motion for attorney fees. *See* Opposition to Students for Justice in Palestine-UNLV Special Motion to Dismiss Pursuant to NRS 41.660 ("Opp'n to SJP-UNLV Special Mot. to Dismiss"), ECF No. 65 at 4:9-13; *See* Opp'n to SJP UNLV's Mot. for Attorney's Fees, ECF No. 78 at 3:20-4:2. Finally, to the extent that Plaintiff claims that he created a "factual issue" in opposing SJP UNLV's anti-SLAPP motion, Opp'n to SJP UNLV's Mot. for Attorney's Fees, ECF No. 78 at 4:3–10, he fails to explain what that factual issue might be, and, perhaps more important, offered no evidence in support of his opposition as required by Nevada law. *See LHF Prods. v. Does*, 848 Fed. Appx. 802, 803 (9th Cir. 2021) (finding that district court properly granted anti-SLAPP motion under Nevada law because party subject to motion "attached no declarations or evidence to his opposition to the anti-SLAPP motion, referring the district court instead to the allegations contained in his complaint."). There is no reason the Court should "defer" ruling on this motion for attorney fees.

## II.  Plaintiff does not give a valid basis to deny SJP UNLV's requested statutory award.

Plaintiff asks that this Court deny SJP UNLV's "statutory request" because (1) he is a UNLV student, (2) "this Honorable Court is permitting Plaintiff's claims to move forward, in part, against the parties," and (3) "Plaintiff's claims are brought in good faith." *See* Opp'n to SJP UNLV's Mot. for Attorney's Fees, ECF No. 78 at 4:14-17.

Plaintiff does not explain why attending UNLV should mitigate against a statutory award under Nevada's anti-SLAPP laws. He does not claim he is indigent or incompetent. He is an adult and so presumably understands that his actions have consequences. He has been represented by counsel throughout this matter and so presumably understood that his suit could run afoul of Nevada's anti-SLAPP laws. If Plaintiff is now arguing that UNLV students should not be subject to financial

3

penalty under law, this does not square with his request for $70,000 in damages from SJP UNLV, a group comprised entirely of UNLV students.

Plaintiff overstates the viability of his federal ATA claim against SJP UNLV. While providing Plaintiff the opportunity to amend his complaint to revive that claim, the Court was clearly skeptical that Plaintiff could plausibly allege an injury caused by an act of international terrorism that SJP UNLV substantially assisted. Order Granting Mot.'s to Dismiss, ECF No. 71 at 11:4-8. Plaintiff has filed his second amended complaint and again has failed to connect any injuries he may have suffered to a specific act of terrorism or explain how SJP UNLV has substantially assisted that act. *See generally* Second Amended Complaint ("2nd Amend. Compl."), ECF No. 79 (June 3, 2025).

Finally, it is hard to understand what Plaintiff believes "good faith" to mean. This Court dismissed both of his claims against SJP UNLV, including the claim not subject to SJP UNLV's anti-SLAPP motion. Plaintiff does not deny that his suit is exactly the sort of action that Nevada's anti-SLAPP laws are meant to discourage and that he brought his lawsuit intending to chill SJP UNLV's protected activities. When required to offer evidence to support his offensive allegations that SJP UNLV conspired with a terrorist organization, Plaintiff failed to offer anything, not even his own sworn declaration. Even now, having had his claims dismissed and facing down a motion for attorney fees clearly supported by law, he doubles down on his Hamas conspiracy theories. Opp'n to SJP UNLV's Mot. for Attorney's Fees, ECF No. 78 at 3: 15–19. Plaintiff shows no remorse and shows all signs that he would chill SJP UNLV's speech again if given the opportunity. The requested $10,000 award is entirely appropriate under the circumstances.

**III.    SJP UNLV requests an additional $522.00 in attorney fees for this reply.**

As discussed in its motion for attorney fees, SJP UNLV now supplements its request for attorney fees to include work completed on this reply. Mr. Peterson worked 1.16 hours on this reply at the same $450 hourly rate previously discussed in the motion for attorney fees. Declaration of

Christopher Peterson ("Peterson Decl."), attached as Exhibit A at ¶¶ 17-18; Supplemental Invoice, attached as Exhibit B. As such, SJP UNLV supplements its request by $522.00 and so now requests $19,161.00 in attorney fees for the work performed challenging Plaintiff's IIED claim and seeking attorney fees pursuant to NRS 41.670(1)(a) in this matter.

## I.   CONCLUSION

Defendant SJP UNLV respectfully requests that this Court grant its motion for $19,161.00 in attorney fees and a $10,000 statutory award.

Dated: June 9, 2025

**ACLU OF NEVADA**

/s/ *Christopher Peterson*
CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
             jvalentine@aclunv.org

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **Defendant Students for Justice in Palestine UNLV's Reply in Support of Motion for Attorney Fees and Costs and Statutory Award Pursuant to NRS 41.670** with the Clerk of the Court for the United States District Court of Nevada by using the court's CM/ECF system on June 9, 2025. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished on all participants by:

☒ CM/ECF
☐ Electronic mail; or
☐ US Mail or Carrier Service

/s/ Suzanne Lara
An employee of ACLU of Nevada