**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Corey Gerwaski,

                    Plaintiff(s),

vs.

State of Nevada ex rel. Board of Regents of the Nevada System of Higher Education, et al.,

                    Defendant(s).

2:24-cv-00985-APG-MDC

**ORDER GRANTING MOTION FOR RECONSIDERATION (ECF NO. 63)**

        The Court has reviewed plaintiff's *Motion for Reconsideration* ("Motion"). *ECF No. 63*. The Court GRANTS the Motion.

        Federal Rule of Civil Procedure 60(1) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect[.]" Local Rule 59-l(a) states that motions for reconsideration, must state the, "[c]hanges in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." Reconsideration may be appropriate if the district court is presented with newly discovered evidence. *Smith v. Clark Cnty. Sch. Dist*., 727 F.3d 950, 955 (9th Cir. 2013) (citing *School Dist. No. 1J v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).

        Local Rule IA 6-1(a) states that to effectuate a filing after the relevant deadline already passed, the party must "demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." The Ninth Circuit admonished that, "[c]ases should be decided on the merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

        Plaintiff states in his Motion that his new counsel asked opposing counsel for an extension of

time to respond to the motion to quash. *ECF No. 63*. Plaintiff attached an email showing that opposing counsel agreed to a fourteen-day extension. *ECF No. 63-1*. Plaintiff's new counsel states that he inadvertently did not file a stipulation to seek the Court's permission for an extension of time. *ECF No. 63*. Third Party Intervenor Hatem Bazian ("Bazian") argues in his opposition that (1) it is of no fault to him that plaintiff failed to file a stipulation, (2) that plaintiff failed to show excusable neglect, (3) that there is no newly discovered evidence, and (4) that the Court ruled on Bazian's motion on the merits. ECF No. 73. The Court finds that new counsel has shown excusable neglect as plaintiff's previous counsel left the case and new counsel inadvertently did not file the stipulation that Bazian apparently agreed to sign. The Court agrees that the email exchange is not newly discovered evidence as contemplated by the Ninth Circuit in *Smith*, but the Court must also abide by the Ninth Circuit's admonishment in *Eitel* to decide cases on the merits when possible. *Smith* 727 F.3d at 955 and *Eitel* v. 782 F.2d at 1472. While the Court did rule on Bazian's motions on the facts as presented by Bazian, the plaintiff did not have an opportunity to rebut the facts in that motion. Bazian will not be prejudiced because he may file a reply to plaintiff's opposition.

**IT IS SO ORDERED:**

1. Plaintiff's *Motion for Reconsideration* (ECF No. 63) is GRANTED. Plaintiff must file his proposed opposition that he attached to his Motion (ECF No. 63-2) on the docket by **July 7, 2025.**

2. Third-Party Intervenor Hatem Bazian has until **July 14, 2025** to file his reply.

IT IS SO ORDERED.

Date: July 3, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge