Christina A. Jump (admitted *pro hac vice*)
Email: cjump@clcma.org
Samira S. Elhosary (admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center for Muslims in America*
100 N. Central Expy, STE 1010
Richardson, Texas 75080
Telephone: 972-914-2507
*Attorneys for Dr. Hatem Bazian*

*The Constitutional Law Center for Muslims in America
is the legal division of the Muslim Legal Fund of America.

Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Dr. Hatem Bazian*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COREY GERWASKI,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; CHRISTOPHER HEAVEY, in his official capacity as current UNLV Interim President; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; DOES I-XX and ROE entities I-XX,<br><br>Defendants. | Case No. 2:24-cv-00985-APG-MDC<br><br>**DR. HATEM BAZIAN'S REPLY IN SUPPORT OF MOTION TO QUASH SERVICE** |

## I. INTRODUCTION

Dr. Hatem Bazian ("Dr. Bazian") presented this Court with a sworn declaration, under the penalty of perjury, that affirms he is not the founder of National Students for Justice in Palestine ("NSJP"), nor any Students for Justice in Palestine ("SJP") chapter, nor has he ever held any position with NSJP or an SJP chapter. ECF 56-2. In response, Plaintiff provides this Court only with unverified statements from third parties that do not create any legal relationship between Dr. Bazian and NSJP. Plaintiff fails to establish that Dr. Bazian is an appropriate person to serve for NSJP. Therefore, Dr. Bazian respectfully requests this Court quash the service made on him.

## II. ARGUMENT

Plaintiff fails to present any support for his contention that Dr. Bazian is affiliated in any way with NSJP, or ever has been. Instead, Plaintiff presents a series of unsubstantiated statements made by individuals unfamiliar with Dr. Bazian or NSJP. None of Plaintiff's "exhibits" creates any real question of fact about Dr. Bazian's involvement with NSJP or any SJP chapter. First, Plaintiff cites November 2023 testimony by Dr. Jonathan Schanzer, whose statement that Dr. Bazian "also founded Students for Justice in Palestine" finds its support in a "backgrounder" by the Anti-Defamation League ("ADL"). ADL's resource provides no citation for its assertion of the same. Plaintiff's next exhibit, July 2024 Congressional testimony by an ADL official, similarly fails to provide any support for the assertion that Dr. Bazian founded any SJP chapter. Exhibit 3 quotes statements made by Dr. Bazian about SJP, but fails to provide any support to the reporter's characterization that Dr. Bazian "co-founded" the organization. As for Exhibit 4, Dr. Bazian subsequently testified in a deposition in another matter that he never reviewed or verified that Complaint, and had he done so, he would have corrected the statement. *See* Exhibit A, Excerpts from the Deposition of Hatem Bazian, Ph.D., in *Boim et al. v. American Muslims for Palestine et al.*, No. 17-cv-03591 (N.D. Ill. Apr. 16-17, 2024). Next, Exhibit 5 is a letter from Congressman James Comer to Dr. Bazian, which asserts that Dr. Bazian is the "National SJP founder," relying on a citation to a 2018 book, which in turn, again, provides no support for the allegation. In responding to Chairman Comer's letter, counsel for Dr. Bazian and AMP immediately and publicly corrected the notion that Dr. Bazian has or ever had

1

anything to do with NSJP or any SJP chapter.[1] None of these exhibits creates any factual question about whether Dr. Bazian founded or plays any role in NSJP or an SJP chapter; they merely evince an echo-chamber of people and organizations who repeat the statement, as its truth would benefit them and their aims.

