Christina A. Jump (admitted *pro hac vice*)
Email: cjump@clcma.org
Samira S. Elhosary (admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center for Muslims in America*
100 N. Central Expy, STE 1010
Richardson, Texas 75080
Telephone: 972-915-2507
*Attorneys for Defendant AJP Educational Foundation, Inc.*

**The Constitutional Law Center for Muslims in America*
*is the legal division of the Muslim Legal Fund of America.*

Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Defendant AJP Educational Foundation, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>             Plaintiff,<br><br>             v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; CHRISTOPHER HEAVEY, in his official capacity as current UNLV Interim President; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; DOES I-XX and ROE entities I-XX,<br><br>             Defendants. | Case No. 2:24-cv-00985- APG-MDC<br><br>**DEFENDANT AJP EDUCATIONAL FOUNDATION, INC.'S SPECIAL MOTION TO DISMISS PURSUANT TO NEV. REV. STAT. § 41.660.**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP") moves to dismiss Plaintiff's civil conspiracy claim against AMP pursuant to Nevada's anti-SLAPP statute. NRS 41.635 *et seq*. Plaintiff seeks to hold AMP civilly liable for a good faith communication in furtherance of the right to free speech in direct connection with an issue of public concern. NRS 41.650. As Plaintiff's civil conspiracy claim is based entirely on good faith communications by AMP, it violates the anti-SLAPP statute. Therefore, AMP respectfully requests this Court dismiss the civil conspiracy claim against it with prejudice.

Respectfully submitted,

Dated: August 4, 2025

/s/ *Margaret A. McLetchie*
Christina A. Jump (*admitted pro hac vice*)
Email: cjump@clcma.org
Samira Elhosary (*admitted pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center
for Muslims in America*
100 N. Central Expy, Suite 1010
Richardson, Texas 75080
Telephone: 972-915-2507

*Counsel for Defendant AJP Educational Foundation, Inc.*

**The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America*

Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Defendant AJP Educational Foundation, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COREY GERWASKI,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; CHRISTOPHER HEAVEY, in his official capacity as current UNLV Interim President; AJP EDUCATIONAL FOUNDATION, INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE;<br> DOES I-XX and ROE entities I-XX,<br><br>        Defendants. | Case No. 2:24-cv-00985- APG-MDC<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AJP EDUCATIONAL FOUNDATION, INC.'S SPECIAL MOTION TO DISMISS** |

ii

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ iii

TABLE OF AUTHORITIES ........................................................................................................ iv

INTRODUCTION .......................................................................................................................... 1

RELEVANT FACTS, ALLEGATIONS, AND PROCEDURAL HISTORY ................................ 2

STANDARDS OF REVIEW .......................................................................................................... 4

    A.    Nevada's Anti-SLAPP Statute ........................................................................... 4

    B.    Civil Conspiracy ................................................................................................ 5

ARGUMENT 5

    A.    Nevada's Anti-SLAPP Statute Protects AMP From Liability (First Prong). .... 5

    B.    Plaintiff Cannot Show a Probability of Success on His Conspiracy Claim (Second Prong) ................................................................................................ 6

CONCLUSION ............................................................................................................................... 7

CERTIFICATE OF SERVICE ...................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Arroyo v. Wheat*, 591 F. Supp. 141 (D.Nev. 1984)..................................................................7

*Banerjee v. Cont'l Inc., Inc.*
  No. 2:17-cv-00466-APG-GWF, 2018 U.S. Dist. LEXIS 17387 (D. Nev. Feb. 1, 2018) ............4

*Chocolate Magic Las Vegas LLC v. Ford*, 337 F. Supp. 3d 950 (D. Nev. 2018).......................7

*Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735 (D.C.Cir.1995) ..............................................6

*Finato v. Keith A. Fink & Assocs.*, 68 Cal. App. 5th 136, 283 Cal. Rptr. 3d 223 (2021).........6

*GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001) .....................................................................5, 6

*Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. SACV1502034JVSJCGX, 2017 WL
  6060605 (C.D. Cal. Apr. 19, 2017)..................................................................................6

*ProCare Hospice of Nev., LLC v. OneCare Hospice, LLC*
  340 F.R.D. 174 (D. Nev. 2021)........................................................................................1

*Recontrust Co. v. Zhang*, 130 Nev. 1, 317 P.3d 814 (2014) ......................................................6

*Rostami v. BAC Home Loans Servicing, L.P.*, No. 2:11-CV-02121-KJD, 2013 WL 100946 (D.
  Nev. Jan. 7, 2013) ....................................................................................................5, 6, 7

*Smith v. Craig*
  No.: 2:19-cv-00824-GMN-EJY, 2020 U.S. Dist. LEXIS 38774 (D. Nev. Mar. 4, 2020) ...........4

*Warren v. Dollar Tree*, No. 2:23-cv-01377-APG-EJY, 2024 U.S. Dist. LEXIS 6692 (D. Nev.
  Jan. 11, 2024).................................................................................................................7

**STATUTES**

NRS 41.637(4) ................................................................................................................2, 4

NRS 41.650   2, 4, 8

NRS 41.660(3)(a)..................................................................................................................4

NRS 41.660(3)(b) ........................................................................................................................... 4, 7

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................ 4

FRCP 9(b) ........................................................................................................................................ 7

**INTRODUCTION**

Plaintiff Corey Gerwaski ("Plaintiff") previously attempted to plead Intentional Infliction of Emotional Distress ("IIED") against AJP Educational Foundation, Inc. d/b/a American Muslims for Palestine ("AMP"). *See* ECF No. 6, ¶¶ 363-368. The Court correctly dismissed this claim pursuant to Nevada's anti-SLAPP statute, NRS 41.635 *et. seq. See generally* ECF No. 71 pp. 16:8 – 20:5. The Court also correctly held that it lacked personal jurisdiction over AMP and that Plaintiff failed to state a claim under the Antiterrorism Act ("ATA"). *See generally id.* pp. 6:4 – 16:7. Plaintiff's Second Amended Complaint (ECF No. 79)—which does little more than shuffle the order of allegations already found insufficient by this Court, and is thus subject to sanctions[1] and Rule 12(b) dismissal[2]—pleads a claim for conspiracy under Nevada law. *See* ECF No. 79, ¶¶ 362 – 368.

Like his IIED claim, Plaintiff's conspiracy claim is subject to dismissal under Nevada's anti-SLAPP statute. Like his First Amended Complaint, Plaintiff's Second Amended Complaint targets AMP's free speech on a matter of public concern. While the Second Amended Complaint is nearly devoid of communications he alleges AMP actually made, Plaintiff again generally asserts that AMP bears responsibility for (constitutionally protected) communications from other individuals or entities expressing support for Palestinian causes and/or criticism of Israel's regime.[3] Based on those communications, he asserts conspiracy claim against AMP.[4] However, as this Court has already determined, the types of communications that Plaintiff alleges AMP made have protection under Nevada's anti-SLAPP statute, as they constitute "good faith communications" made "in direct

---

[1] *See generally* Motion for FRCP 11 Sanctions. ECF No. 93.

[2] *See generally* Motion to Dismiss. ECF No. 95.

[3] *See, e.g.*, ECF No. 79, ¶¶ 58-59 (characterizing as a "threat" a speech comparing Zionism to white supremacy); *id.* ¶ 61 (alleging that that AJP wreaks "havoc on college campuses through the funding of student organizations" and advocates "supposed return by Arabs to Israel and the elimination of the Jewish State.")

