Elda M. Sidhu (NV Bar No. 7799)
General Counsel
Email: elda.sidhu@unlv.edu
Andrew D. Smith (NV Bar No. 8890)
Email: andrew.d.smith@unlv.edu
**UNIVERSITY OF NEVADA, LAS VEGAS**
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
Telephone: (702) 895-5185
Facsimile: (702) 895-5299
*Attorneys for University of Nevada, Las Vegas and Christopher Heavey*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; CHRISTOPHER HEAVEY, in his official capacity as current UNLV Interim President; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>  Defendants. | Case No.: 2:24-cv-00985-APG-MDC<br><br>**DEFENDANTS UNLV AND CHRISTOPHER HEAVEY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

The Board of Regents of the Nevada System of Higher Education on behalf of the University of Nevada, Las Vegas ("UNLV") and Christopher Heavey, in his official capacity as Interim president of UNLV, move to dismiss Plaintiff's Second (Equal Protection), Third (Title VI as to Heavey), Fourth (Section 1983—Failure to Train),

1

Fifth (Section 1983—Ratification), and Seventh (Section 1983—Free Speech Retaliation) claims for relief contained in his Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

Dated September 2, 2025.

/s/   Andrew D. Smith
Elda M. Sidhu (NV Bar No. 7799)
Andrew D. Smith (NV Bar No. 8890)
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
*Attorneys for University of Nevada, Las Vegas*

**POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The Nevada System of Higher Education ("NSHE") and UNLV are committed to the free speech and free exercise rights of all members of the university community, as explained in UNLV's Motion to Dismiss filed November 12, 2024.

Following motions to dismiss from all Defendants in 2024, this Court granted Plaintiff a second opportunity to amend his Complaint and, "offer[ed] guidance on the deficiencies of his claims as currently pleaded." [Doc. #72, Order (1) Granting in Part UNLV's Motion to Dismiss and (2) Granting Keith Whitfield's Motion to Dismiss ("Order"), 10:23.]

The specific guidance included an instruction to comply with Rule 8(a), "which requires only a short and plain statement of the claim showing he is entitled to relief and the damages sought." [Order, Doc. #72, 24:2-3.]

Plaintiff's Second Amended Complaint [Doc. #79], filed June 3, 2025, retains much of the inflammatory and irrelevant information that the Court instructed Plaintiff to omit in an amended filing. The content has been reorganized. The five relevant pages, beginning on page 52 of the First Amended Complaint ("FAC")

2

[Doc. #6], has been interspersed with the background information to try and create the impression that the background information is relevant to this matter. However, the Court identified 51 pages of background material in the FAC (*see* Order, Doc. #72, 24:3-8). Of that, only 13 paragraphs were omitted from the Second Amended Complaint.[1]

Defendant's Second Amended Complaint retains the inflammatory and irrelevant information and offers only more inflammatory and conclusory statements, making no improvements on the First Amended Complaint.

Accordingly, the Court should dismiss the Second (Equal Protection), Third (Title VI as to Heavey), Fourth (Section 1983—Failure to Train), Fifth (Section 1983—Ratification), and Seventh (Section 1983—Free Speech Retaliation) claims for relief contained in his Second Amended Complaint against UNLV and Heavey because Plaintiff has still failed to "plausibly allege facts to support the claim[s] and tie those facts to [] ongoing constitutional violation[s] for which he seeks injunctive relief." [Order, Doc. #72, 13:22-23.] Because Plaintiff has been allowed to amend his complaint twice and has still failed to assert legally sufficient claims, UNLV and Heavey respectfully request dismissal with prejudice this time as to Second (Equal Protection), Third (Title VI as to Heavey), Fourth (Section 1983—Failure to Train), Fifth (Section 1983—Ratification), and Seventh (Section 1983—Free Speech Retaliation) claims for relief.

II.     **STATEMENT OF FACTS**

Plaintiff's facts in the Second Amended Complaint are practically identical to those in the First Amended Complaint. [*Compare* Second Amended Complaint, Doc. #79, with First Amended Complaint, Doc.# 6.] Plaintiff added a conclusory statement

---

[1] The background content found in paragraphs 19, 47 – 55, 57-58, and 107 of the First Amended Complaint was omitted from the Second Amended Complaint. The reminder was retained.

