CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
         jsmith@aclunv.org

*Attorneys for Defendant Students for Justice in Palestine, UNLV*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KEITH WHITFIELD, individually; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>　　　　　　Defendants. | Case No.: 2:24-cv-00985-APG-MDC<br><br>**DEFENDANT STUDENTS FOR JUSTICE IN PALESTINE UNLV'S REPLY IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS**<br><br>**[ORAL ARGUMENT REQUESTED]** |

Defendant Students for Justice in Palestine ("SJP UNLV") offers this reply is support of their Motion for Rule 11 Sanctions (ECF No. 109) and in response to Plaintiff's opposition (ECF No. 115).

/ / /

/ / /

/ / /

I

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 11 sanctions are warranted. Despite this Court's prior order clearly describing how Gerwaski failed to adequately plead his Antiterrorism Act ("ATA") claim in his First Amended Complaint ("FAC"), Gerwaski brought an essentially identical claim against SJP UNLV in his Second Amended Complaint ("SAC"). Just like his first ATA claim, Gerwaski failed to explain how he was harmed by the October 7, 2023, attack or identify any actions taken by SJP UNLV whatsoever prior to that day that assisted the attack. Making matters worse, Gerwaski's only other claim against SJP UNLV in his SAC is premised entirely on his flawed ATA claim.

Gerwaski's countermotion for sanctions in his opposition must be denied. The motion violates this Court's local rules governing countermotions. It is also legally and factually baseless.

**I.   Gerwaski has failed to explain how his current claims are not frivolous in light of the Court's previous order dismissing his first ATA claim against SJP UNLV.**

Pursuant to Rule 11, "[an] attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation omitted). Gerwaski's counsel clearly failed to perform this inquiry in filing the Second Amended Complaint ("SAC").

In dismissing Gerwaski's ATA claim in his FAC against SJP UNLV and Defendant AMP, this Court observed that Gerwaski's "conclusory statement that he [was] injured without describing [. . .] how those injuries arose out of an act of international terrorism is not sufficient to plausibly allege an injury under the Antiterrorism Act." Order Granting Defendants AJP Educational Foundation and SJP-UNLV's Motions to Dismiss, ECF No. 71 at 10:15–18. The Court also explained that "[e]ven if vocal support from across the world could be substantial assistance for future acts of terrorism, Gerwaski does not allege any actions by the defendants that substantially assisted the

October 7, 2023 act of international terrorism" because "[a]ll of defendants' conduct alleged in the FAC took place after this event." *Id.* at 10:22–11:3. While it granted Gerwaski leave to amend his ATA claim, the Court warned Gerwaski that "it is difficult to imagine what facts might show that he suffered injuries from an act of international terrorism that the defendants substantially assisted." *Id.* at 11:5–6. Yet despite these clear admonishments, Gerwaski brought his ATA back without any showing that he was injured by the October 7th attack or identifying any actions undertaken by SJP UNLV that preceded that attack let alone assisted it.

Just like his FAC, Gerwaski predicates his current ATA claim on the October 7, 2023, attack that occurred in Israel, *see* Opposition to Students for Justice in Palestine-UNLV's Motion to Dismiss Second Amended Complaint, ECF No. 101 at 18:14 – 16 ("Here, the October 7, 2023 attack is the predicate act"); just like his FAC, Gerwaski fails to explain how the October 7th attack injured him. Gerwaski alleges he was diagnosed with Bell's Palsy and suffered educational setbacks, but he says that SJP UNLV's and other Defendants' actions on UNLV's campus caused those injuries, not Hamas's actions in Israel on October 7th. ECF No. 115 at 8:20–9:2; *see also* ECF No. 101 at 18:17– 19 ("The SAC alleges that SJP UNLV's coordinated activities amplified the threat environment created by that attack, directly causing Plaintiff severe damages, physical illness (Bell's Palsy), and educational setbacks."). Though Gerwaski copies multiple paragraphs from his SAC into his opposition to SJP UNLV's Rule 11 motion, none of these paragraphs explain how he was harmed by Hamas on October 7th. *See generally* ECF No. 115 at 7:26–10:13.

Gerwaski has the same timing issue with his current ATA as the Court flagged for his ATA claim in his FAC. As observed before and unrefuted by Gerwaski, the Second Amended Complaint does not identify *any* actions undertaken by SJP UNLV prior to October 7, 2023, let alone actions that "substantially assisted" Hamas. Gerwaski claims that "[t]he instant SAC addresses that the Defendants' conduct *after* the October 7, 2023 has substantially assisted Hamas," ECF No. 115 at

2

11:12–13 (emphasis added), but actions occurring after October 7, 2023, would not have contributed to the attack itself, which the Court made clear in its previous order dismissing Gerwaski's first ATA claim. No legal authority supports Gerwaski's argument conflating any action that might help Hamas with assistance specifically supporting the October 7th attack, and Gerwaski knew that argument was frivolous considering the previous order from this Court.