Additionally, even if Plaintiff had shown that Dr. Bazian is a founder of NSJP or any SJP chapter, Plaintiff still fails to demonstrate how that would make him "at a minimum, an agent of NSJP," such that service on him is proper service of NSJP. *See* ECF No. 87 at 5. Nevada law specifies that a service on a foreign entity is proper upon, among other individuals, an "agent identified in Rule 4.2(c)(1)." N.R.C.P. 4.2(c)(2). Rule 4.2(c)(1)(A) lists ten specific individuals who may qualify as an "agent" absent the existence of a registered agent in the state of Nevada.[2] Nothing in Plaintiff's bald assertion that Dr. Bazian is "at a minimum, an agent of NSJP" establishes that Dr. Bazian falls into one of those ten categories.[3] And indeed, he does not. Plaintiff does not explain why he did not even attempt service on members of the NSJP steering committee or their identified counsel. *See, e.g.,* Motion to Dismiss and Motion to Strike Plaintiff's First Amended Complaint by National Students for Justice in Palestine, *Parizer et al v. AJP Educational Foundation Inc. et al*,

---

[1] *AMP Responds to Chairman James Comer's Misinformation and Baseless Accusations*, AMERICAN MUSLIMS FOR PALESTINE (June 26, 2024), https://www.ampalestine.org/media/media-room/statements/amp-responds-chairman-james-comers-misinformation-baseless-accusations (linking to a PDF of AMP's response letter to Chairman Comer).

[2] A plaintiff may properly serve one of the following agents of a corporation: "(i) the registered agent of the entity or association; (ii) any officer or director of a corporation; (iii) any partner of a general partnership; (iv) any general partner of a limited partnership; (v) any member of a member-managed limited-liability company; (vi) any manager of a manager-managed limited-liability company; (vii) any trustee of a business trust; (viii) any officer or director of a miscellaneous organization mentioned in NRS Chapter 81; (ix) any managing or general agent of any entity or association; or (x) any other agent authorized by appointment or by law to receive service of process." N.R.C.P. 4.2(c)(1)(A).

[3] Plaintiff claims that "[t]here is no dispute that NSJP is subject to jurisdiction in Clark County, Nevada." But Plaintiff provides no support for that definitive statement. Plaintiff also claims that Dr. Bazian giving a lecture at UNLV in 2024 subjects him to this Court's personal jurisdiction. ECF No. 87 at 5 n.6. Dr. Bazian will gladly provide this Court with additional briefing on why that claim is plainly legally insufficient, should this Court request. However, Plaintiff also admits that Dr. Bazian "is not currently named as a Defendant in his personal capacity," so whether personal jurisdiction over Dr. Bazian exists is not at issue. *Id.* at 3 n.3.

2

No. 1:24-cv-00724 (E.D. Va. Oct. 29, 2024), ECF No. 118. Instead, Plaintiff provides no legal support for his claim that Dr. Bazian is a proper individual to serve for NSJP, and this Court may therefore easily quash the service on him.

### III. CONCLUSION

Plaintiff asked this Court for additional time to serve NSJP or to serve it by publication. ECF 27. This Court denied the request for service by publication, and on January 10, 2025, provided Plaintiff with an extension to serve NSJP until February 28, 2025. Plaintiff waited until the last opportunity and, instead of serving any of the possible proper individuals, served Dr. Bazian on February 23. This service is plainly improper, and Plaintiff provides no factual or legal support for it. In contrast, Dr. Bazian provided this Court with a sworn declaration that he is not affiliated with NSJP. Therefore, Dr. Bazian respectfully requests this Court quash the service upon him.

Dated: July 14, 2025

Respectfully submitted,

/s/ Christina A. Jump
Christina A. Jump (admitted *pro hac vice*)
Email: cjump@clcma.org
Samira Elhosary (admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center
for Muslims in America*
100 N. Central Expy, Suite 1010
Richardson, Texas 75080
Telephone: 972-914-2507
*Counsel for Dr. Hatem Bazian*

*The Constitutional Law Center for Muslims in America
is the legal division of the Muslim Legal Fund of America*

Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Dr. Hatem Bazian*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                      */s/ Christina A. Jump*
                                                     Counsel for Dr. Bazian