[4] AMP believes both Plaintiff's conspiracy and Anti-Terrorism Act claims against it derive from protected free speech, as outlined in AMP's Rule 12 Motion to Dismiss. ECF No. 95. However, as the state anti-SLAPP statute can only be applied to state law claims, AMP only files this Special Motion to Dismiss as to Plaintiff's conspiracy claim against it. *See ProCare Hospice of Nev., LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 178 (D. Nev. 2021) ("The Ninth Circuit has made clear that a state's anti-SLAPP law does not apply to the federal causes of action in cases involving both state and federal claims.").

connection with an issue of public interest in a place open to the public or in a public forum" which are truthful or "made without knowledge of its falsehood." NRS 41.637(4). Thus, the burden shifts to Plaintiff, who cannot demonstrate, with *prima facie* evidence, any probability of success on his conspiracy claim. AMP therefore has immunity from civil liability based on those communications. NRS 41.650. Accordingly, AMP respectfully requests this Court dismiss Plaintiff's conspiracy claim and award AMP fees, costs, and other relief as appropriate.

## RELEVANT FACTS, ALLEGATIONS, AND PROCEDURAL HISTORY

*Background Facts*

As AMP provided a substantive outline of the facts in its Rule 12 Motions to Dismiss (ECF Nos. 24 and 95), which it incorporates herein by reference, it will only reiterate here a limited number of key facts. AMP is a 501(c)(3) non-profit organization that works entirely and only in the United States to educate Americans about Palestine's rich history and culture. ECF No. 79 ("SAC"), ¶ 51. Since its founding in 2006, AMP has continuously worked toward its stated mission to educate the public in the United States on the rich history and culture of Palestine.[5] AMP does not accept donations from outside the United States or send money to any party outside the United States.[6] AMP has affiliation with the separately incorporated 501(c)(4) organization AJP Action, which engages in lobbying efforts that AMP cannot, and does not, as a legally compliant 501(c)(3) organization. *Id.* ¶ 52. AJP Action is neither a defendant in this lawsuit nor relevant to the consideration of the claims Plaintiff asserts.

*Plaintiff's Allegations*

Plaintiff alleges that Defendant National Students for Justice in Palestine ("NSJP") is the "student advocacy arm of AMP," though no corporate or other relationship exists between the two.[7] *Id.*

---

[5] *About AMP*, AMERICAN MUSLIMS FOR PALESTINE, https://www.ampalestine.org/about-amp (last visited November 4, 2024).

[6] *See id.*

[7] AMP is a stand-alone organization with no corporate affiliation to any other defendant in this case, including NSJP. (ECF No. 37-1 ¶ 5 [Declaration of Munjed Ahmad].) AMP takes no position in this Motion on the veracity of Plaintiff's claims against NSJP or any other defendant and responds on its own behalf solely as to the allegations made against AMP.

¶ 55.

Plaintiff alleges AMP "continues to threat [sic] American Universities [sic] and college students" through the use of social media. *Id.* ¶ 58. Plaintiff alleges AMP "controls NSJP and uses it to operate a propaganda machine for Hamas." *Id.* ¶ 65. Plaintiff also alleges that AMP "sponsored the first SJP National Convention to unite the various SJP chapters" and "wreak[s] havoc on college campuses through the funding of student organizations." *Id.* ¶¶ 61, 69. Plaintiff further alleges that "these organizations" (presumably including AMP, but not clear from the pleadings) engage in "[r]hetoric against law enforcement in the United States." *Id.* ¶ 73.

Plaintiff provides descriptions of events occurring on other college campuses subsequent to Hamas' October 7, 2023, terrorist attack. Plaintiff alleges that "[e]xactly as AMP intended, NSJP acted as Hamas' loyal foot soldiers for Hamas's propaganda battle on university campuses across the United States." *Id.* ¶ 90. Plaintiff also recites allegations about a "Toolkit" he attributes to NSJP, which he nakedly asserts is "controlled" by AMP. *Id.* ¶¶ 90-92, 96-98, 101-105. Plaintiff alleges that "Defendants act as Hamas' public relations division and recruit students as domestic foot soldiers not only to disseminate Hamas's propaganda but also to foment violence, chaos, and fear across the United States and at UNLV to intimidate students and faculty and coerce change in American policy." *Id.* ¶ 114. He alleges that AMP "called" "days of resistance" to "UNLV's SJP Chapters." *Id.* ¶¶ 116, 123. He further asserts that "Defendants and UNLV" "see themselves as part of" "the same movement that terrorizes Jewish students at UNLV and continues to attack and terrorize them to this day." *Id.* ¶ 136.