3

that Defendant UNLV has generally continued to allow hate speech and promotion of violence by student organizations. [Doc. #79, ¶50.]

Plaintiff is a student at UNLV. [Doc. #6, ¶217; Doc. #79, ¶19]. Plaintiff is a devout Jew and wears a kippah at all times. [Doc. #6, ¶219, Doc. #79, ¶19]. He is a member of the Consolidated Students of the University of Nevada, Las Vegas (CSUN), UNLV's undergraduate student government. [Doc. #6, ¶225, Doc. #79, ¶25].

Plaintiff alleges discrimination and hostility in his role in CSUN. [Doc. #6, ¶227, Doc. #79, ¶25]. An advisor for CSUN was visibly upset learning he was a conservative candidate running for office. [Doc. #6, ¶227, Doc. #79, ¶27]. The advisor allegedly spoke to a CSUN officer to dissuade people from supporting him for office, telling people she did not want him to win. [Doc. #6, ¶227, Doc. #79, ¶27]. A resolution he collaborated on did not move forward due to the advisor's intervention without a valid reason. [Doc. #6, ¶227, Doc. #79, ¶27]. The advisor said that plaintiff makes women feel defensive because he is a "white male of large size." [Doc. #6, ¶227, Doc. #79, ¶27]. The advisor encouraged the student body president to file impeachment charges against nine Senators, including plaintiff, for discussing a candidate via G-Chat in violation of Nevada Open Meeting Law. [Doc. #6, ¶227, Doc. #79, ¶27]. The advisor disclosed FERPA-protected credit information about plaintiff to another student. [Doc. #6, ¶227, Doc. #79, ¶27]. The advisor encouraged another student to spread false accusations of racism and homophobia about him across campus. [Doc. #6, ¶227, Doc. #79, ¶27]. Other students have told plaintiff that the advisor dislikes him because he is "a conservative Jew." [Doc. #6, ¶229, Doc. #79, ¶29]. "Many members of [CSUN] are pro-Palestine and have verbally attacked plaintiff and treated him poorly due to his identity a kippa-wearing Jew." [Doc. #6, ¶230, Doc. #79, ¶30].

Plaintiff struggled academically, failing two classes due to stress. [ECF 6, ¶231]. Plaintiff "has been effectively exiled from the Senate chambers because of his Jewish identity." [Doc. #6, ¶231, Doc. #79, ¶31].

In June 2023, plaintiff was asked questions about his Jewish heritage and sexual orientation when he began working at the campus library. [Doc. #6, ¶218, Doc. #79, ¶18].

In August 2023, plaintiff was terminated from his position at the library. [Doc. #6, ¶222, Doc. #79, ¶22].

Plaintiff does not allege any facts of the disparate treatment by his supervisors.

"On October 7, 2023, Hamas had killed 1,200 people and abducted over 200 more including American citizens, still being held by Hamas as hostages." [Doc. #6, ¶154, Doc. #79, ¶174]. Hamas is a terrorist organization. [Doc. #6, ¶150, Doc. #79, ¶241].

"Shockingly, numerous students and faculty members at UNLV celebrate, justify, and excuse Hamas's mass rape, murder, and kidnapping. Many have resorted to harassment and even violence against Jewish students in support of Hamas's attack and in condemnation of Israel's defensive response. UNLV faculty members and Administration publicly support these students and oppose even the smallest measures to combat UNLV's antisemitism." [Doc. #6, ¶156, Doc. #79 ¶176].

"UNLV has allowed non-student organizations like Nevadans for Palestinian Liberation, Red Desert Collective and Fifth sun Project to attend student rallies and harass UNLV's students." [Doc. #6, ¶159, Doc. #79 ¶179].

On November 17, 2023, UNLV leadership met with Jewish students and community members from local Jewish groups to hear their concerns. [Doc. #6, ¶¶ 169–75, Doc. #79 188-195].

Plaintiff does not allege that he attended the meeting with UNLV leadership.

On December 1, 2023, plaintiff spoke during public comment at the meeting of the Board of Regents to express his concerns about antisemitism. [Doc. #6, ¶176, Doc. #79, ¶196].

In December 2023, plaintiff returned to the library to study when the individual who fired saw him as a threat and called the police. [Doc. #6, ¶223, Doc. #79, ¶23].