As his ATA claim is frivolous, so is his conspiracy claim. Gerwaski has admitted in other filings that his conspiracy claim is predicated on his ATA claim. ECF No. 101 at 18:14–16. When the underlying wrong is baseless, the related conspiracy claim is also baseless. *See J&J Sports Prods. v. Chamizal,* 2018 U.S. Dist. LEXIS 160677, *14 (D. Nev. September 20, 2018) ("Defendants' failure to state an actionable claim for abuse of process—at least at this point in time—is also fatal to Defendants' civil conspiracy claim because the civil conspiracy claim lacks the requisite underlying tort"); *Sahara Gaming Corp. v. Culinary Workers Union Local 226*, 115 Nev. 212, 984 P.2d 164, 168 (1999) (dismissing a civil conspiracy claim because the underlying tort claim was dismissed). As his ATA claim is without merit, so is Gerwaski's related conspiracy claim.

**II.    Gerwaski has not followed relevant local court rules or has not offered a sufficient legal basis for his request.**

In his opposition, Gerwaski moves for countersanctions. ECF No. 115 at 21:21–22:13. This request violates this Court's local rule requiring that for "each type of relief requested or purpose of document, a separate document must be filed and a separate event must be selected," and that explicitly states that "separate documents must be filed for a response to a motion and a countermotion, with the appropriate event selected for each document, rather than filing a response and a countermotion in one document." LR IC 2-2(b). Gerwaski has not filed his countermotion as a separate document or event in violation of this rule.

Gerwaski's counsel claims that in filing its Rule 11 motion, SJP UNLV has violated Rule

11(b)(1) because SJP UNLV filed the motion to harass or intimidate. ECF No. 115:21–23. Gerwaski has not satisfied the "safe harbor" requirements of Rule 11(c)(2). He also fails to provide a basis for seeking sanctions under Rule 11 in that he offers no factual allegations supporting his contention that SJP UNLV was motivated by harassment or intimidation. Instead Gerwaski's counsel protests that he has never been sanctioned before, ECF No. 115 at 21:24–26, but a long career with a clean record is not a defense to a Rule 11 motion; in fact, Rule 11 serves to "discourage experienced attorneys from lending their credibility to frivolous suits." *Lake v. Gates*, 130 F.4th 1054, 1061 (9th Cir. 2025); *see Huettig & Schromm, Inc. v. Landscape Contractors Council*, 790 F.2d 1421, 1426 (9th Cir. 1986) (upholding sanctions imposed on "experienced labor law practitioners" because they "should have known that [. . .] their client had neither a cause of action or any claim to invoke this court's jurisdiction."]). Counsel then complains that he substituted in for Gerwaski's previous attorney, ECF No. 115 at 21:27–22:3, but Gerwaski's current attorney was counsel of record when the Court issued its order dismissing Gerwaski's first ATA claim against SJP UNLV on May 5, 2025, and signed Gerwaki's SAC. *See* ECF No. 67 (Order granting Substitution of Attorney filed April 29, 2025); ECF No. 79 at 81:15–23 (Gerwaski's counsel's signature on SAC). Neither the contention that Gerwaski's counsel has a clean record or substituted in indicates that SJP UNLV had an improper motive in filing its motion.

In the alternative, Gerwaski's counsel offers 28 U.S.C. § 1927 as a basis for sanctioning SJP UNLV, arguing that SJP UNLV's counsel has "multiplied proceedings," but Gerwaski's counsel does not provide a factual basis for that conclusion either. ECF No. 115 at 22:5–12.

In sum, his request for countersanctions is as baseless as Gerwaski's claims.

/ / /

/ / /

## CONCLUSION

"Filing a complaint in federal court is no trifling undertaking," and under Rule 11 "[a]n attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' (or proposes a good faith extension of the existing law) and that it is not filed for an improper purpose." *Christian* at 286 F.3d at 1127 (9th Cir. 2002). Violating this warranty must have consequences; without a deterrent Rule 11's fundamental purpose "to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoid[] delay and unnecessary expense in litigation" is thwarted. *Id.* (quotation and ellipsis omitted).

Despite this Court's straightforward explanation for why his first ATA claim failed, Gerwaski has filed the same claim again against SJP UNLV relying on the same facts and making the same errors he made the first time. He has also doubled down by filing a new conspiracy claim predicated entirely on his flawed ATA claim. Considering the Court's previous ruling, these claims are clearly frivolous, only delaying the inevitable termination of this matter and imposing additional cost on SJP UNLV's counsel to respond with two additional motions to dismiss. Additionally, Gerwaski has expressly brought this action to silence SJP UNLV's political activity and has repeatedly accused the organization of collaborating with terrorists without evidence. Baseless accusations driven by improper motives may be the norm on today's internet platforms but carry consequences when made in court filings signed by counsel.

For the aforementioned reasons, Defendant SJP UNLV respectfully requests that this Court grant SJP UNLV's Motion for Sanctions and deny Gerwaski's counter motion.

[Space intentionally left blank]

Dated: September 15, 2025

**ACLU OF NEVADA**

/s/ *Christopher Peterson*
CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB T. S. VALENTINE, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
         jsmith@aclunv.org

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Defendant Students for Justice in Palestine UNLV's Reply in Support of Motion for Rule 11 Sanctions** with the Clerk of the Court for the United States District Court of Nevada by using the court's CM/ECF system on September 15, 2025. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished on all participants by:

☒   CM/ECF

☐   Electronic mail; or

☐   US Mail or Carrier Service

  /s/ Suzanne Lara
  An employee of ACLU of Nevada