***Procedural History***

On May 5, 2025, this Court dismissed Plaintiff's state law IIED claim with prejudice pursuant to NRS 41.635 *et seq*. *See* ECF No. 71 pp. 16:8 – 20:5.

The Court also found that it did not have jurisdiction over AMP and dismissed Plaintiff's ATA claim without prejudice, noting that it was "difficult to imagine what facts might show that [Plaintiff] suffered injuries from an act of international terrorism that the defendants substantially assisted." *See generally* ECF No. 71 pp. pp. 6:4 – 20:5.

Notwithstanding this admonition, Plaintiff filed a Second Amended Complaint (ECF No. 79) on June 3, 2025, that contained essentially the same allegations as his inadequate First Amended

3

Complaint. (*See* ECF No. 95-1.)

After serving the Rule 11 Motion on Plaintiff's counsel and waiting for more than the required 21-day safe harbor period, AMP filed a Motion for Rule 11 Sanctions regarding the Second Amended Complaint on August 1, 2025. (ECF No. 93.)

AMP also filed a Motion to Dismiss the Second Amended Complaint on August 1, 2025. (ECF No. 95.)

Now, AMP moves for dismissal of Plaintiff's state law conspiracy claim under Nevada's anti-SLAPP statute.

**STANDARDS OF REVIEW**

**A.     Nevada's Anti-SLAPP Statute**

Nevada's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, codified at NRS 41.635 *et seq*, provides immunity from civil claims based on "good faith communication in furtherance of … the right to free speech in direct connection with an issue of public concern." NRS 41.650. Defendants bear the initial burden to show "by a preponderance of the evidence" that the claim against them is based on communication covered by the statute. *Banerjee v. Cont'l Inc., Inc.*, No. 2:17-cv-00466-APG-GWF, 2018 U.S. Dist. LEXIS 17387, at *4-5 (D. Nev. Feb. 1, 2018) (citing NRS 41.660(3)(a)). The burden then shifts to plaintiffs to make a *prima facie* showing that they have a probability of prevailing on their claim. *Id.* at *5 (citing NRS 41.660(3)(b)).

A defendant meets its initial burden, as relevant here, by demonstrating that the "communication" was "made in direct connection with an issue of public interest in a place open to the public or in a public forum." NRS 41.637(4). A court must also determine whether the communication is a "good faith communication," *i.e.*, "truthful or made without knowledge of its falsehood." *Smith v. Craig,* No.: 2:19-cv-00824-GMN-EJY, 2020 U.S. Dist. LEXIS 38774, at *7 (D. Nev. Mar. 4, 2020).

Where a defendant makes the requisite showing, courts move onto the second prong of the anti-SLAPP analysis – whether the plaintiff can demonstrate with *prima facie* evidence a probability of prevailing on the claim. NRS 41.660(3)(b). Where Defendants challenge the legal sufficiency of Plaintiff's claim, as here, the Court applies the standard from Federal Rule of Civil Procedure 12(b)(6) to determine whether the plaintiff stated a claim. *Id*. at *8 (citing *Planned Parenthood Fed'n of Am.,*

4

*Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018), *and cert. denied sub nom. Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 139 S. Ct. 1446, 203 L. Ed. 2d 681 (2019)) (granting the defendant's anti-SLAPP motion to dismiss because the plaintiff's allegations did not support a plausible claim for relief).

**B.  Civil Conspiracy**

Plaintiff's only state-law claim against AMP is the one labeled as his Ninth Claim for Relief, which alleges a claim of civil conspiracy against AMP and other advocacy groups. To sufficiently allege such a claim, a plaintiff must show (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *Rostami v. BAC Home Loans Servicing, L.P.*, No. 2:11-CV-02121-KJD, 2013 WL 100946, at *3 (D. Nev. Jan. 7, 2013) (citing *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001)). As argued below, Plaintiff failed to adequately plead any tort, and therefore cannot demonstrate with *prima facie* evidence any probability of prevailing.