On January 22, 2024, the CSUN Senate held a meeting at which former UNLV President Keith Whitfield attended to discuss the December 6, 2023 shotting at UNLV. [Doc. #6, ¶234, Doc. #79, ¶34]. Plaintiff "seized the opportunity" and told Whitfield at the meeting "that students needed faculty help in fighting antisemitism and writing a resolution." [Doc. #6, ¶234, Doc. #234]. "Whitfield said that was not something faculty should do to fix the tension between Jewish and Muslim students." [Doc. #6, ¶235, Doc. #79, ¶35]. Plaintiff then requested Whitfield bring together the two groups to facilitate a peaceful resolution, to which Whitfield replied that such action should come from the students and not UNLV. [Doc. #, ¶236, Doc. #79 ¶36].

In February 2024, plaintiff reached out to Whitfield and another employee "to explain that he felt targeted for being Jewish" without a response. [Doc. #6, ¶237, Doc. #79, ¶37].

On February 27, 2024, a visiting Israeli physics professor delivered an open lecture about black holes, as part of a public physics symposium. He was interrupted by protestors voicing their views about the ongoing conflict in Gaza. [Doc. #6, ¶177, Doc. #79, ¶197]. The lecture ended due to the interruption by the protesters. [Doc. #6, ¶178, Doc. #79, ¶198].

Plaintiff does not allege that he was in attendance at that lecture.

"In March 2024, plaintiff made formal complaints to the Board of Regents about the antisemitism he was experiencing, but never heard back from anyone regarding same." [Doc. #6, ¶238, Doc. #79, ¶38].

Plaintiff sent an email to Whitfield and UNLV General Counsel Elda Sidhu on March 5, 2024 stating that he felt "targeted and retaliated against because of his faith." [Doc. #6, ¶239; Doc. #79, ¶39].

In May 2024, organized protests demanded UNLV divest in any companies that deal with Israel. [Doc. #6, ¶189, Doc. #79 ¶209]. The protesters chanted various offensive slogans. [Doc. #6, ¶191, Doc. #79, ¶211.]

Plaintiff does not allege that he was present at those protests.

Whitfield and other members of the UNLV administration met with the other Defendants on or about November 17, 2023. They also met with the Anti-Defamation League (Las Vegas), Hillel Nevada and other local Jewish groups. [Doc. #6, ¶¶195–96, Doc. #79, ¶188-190]. Plaintiff does not allege that he was present for these meetings.

On May 11, 2024, UNLV held commencement at which a student gave a speech that deviated from her pre-approved script. [Doc. #6, ¶201, Doc. #79, ¶221]. A few days later, Whitfield sent an email to the university community stating:

> Unfortunately, what should have been a celebration for all in attendance has become the focus of scrutiny because of remarks shared during one of the speeches. . .
>
> Protecting free speech and academic freedom is something that I am very serious about upholding. However, we are all responsible for what we say, when we say it, what venue we choose to say it in, and how it may impact others. The guidelines and policies we have in place are important standards to ensure every individual is afforded the dignity and respect this milestone celebration demands.
>
> I understand that the words spoken during the commencement ceremony were hurtful to some graduates and others in attendance, and I want to make it clear that this speech does not represent the views of this university.

[Doc. #6, ¶202-205, Doc. #79, ¶223-225].

Plaintiff does not allege that he was present at graduation to hear that speech.

Plaintiff asserts he has been under severe emotional strain from the distress of being accosted by antisemitic protestors. [Doc. #6, ¶209, Doc. #79, ¶229]. He chooses to wear a baseball cap over his kippah. [Doc. #79 ¶¶ 144, 148, and 262.] He does not allege that he was required by UNLV or Heavey to cover his kippah.

On July 8, 2024, Whitfield announced the launch of an expanded anti-bias and anti-discrimination education and training program for UNLV's employees. [Doc. #14, Ex. F].

7

On August 8, 2024, plaintiff received a Right to Sue letter from the EEOC. [Doc. #6, ¶221, Doc. #79, ¶¶ 21 and 348].