**ARGUMENT**

**A.  Nevada's Anti-SLAPP Statute Protects AMP From Liability (First Prong).**

As a threshold matter, Plaintiff makes no new or changed allegations regarding AMP's communications forming the basis of his claim for civil conspiracy. *Compare generally* ECF No. 6 to ECF No. 79; *see also* ECF No. 95-1. Like his First Amended Complaint, his Second Amended Complaint, in this Court's words, "describes only one communication by AMP in its own words … a screenshot of a third-party social media post that claims that AMP's executive director stated, 'We Will Take Back Elite Colleges, America, And Palestine; We Are The Future; Zionism is No Less Evil Than White Supremacy; Your Generation Will Bring This Disgrace To An End.'" ECF No. 71 p. 18:5-9; *see also* ECF No. 79 ¶ 28. Likewise, as the Court noted regarding the FAC, the only conduct by AMP, through NSJP, alleged in the SAC that could arguably be the basis of a conspiracy claim are NSJP's social media posts and messaging to other activist organizations by distributing a resistance toolkit. *See* ECF No. 71 p. 18:11-14.

This Court has already determined that these communications are protected under Nevada's anti-SLAPP statute. *See* ECF No. 71 pp. 17:17 – 19:17. Thus, that decision applies and it need not reengage in the prong one analysis. For the same reasons the Court previously held that these

5

communications were good faith communications on an issue of public interest made in a place open to the public or in a public forum, it should do so now.

Indeed, doing so is mandatory under the law-of-the-case doctrine. The law-of-the-case doctrine "refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as law of the case) by that court or a higher one in earlier phases." *Recontrust Co. v. Zhang*, 130 Nev. 1, 7–8, 317 P.3d 814, 818 (2014) (quoting *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C.Cir.1995)). The law-of-the-case doctrine has been applied to bar re-argument of issues already decided on previous anti-SLAPP motions. *See Finato v. Keith A. Fink & Assocs.*, 68 Cal. App. 5th 136, 148–49, 283 Cal. Rptr. 3d 223, 233–34 (2021) (holding that allegations analogous to those previously stricken under anti-SLAPP statute could not form basis of liability in amended complaint and noting that permitting amendment once the court finds the prong one showing has been met would "completely undermine" the anti-SLAPP statute by providing the pleader a ready escape from the anti-SLAPP statute's quick dismissal remedy); *cf. Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. SACV1502034JVSJCGX, 2017 WL 6060605, *7 (C.D. Cal. Apr. 19, 2017) (applying law-of-the-case doctrine to denial of anti-SLAPP motion).

Here, as the communications alleged in the Second Amended Complaint are identical to those forming the basis of Plaintiff's IIED claim—which this Court dismissed with prejudice—the law-of-the-case doctrine mandates that the Court again find that AMP has met its burden under prong one of the anti-SLAPP analysis. In any case, in the interest of efficiency, the arguments made in the prior anti-SLAPP Motion and its supporting declaration are incorporated here by reference. *See* ECF No. 37 pp. 5:2 – 8:14; ECF No. 46 pp. 2:20 – 5:4; ECF No. 37-1.