### III. LEGAL ARGUMENT

**A. Eleventh Amendment Immunity Applies to Heavey**

UNLV employees sued in their official capacities are entitled to Eleventh Amendment immunity. *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 968 (9th Cir. 2010). As the court reasoned:

> "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies. *See Papasan v. Allain*, 478 U.S. 265, 276 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).
>
> Eleventh Amendment immunity also shields state officials from official capacity suits. *See Central Reserve Life of N. Am. Ins. Co. v. Struve* ("Central Reserve"), 852 F.2d 1158, 1160–61 (9th Cir. 1988). A narrow exception exists "where the relief sought is prospective in nature and is based on an ongoing violation of the plaintiff's *federal* constitutional or statutory rights." *Id.* at 1161 (emphasis in original); *see also Papasan*, 478 U.S. at 277–78; *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell–Jolly*, 572 F.3d 644, 660 (9th Cir. 2009) ("[A] plaintiff may ... maintain a federal action to compel a state official's prospective compliance with the plaintiff's federal rights.") (citations omitted).

*Krainski*, 616 F.3d at 967–68. Suits against state official in their official capacity are no different from suits against the state itself. *Id.* at 968. As such inclusion of the individual state officer may be dismissed as "a redundant defendant." *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008). Heavey, in his official capacity as current UNLV Interim President, is covered by the Eleventh Amendment. *Id.* at 968.

However, if Plaintiff can show that the exception to that broad immunity which was recognized in *Ex Parte Young*, 209 U.S. 123 (1908) applies here, Plaintiff could seek

injunctive relief for ongoing violations of federal rights. To do so, Plaintiff must allege (1) an ongoing violation of federal law and (2) seek prospective relief. *Verizon Md., Inc. v. Pub. Svc. Com'n of Md.,* 535 U.S. 635, 645 (2002). The Court specified how Plaintiff could meet that standard for Claims 2, 4, 5, 6, and 7. Specifically, Plaintiff was instructed to "plausibly allege facts to support the claim and tie those facts to an ongoing constitutional violation for which he seeks injunctive relief." [Doc. #72, Order, at 13:22-23.]

Plaintiff then filed his Second Amended Complaint, which repeated the facts from the First Amended Complaint and added:

> The UNLV Defendants have failed and continue to fail in preventing the ongoing harassment and discrimination of Jewish students, such as Plaintiff, have experienced, and continue to experience while attending UNLV. Moreover, the UNLV Defendants ongoing failure to cease the ongoing hate speech and promotion of violent conduct of organizations at UNLV, such as Defendants AMP, SJP-UNLV, and NSJP requires prospective injunctive relief and damages.

[Doc. #79, ¶50.]

This conclusory statement does not plausibly allege facts to support Plaintiff's claims of ongoing violations of federal rights.

**B. Qualified Immunity Applies to Heavey.**

Heavey is entitled to qualified immunity. In *Krainski*, the court held:

> State officials are entitled to qualified immunity from suits for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Determining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *al–Kidd v. Ashcroft*, 580 F.3d 949, 964 (9th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). "For a constitutional right to be clearly established, its contours must be

sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (internal quotation marks omitted). "It is within our 'sound discretion' to address these two prongs in any sequence we see fit." *al–Kidd*, 580 F.3d at 964 (quoting *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)).

*Krainski*, 616 F.3d at 968.

Here, plaintiff does not allege any violations of a clearly established constitutional right committed by Heavey. As such, Heavey is entitled to qualified immunity and the Court should dismiss this action against him.

## C. Plaintiff Lacks Standing.

Plaintiff lacks standing to prosecute claims that does not redress an injury to him. Plaintiff bears the burden to establish Article III standing for each of his claims and for the form of the relief sought. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021); *Meland v. Weber*, 2 F.4th 838, 843 (9th Cir. 2021). First, he must show an injury in fact, which is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Weber*, 2 F.4th at 844. The threatened injury must be certainly impending to be an actual or imminent injury. *Id*. It is insufficient to allege a possibility of future injury. *Id*. Plaintiff must be personally affected by the injury that is beyond the psychological consequence presumably produced by observation of conduct with which one disagrees. *Id*. Second, there must be a causal connection between the injury and the conduct complained of that is fairly traceable to the defendant and not the result of the independent action of some third party. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Third, plaintiff must show redressability. *Id*. at 561.

Here, aside from alleging termination from his employment at the library, plaintiff has failed to allege any concrete injuries.