**B. Plaintiff Cannot Show a Probability of Success on His Conspiracy Claim (Second Prong).**

To properly plead a claim for civil conspiracy, a plaintiff must set forth facts showing: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *Rostami v. BAC Home Loans Servicing, L.P.*, No. 2:11-CV-02121-KJD, 2013 WL 100946, at *3 (D. Nev. Jan. 7, 2013) (citing *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001)). "Mere recitals of the elements of a cause of action, supported only by conclusory statements, are not sufficient" to establish

a claim. *Iqbal*, 556 U.S. at 678; *Warren v. Dollar Tree*, No. 2:23-cv-01377-APG-EJY, 2024 U.S. Dist. LEXIS 6692, at *8 (D. Nev. Jan. 11, 2024). Indeed, under some circumstances, "the [conspiracy] cause of action must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b) including specificity as to 'the manner in which a defendant joined in the conspiracy and how he participated in it.'" *Rostami*, 2013 WL 100946, at *3 (quoting *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984)). At the very least, the Second Amended Complaint must "describe the defendants' actions adequately enough to put the defendants on notice of the particular misconduct that constitute the civil conspiracy claim. *Chocolate Magic Las Vegas LLC v. Ford*, 337 F. Supp. 3d 950, 960 (D. Nev. 2018).

All Plaintiff alleges is:

> Defendants AMP, SJP-UNLV, NSJP were a combination of two or more persons who, by concerted action, in conjunction with their actions and conduct in following the directives and instructions of Hamas, intended to accomplish an unlawful objective of furthering the terrorist organization of Hamas and antisemitic conduct at UNLV for the purpose of harming Jewish students at UNLV, such as Plaintiff. As a result of said conduct, Plaintiff suffered damages.

Doc. 79 ¶ 363. Such allegations are not only fantastical and implausible, they are merely conclusory: Plaintiff fails to allege the "particular misconduct" he claims is "concerted action." Thus, his claim fails. *Compare Chocolate Magic*, 337 F. Supp. 3d 950, 960 (D. Nev. 2018) (plaintiff "provides an approximate date when the conspiracy began, describes behavior that is plausibly synchronized and motivated by a desire to harm [the plaintiff] and when appropriate provides descriptions of individualized behavior").

Plaintiff's ATA allegations do not save his conspiracy claim; instead, his claim that AMP (or anyone else) committed a tort against him under the ATA cannot survive dismissal, and therefore his derivative conspiracy claim cannot survive dismissal. Nor has Plaintiff alleged any agreement between AMP and the other defendants, much less with the particularity required by FRCP 9(b). Because Plaintiff fails to properly state a claim for civil conspiracy as a matter of law, he cannot meet his burden to establish a *prima facie* showing of a probability that he will succeed on this claim. NRS 41.660(3)(b).

## CONCLUSION

Plaintiff's conspiracy claim rests solely on communications he alleges AMP made that fall within the protection of Nevada's anti-SLAPP statute. AMP's alleged communications occurred in

7

good faith, in furtherance of the right to free speech, and "in direct connection with an issue of public concern." NRS 41.650. AMP has immunity against civil actions based on those communications. Plaintiff also fails to demonstrate any probability of prevailing on his conspiracy claim. Therefore, AMP respectfully requests this Court dismiss Plaintiff's conspiracy claim against it in full, with prejudice, and award AMP reasonable costs, fees, and other monetary relief as appropriate and provided for by the statute.

Dated: August 4, 2025

Respectfully submitted,

/s/ *Margaret A. McLetchie*
Christina A. Jump (admitted *pro hac vice*)
Email: cjump@clcma.org
Samira Elhosary (admitted *pro hac vice*)
Email: selhosary@clcma.org
Constitutional Law Center
for Muslims in America*
100 N. Central Expy, Suite 1010
Richardson, Texas 75080
Telephone: 972-915-2507

*Counsel for Defendant AJP Educational Foundation, Inc.*

**The Constitutional Law Center for Muslims in America is the legal division of the Muslim Legal Fund of America*

Margaret A. McLetchie (NV Bar No. 10931)
Email: maggie@nvlitigation.com
Leo S. Wolpert (NV Bar No. 12658)
Email: leo@nvlitigation.com
McLetchie Law
602 S. 10th St.
Las Vegas, NV 89101
Telephone: 702-728-5300
*Local Counsel for Defendant AJP Educational Foundation, Inc.*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Leo S. Wolpert*
Leo S. Wolpert
An Employee of MCLETCHIE LAW