**D. Legal Standard for Failure to State a Claim.**

Under Rule 12(b)(6), a complaint must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Faulkner v. APT Sec. Services, Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." *Id.* at 678 (internal quotation and citation omitted). For a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**E. Plaintiff's Second Claim Must Be Dismissed.**

Plaintiff's second claim alleges that that Heavey (or the Office of the President) violated his right to Equal Protection under the 14th Amendment of the United States Constitution. For Plaintiff to state a claim under 42 U.S.C. § 1983 for a violation of his Equal Protection rights under the Fourteenth Amendment, he must show that Heavey acted with an intent or purpose to discriminate against him based upon membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

In his Second Amended Complaint, Plaintiff adds the allegation that: "the Defendants carried out customs and/or policies and/or practices and usage of deliberate

indifference to Jewish people such as Plaintiff and tolerance for discrimination of Jewish people such as Plaintiff and failed to protect Plaintiff and prohibit the discriminatory conduct of Jewish people." [Second Amended Complaint ¶260.] Plaintiff then vaguely alleged that "there is an ongoing violation [sic] Plaintiff's Equal Protection rights." [Second Amended Complaint ¶273.]

Plaintiff fails to allege sufficient facts to make out a claim that Heavey (or the Office of the President) violated his Equal Protection rights. Plaintiff does not allege any discriminatory intent on Heavey's part. Nor does plaintiff describe any specific action that Heavey, or anyone in the Office of the President, took against him. He only alleges that he was denied educational services, which is clearly contradicted since he says that he continues to be a student and enrolled in classes.

Plaintiff's Second Amended Complaint fails to add any factual substance when compared to his First Amended Complaint. The Court specified in its Order that plaintiff must describe "what actions Whitfield took under color of law to intentionally discriminate against Gerwaski on the basis of his race and religion." [Order, Doc. #72, 13:13-14.] The Court also required Plaintiff to clarify "what these customs, policies, or practices are, or what actions can be fairly attributed to Whitfield." [Order, Doc. #72, 13:18-19.] Clearly, plaintiff's Second Amended Complaint fails to address the Court's concerns about materially deficient factual allegations. Furthermore, Plaintiff fails to factually tie any factual assertions to an ongoing constitutional violation.

Plaintiff did request injunctive relief. *See* Second Amended Complaint [Doc. #79] ¶¶ 273 and 274. However, without "plausibly alleg[ing] facts to support the claim," Plaintiff cannot "tie those facts to an ongoing constitutional violation." [Order, Doc. #72, 13:22-23.] And without plausible facts and a showing of an ongoing constitutional violation, Plaintiff fails to plead the grounds on which he seeks injunctive relief. Accordingly, Plaintiff's Second Claim should again be dismissed.

**F. Plaintiff's Third Claim Must Be Dismissed.**

Plaintiff asserts a claim against Heavey (or the Office of the President) under Title VI of the Civil Rights Act. Title VI provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "In a Title VI claim, the proper defendant is the entity receiving federal funds, not the employees who are employed by the entity." *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1122 (N.D. Cal. 2011).

The Court already found that Plaintiff made out a plausible claim under Title VI against UNLV. However, Plaintiff's claim against Heavey is in his official capacity under Title VI lacks a request for prospective relief to address ongoing violations of his rights under Title VI. Plaintiff adds

> Plaintiff is entitled to an order enjoining Defendant Heavey, in his official capacity as current interim UNLV President, and successor to Keith Whitfield, and its agents from establishing, implementing, instituting, maintaining, or executing policies, practices, procedures, or protocols that: (i) penalize or discriminate against Jewish and/or pro-Israel students, including Plaintiff; (ii) fund student organizations that exclude or penalize Jewish and/or Pro-Israel students; and (iii) officially recognize student organizations that exclude, discriminate against, or harass Jewish and/or pro-Israel students.

[Doc. #79, ¶286].

Plaintiff has clearly not fashioned the requested remedy to a violation tied to him. Consequently, Plaintiff's Third claim should again be dismissed.

**G. Plaintiff's Fourth Claim Must Be Dismissed.**

Plaintiff alleges under 42 U.S.C. § 1983 that Heavey (or the Office of the President) failed to train personnel, administrators, and faculty to identify and prevent discrimination as required by Title VI and Title VII.

"In order to state a claim against a government *employer* for violation of the First Amendment, an employee must show (1) that he or she engaged in protected speech; (2) that the employer took adverse employment action; and (3) that his or her speech was a substantial or motivating factor for the adverse employment action." *Flesch v. Cnty. of Lake*, 2021 WL 3633835, at *4 (N.D. Cal. Aug. 17, 2021) (emphasis in original, internal citations and quotations omitted).

Heavey is not a recipient of Federal financial assistance. He is also not Plaintiff's employer. Plaintiff cannot maintain his action against Heavey under Title VI because Heavey is not Plaintiff's employer. *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007).

Plaintiff adds no new facts in his Second Amended Complaint regarding this claim. Specifically, Plaintiff failed to add the facts required to constitute a plausible allegation of an ongoing violation of his rights under Title VI and Title VII specific to his claim of failure to train. Plaintiff's inclusion of a general claim of ongoing violations in ¶50 of the Second Amended Complaint [Doc. #79] is insufficient.

Plaintiff adds two new paragraphs regarding addressing injunctive relief. [*See* Second Amended Complaint, Doc. #79, ¶¶ 308 and 309.] These paragraphs request an order prohibiting Heavey from violating Titles VI and VII specifically as to Jewish students and reciting language from Title VI:

> prohibiting the UNLV Defendants from violating his Title VI and Title VII rights, including from Defendants engaging in discriminatory and harassing conduct, against Plaintiff based on his Jewish background, and specifically, that no person shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

[Doc. #79, ¶ 308.]

Plaintiff then goes on to request an order prohibiting UNLV from funding or officially recognizing student organizations that exclude or harass Jewish students.

Consequently, Plaintiff's Second Amended Complaint fails to satisfy the standard set by this Court to "plausibly allege additional facts to support the claim and tie those facts to an ongoing constitutional violation for which he seeks injunctive relief." [See Order p. 15, ll. 13-20.] Plaintiff's Second Amended Complaint does not plausibly allege facts related to an ongoing violation for failure to train and nor does it tie those facts to a request injunctive relief to address that allegation. Plaintiff's Fourth Claim should again be dismissed.

### H. Plaintiff's Fifth Claim Must Be Dismissed.

Plaintiff claims that Heavey (of the Office of the President) ratified the discriminatory actions of personnel, administrators, and faculty at UNLV. Under § 1983, a plaintiff must show: "(1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In an action alleging ratification by a supervisor, "supervisors can be held liable for: (1) their own culpable action or inaction in the training, supervision, or control of subordinates; (2) their acquiescence in the complained-of constitutional deprivation; and (3) conduct that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000). Further,

> [i]n limited circumstances a supervisor's subsequent "ratification" of another's conduct can form the basis for liability under § 1983. The decision to ratify specific conduct, however, must approve both the subordinate's decision and the basis for it, and the ratification decision must be the product of a conscious, affirmative, choice to ratify the conduct in question. It must be a decision to ratify unconstitutional conduct.

*Peschel v. City of Missoula*, 686 F.Supp.2d 1092, 1102 (D. Mont. 2009).

Plaintiff fails to allege a constitutional violation that Heavey (or the Office of the President) expressly ratified. Plaintiff complains that protesters exercising their constitutional rights caused a risk of serious harm, embarrassment, and humiliation to him. [Second Amended Complaint, Doc. #79, ¶319.] Yet this speculation and feelings he experienced do not amount to a Constitutional concern.

Plaintiff's Second Amended Complaint adds only one phrase to its factual allegations regarding this claim: ". . . , including Defendants' decision to allow the antisemitic chants and chaos on campus precluding Plaintiff from wearing an open kippa without having to hide it under a baseball cap or other type of head covering." [Second Amended Complaint, Doc. #79, ¶¶312, 317, and 318.] Although Plaintiff may have interacted with an unidentified group of protesters at some point and in some place, this new phrase fails to connect that interaction to any actions of UNLV or its President. Plaintiff simply does not show how Heavey or any employee of UNLV "precluded" Plaintiff from wearing his kippah at any time. [Second Amended Complaint, Doc. #79, ¶¶44-46.]

Finally, it fails to address the Court's concerns that:

- Plaintiff's "conclusory statements do not adequately identify a practice or custom with enough specificity to trace it to [Plaintiff]'s injuries."
- Plaintiff "does not allege sufficient facts to show that a practice or custom was longstanding."
- Plaintiff "does not identify what illegal acts a subordinate employee performed that Whitfield ratified."

[Order, Doc. #72, 16:21 – 17:3.]

Plaintiff's failure to further develop his factual allegations in his Second Amended Complaint is decisive because the Court ruled that the facts alleged in the First Amended Complaint were insufficient and dismissed that claim. [Order, Doc. #72, 16:21 – 17:8.]

Plaintiff presumably relies on his general claim of ongoing violations in ¶50 of the Second Amended Complaint to address the Court's instruction to that specific ongoing violations must be pleaded in support of this claim. As with Plaintiff's prior claims, the general assertion of ongoing violations is insufficient to constitute a plausible allegation that this specific claim amounts to an ongoing violation.

As to injunctive relief, Plaintiff merely repeats the relief requested for the Fourth Claim. This is clearly not "prospective relief that is fashioned to remedy that violation." [Order, Doc. #72, 17:5.] As with the prior claims, Plaintiff's Second Amended Complaint does not plausibly allege facts related to an ongoing violation of ratification and nor does it tie those facts to a request injunctive relief to address that allegation. Once again, Plaintiff's Fifth Claim should be dismissed.

**I. Plaintiff's Seventh Claim Must Be Dismissed.**

A First Amendment retaliation claim requires that a plaintiff show that: (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016). Here, plaintiff fails to allege that he was engaged in a constitutionally protected activity that the UNLV President's action chilled.

Plaintiff's Second Amended Complaint adds no new facts in support of his claim of retaliation. This failure is determinative because the Court previously ruled that Plaintiff "has not identified what protected activity he engaged in or what specific actions Whitfield took in retaliation." [Court Order, p. 19, ll. 2-3.]

As with the previous claims, Plaintiff's inclusion of general language in ¶50 of the Second Amended Complaint is insufficient to plausibly allege an ongoing violation of retaliation. And once again, Plaintiff merely repeats the relief requested for the Fourth, Fifth, and Sixth Claims. Consequently, Plaintiff fails to plausibly allege facts

related to an ongoing violation, this time one of retaliation. Nor does Plaintiff tie any facts to his request for injunctive relief to show that his request addresses the allegation of retaliation. Accordingly, Plaintiff's Seventh Claim should again be dismissed.

## IV.     CONCLUSION

Plaintiff's Second (Equal Protection), Third (Title VI as to Heavey), Fourth (Section 1983—Failure to Train), Fifth (Section 1983—Ratification), and Seventh (Section 1983—Free Speech Retaliation) claims for relief contained in his Second Amended Complaint should be dismissed because (1) Plaintiff failed to show that the exception to Eleventh Amendment Immunity applies here and (2) Plaintiff failed to plead a valid legal theory and sufficient facts to state his claims against UNLV or its President. These claims were previously dismissed with specific instruction on how the Plaintiff could validly re-allege the. Plaintiff's Second Amended Complaint fails to meet the criteria set by the Court in its Order [Doc. #72]. As such, UNLV requests that the Court enter an order dismissing these claims with prejudice.

Dated September 2, 2025.

/s/   Andrew D. Smith
Elda M. Sidhu (NV Bar No. 7799)
Andrew D. Smith (NV Bar No. 8890)
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
*Attorneys for University of Nevada, Las Vegas*

**Certificate of Service**

I certify that, on the date and time of the electronic service, a copy of the foregoing *Defendants UNLV and Christopher Heavey's Motion to Dismiss Plaintiff's Second Amended Complaint* was sent via electronic means through CM/ECF to the following at their last known email addresses:

| | |
|---|---|
| David Z. Chesnoff | dzchesnoff@cslawoffice.net, rdemarco@cslawoffice.net |
| Richard A Schonfeld | rschonfeld@cslawoffice.net, rreyes@cslawoffice.net |
| Margaret A McLetchie | maggie@nvlitigation.com, efile@nvlitigation.com |
| Robert Z. DeMarco | rdemarco@cslawoffice.net |
| Christopher Peterson | peterson@aclunv.org, bennett@aclunv.org, haseebullah@aclunv.org, legaladmin@aclunv.org skroner@aclunv.org |
| Jacob T. S. Valentine | jvalentine@aclunv.org |
| Christina A. Jump | cjump@clcma.org, rana.hakim@mlfa.org |
| Samira S. Elhosary | selhosary@clcma.org |

Dated September 2, 2025.

/s/   Sheena M. Imes
An employee of the Office of General Counsel
University of Nevada, Las Vegas