Elda M. Sidhu (NV Bar No. 7799)
General Counsel
Email: elda.sidhu@unlv.edu
Andrew D. Smith (NV Bar No. 8890)
Email: andrew.d.smith@unlv.edu
**UNIVERSITY OF NEVADA, LAS VEGAS**
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
Telephone: (702) 895-5185
Facsimile: (702) 895-5299
*Attorneys for University of Nevada, Las Vegas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COREY GERWASKI,<br><br>   Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, ex rel. BOARD OF REGENTS of the NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; CHRISTOPHER HEAVEY, in his official capacity as current UNLV Interim President; AJP EDUCATIONAL FOUNDATION INC., a California Non-Profit Corporation; STUDENTS FOR JUSTICE OF PALESTINE-UNLV; NATIONAL STUDENTS FOR JUSTICE OF PALESTINE; NEVADANS FOR PALESTINIAN LIBERATION; DOES I-XX and ROE entities I-XX,<br><br>   Defendants. | Case No.: 2:24-cv-00985-APG-MDC<br><br>**DEFENDANTS UNLV AND CHRISTOPHER HEAVEY'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

  The Board of Regents of the Nevada System of Higher Education on behalf of the University of Nevada, Las Vegas ("UNLV") and Christopher Heavey, in his official capacity as Interim President of UNLV, hereby reply in support of their motion to dismiss the Plaintiff's Second (Equal Protection), Third (Title VI as to Heavey), Fourth

1

(Section 1983—Failure to Train), Fifth (Section 1983—Ratification), and Seventh (Section 1983—Free Speech Retaliation) claims for relief contained in his Second Amended Complaint [ECF #79] under Federal Rule of Civil Procedure 12(b)(6).

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  INTRODUCTION

The core legal issue raised by UNLV and Heavey's motion to dismiss is the sufficiency of the Plaintiff's Second Amended Complaint ("SAC") [ECF #79]. The motion was brought under Fed. R. Civ. P. 12(b)(6), which states, "[A] party may assert the following defenses by motion: … (6) failure to state a claim upon which relief can be granted."

In other words, these moving Defendants have argued that the SAC does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court will "not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Order [ECF #72], 8:9-10, citing *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).

The specific claims that fail to meet this standard (as to Defendants UNLV and Heavey) include:

- Second Claim for Relief, attempting to plead a violation of the Fourteenth Amendment – Equal Protection;
- Third Claim for Relief, attempting to plead a violation of Title VI of the Civil Rights Act of 1964. Dismissal is sought as to Defendant Heavey only, as the Court previously found that the Title VI claim against UNLV had been sufficiently pleaded and remains materially unchanged;
- Fourth Claim for Relief, attempting to plead a violation of 42 U.S. Code § 1983,

2

1  based on an alleged failure to train employees;

- Fifth Claim for Relief, attempting to plead a violation 42 U.S. Code § 1983, based on an alleged ratification of the actions of others; and

- Seventh Claim for Relief, attempting to plead a violation of the First Amendment and retaliation.

## II. LEGAL ARGUMENT

### A. The Specified Claims in the SAC Should Be Dismissed Because the Plaintiff Failed to Follow the Court's Instructions.

This Court previously dismissed these claims as pleaded in the First Amended Complaint ("FAC") [ECF #6] against UNLV and Heavey's predecessor, Keith Whitfield. See the *Order (1) Granting in Part UNLV's Motion to Dismiss, and (2) Granting Keith Whitfield's Motion to Dismiss* [ECF #72]. While dismissing those claims, the Court gave the Plaintiff leave to amend his complaint one more time, with specific instructions. To be viable, the claims based on equal protection (Claim 2 in both the FAC and SAC), failure to train (Claim 4 in both the FAC and SAC), ratification (Claim 5 in both the FAC and SAC), and free speech retaliation (Claim 7 in both the FAC and SAC) must "plausibly allege additional facts to support the claim and tie those facts to an ongoing constitutional violation for which he seeks injunctive relief." *See* Order [ECF #72], 13:21-23; 15:18-20; 17:6-8; and 19:5-7.

The SAC contains vague and conclusory statements regarding the alleged ongoing violations, rather than additional facts tied to the claim for injunctive relief. The Plaintiff essentially recited the Court's instructions instead of following them. The SAC does not contain sufficient factual detail to support viable claims.

The Plaintiff's allegations in the Second, Third, Fourth, Fifth and Seventh claims for relief in the FAC and SAC are word-for-word identical, with one exception: each claim in the SAC contains boilerplate and conclusory statements about policies and practices, and each claim in the SAC contains a boilerplate and conclusory allegation

3

that injunctive relief is necessary to prevent ongoing violations. The following comparison shows where the differences may be found:

| Claim | FAC | SAC | Differences |
|---|---|---|---|
| Second | ¶¶ 267 - 280 | ¶¶ 259 - 274 | ¶ 266 adds: "Specifically, the Defendants carried out customs and/or policies and/or practices and usage of deliberate indifference to Jewish people such as Plaintiff and tolerance for discrimination of Jewish people such as Plaintiff and failed to protect Plaintiff and prohibit the discriminatory conduct of Jewish people." <br><br> ¶ 273 adds a request for injunctive relief. <br><br> ¶ 274 provides further detail regarding the injunction sought. |
| Third | ¶¶ 281 - 289 | ¶¶ 275 - 286 | ¶ 284 adds: "Plaintiff is entitled to permanent injunctive relief [providing detail of the injunction sought]. <br><br> ¶ 285 adds, "There is an ongoing violation [of] Plaintiff's civil rights and Plaintiff is entitled to permanent injunctive relief…" <br><br> ¶ 286 describes the injunction sought against Heavey. |
| Fourth | ¶¶ 290 - 312 | ¶¶ 287 – 309 | ¶ 308 adds: "Plaintiff is entitled to permanent injunctive relief prohibiting the UNLV Defendants from violating his Title VI and Title VII rights…" <br><br> ¶ 309 adds, Plaintiff is entitled to an order enjoining Defendants Heavey, in his official capacity … [describes injunction sought]. |
| Fifth | ¶¶ 313 - 325 | ¶¶ 310 - 332 | ¶¶ 312, 317 and 318 add: "… *including Defendants' decision to allowed the antisemitic chants and chaos on campus precluding Plaintiff from wearing an* |

4

| | | | |
|---|---|---|---|
| | | | *open kippa without having to hide it under a baseball cap or other type of head covering."*<br><br>¶¶ 321 and 322 add requests for injunctive relief without pleading specific facts or plausibly tying those facts to the request for injunctive relief. |
| Seventh | ¶¶ 336 - 349 | ¶¶ 333 - 346 | ¶ 348 in the FAC contains a request for monetary damages, which has been removed. ¶ 345 in the SAC replaces that with a request for injunctive relief<br><br>¶ 346 adds a request for injunctive relief against Heavey. |

The allegations in the SAC are copied almost verbatim from the FAC, which the Court has already found to be legally deficient. The SAC therefore fails to present actionable claims, for two reasons:

First, the new allegations in the SAC seeking injunctive relief are mere boilerplate statements that injunctive relief is being sought. See, for example, ¶¶ 284-286 of the SAC, quoted on page 13 of the Opposition [ECF #117].

Paragraph 284 starts with a conclusory statement that the Plaintiff is entitled to an injunction and describes the nature of the injunction sought.

Paragraph 285 opens with a conclusory statement that there is an ongoing violation of the Plaintiff's civil rights and that Plaintiff is entitled to injunctive relief against UNLV, and it provides a lengthy statement of the type of injunctive relief that the Plaintiff will seek.

Paragraph 286 opens with a conclusory statement that Plaintiff is entitled to injunctive relief against Heavey, and then describes the nature of the injunction sought.

The Plaintiff also argues that Paragraph 50 of the SAC satisfies the Court's instructions. It does not. It is a conclusory statement, arguing that Jewish students

5

(including the Plaintiff) continue to experience harassment and discrimination, and that the UNLV Defendants continue to fail to prevent it.

These sections, which Plaintiff cites as examples of how he complied with the Court's instructions, do not allege facts describing the any ongoing violation of Plaintiff's rights, nor do they attempt to explain how injunctive relief will protect the Plaintiff's rights. These are essentially prayers for relief, of the type typically found at the end of a complaint.

The new language does not "plausibly allege additional facts to support the claim and tie those facts to an ongoing constitutional violation for which he seeks injunctive relief." *See* Order [ECF #72], 13:21-23; 15:18-20; 17:6-8; and 19:5-7.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 545 (internal citations omitted).

The FAC was dismissed, in part, for failing to provide specific facts supporting the claims for relief. The Plaintiff was then permitted to amend his complaint, with instructions that any amendment should plausibly add facts supporting the claim and tie them to the need for injunctive relief.

The Plaintiff has failed to meet this burden. The requests for injunctive relief are mere formulaic recitations of the elements and of the court's instructions.

The Plaintiff does try to link the fact that political protests took place on the UNLV campus to his perception that he could not openly wear his kippa. This claim is speculative and insufficient, though, as the Plaintiff does not claim he was present for any of the protests or that he interacted with any protester. He simply alleges that because protests took place, he feels uncomfortable wearing his kippa openly.

**B. The Specified Claims in the SAC Must Be Dismissed Because Plaintiff Cannot Hold UNLV Civilly Liable for Tolerating Protected Speech on Its Campus.**

This leads to the second key reason the specified claims in the SAC must be dismissed. The claims at issue in this motion are based, per the SAC, on the fact that non-violent political protests took place on the UNLV campus. Plaintiff's claim is that UNLV permitted a hostile educational environment to exist by tolerating non-violent political protests on campus.

In a recent case addressing campus protests after the October 7, 2023 attack on Israel, the U.S. District Court for the Eastern District of Pennsylvania dismissed claims of antisemitism and a hostile educational environment based, in large part, on the difference between protected pure speech and harassment:

> Higher education institutions are prototypical marketplaces of ideas. College campuses have served as historical sites of foment and the breeding grounds for progress. In periods of social unrest, emblematic of the American story, intellectual advancement has traditionally progressed through discord and dissent, as a diversity of views ensures that ideas survive because they are correct, not because they are popular.
>
> A court enforcing a federal statute must do so in a way that comports with the Constitution. Although both important, Title VI and the First Amendment are naturally in tension. A disparaging comment directed at an individual's sex, race, or some other personal characteristic has the potential to create a 'hostile environment' – and thus comes within the ambit of anti-discrimination laws – precisely because of its sensitive subject matter and because of the odious viewpoint it expresses. But speech on matters of 'public concern' – expression that 'can be fairly considered as relating to any matter of political, social, or other concern to the community' – is 'entitled to "special protection" under the First Amendment' and generally 'cannot be restricted simply because it is upsetting or arousing contempt.' However noble the objective of nondiscrimination, institutions cannot be threatened with civil liability for declining to censor First Amendment protected speech.

*Landau v. Corporation of Haverford College*, --- F.Supp.3d ----, 2025 WL 1796473 *2-3 (E.D.Pa. June 30, 2025) (internal citations omitted).

Here, as in the *Haverford College* case, UNLV permitted non-violent political speech on its campus, consistent with its role and mission as a public forum for peaceful debate. Plaintiff has alleged that the speech made him anxious and uncomfortable, and he was clearly offended by it. But UNLV is not civilly liable.

The Ninth Circuit Court of Appeals distinguished pure speech from harassment in balancing the First Amendment against other statutory protections:

> Harassment law generally targets conduct, and it sweeps in speech as harassment only when consistent with the First Amendment. For instance, racial insults or sexual advances directed at particular individuals in the workplace may be prohibited on the basis of their non-expressive qualities, as they do not seek to disseminate a message to the general public, but to intrude upon the targeted [listener], and to do so in an especially offensive way. But [a professor's] website and emails were pure speech; they were the effective equivalent of standing on a soap box in a campus quadrangle and speaking to all within earshot. Their offensive quality was based entirely on their meaning, and not on any conduct or implicit threat of conduct that they contained.

*Rodriguez v. Maricopa Cnty. Cmty. Coll. Dist.*, 605 F.3d 703, 710 (9th Cir. 2010).

Plaintiff's second, third, fourth, fifth and seventh causes of action do not allege that he was targeted for individual harassment. Rather, they allege he felt anxious and upset because of the content of other parties' speech that took place on the UNLV campus. Nothing in this opposition is meant to belittle the offense that Plaintiff undoubtedly took upon learning that pro-Palestinian protests had occurred on campus. But a non-violent campus protest over current events in world politics is the definition of pure speech, political speech, which is protected by the First Amendment. "[S]peech on a matter of public concern, directed to the college community, will generally fail to constitute unlawful harassment." *Gartenberg v. Cooper Union for the Advancement of Science and Art*, 765 F.Supp.3d 245, 265 (S.D.N.Y Feb. 5, 2025) (internal citations

8

omitted), citing *Rodriguez*, 605 F.3d at 710.

This Court has previously ruled that the public speech that the FAC alleges was harmful to the Plaintiff is protected by the First Amendment. See *Order Granting Defendants AJP Educational Foundation and SJP-UNLV's Motion to Dismiss* [ECF #71], 15:4-10. This is true even if the speech is offensive, including political speech that celebrates the deaths of U.S. soldiers. *Snyder v. Phelps*, 562 U.S. 443 (2011), cited in this Court's Order [ECF #71] at 13:8-14.

The factual allegations about campus protests and other parties' speech on campus are virtually identical in the FAC and SAC. If that speech is in fact protected by the First Amendment, it is legally and logically impossible to hold UNLV civilly liable for it.

> It would be a dangerous overreach for federal courts to referee the controversies sparked by campus speech. That responsibility instead belongs to college administrators, and perhaps more importantly, to students – who harness the immense power to talk with one another and change minds, even when doing so demands courage. But where Haverford declined to take action to suppress or regulate pure speech on matters of obvious public concern directed at the campus community, civil liability cannot be imposed, for a robust First Amendment remains the bedrock of a democratic society.

*Landau*, 2025 WL 1796473 at *3.

### C. Plaintiff's Seventh Claim (Retaliation) Is Materially Unchanged from the Version Previously Dismissed.

Plaintiff's Seventh Claim in the SAC, Free Speech Retaliation, is identical to the version in the FAC, except for the addition of a claim for injunctive relief.

The Court previously concluded, "It is unclear whether Gerwaski's [seventh] claim stems from government retaliation to constitutionally protected speech or employment-related retaliation. Because he also brings an employment claim under Title VII (count 12), I will assess court 7 as a constitutional claim." *Order* [ECF #72],

18:15-18.

In light of the Court's previous order and the failure to clarify this issue in an operative pleading, the Court may conclude that Plaintiff accepted and agreed to the Court's interpretation, namely, that the seventh claim, retaliation, is intended to be a constitutional claim that is sperate from the Title VI and Title VII claims.

The seventh claim should be dismissed for the reasons stated above. The addition of a claim for injunctive relief does not satisfy the court's instructions or applicable pleading standards.

**D. The Plaintiff's Remaining Arguments Are Without Merit.**

Plaintiff's Opposition [ECF #117] raises a number of other arguments, none of which are meritorious.

The instant motion to dismiss does not ask the Court to resolve factual disputes. It does ask the Court to conclude, consistent with its past orders in this case, that parties engaged in speech protected by the First Amendment on the UNLV campus. This type of conclusion is permissible in a Rule 12(b)(6) motion to dismiss.

Plaintiff's Opposition [ECF #117] to the instant Motion to Dismiss [ECF #113] argues a number of new allegations that are not present in the SAC.[1] These are not legally relevant to the issue before the court, namely, whether the SAC [ECF #79] alleges sufficient facts to state facially-plausible claims for relief. These new allegations are unfairly inflammatory, and appear designed to sway the Court's opinion in the absence of a legally-sufficient complaint.

**E. Leave to Amend Would Be Futile.**

Federal Rule of Civil Procedure 15(a) states that before trial, a party may amend

---

[1] Examples of irrelevant and inflammatory allegations that are not found in the complaint include the allegation that "campus safety has become an issue of life and death," citing the murder of Charlie Kirk in another state; the allegation that Plaintiff was removed from the library by police in December 2023; and allegations that he was excluded from the student senate chambers.

its pleading once as a matter of course and then subsequently with written consent of the opposing party or with leave of the court.

The Plaintiff has filed three complaints to date: an initial complaint on May 26, 2024 [ECF #1], the FAC on August 9, 2024 [ECF #2], and the SAC on June 3, 2025 [ECF #79]. The FAC was filed as a matter of course, the SAC with leave of the Court.

The recent *Landau v. Haverford College* decision provides persuasive authority for dismissing a case with prejudice where a third complaint fails to plead viable claims after multiple rounds of briefing and argument over its sufficiency. *Landau*, 2025 WL 1796473 at *19. The same reasoning applies here. The claims that this motion seeks to dismiss were already dismissed once. Dismissal with prejudice is appropriate. Rule 15(a)(2)'s admonition to "freely give leave when justice so requires" does not require the court to permit unlimited and futile amendments.

Dated September 23, 2025.

/s/   Andrew D. Smith
Elda M. Sidhu (NV Bar No. 7799)
Andrew D. Smith (NV Bar No. 8890)
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
*Attorneys for University of Nevada, Las Vegas*

**Certificate of Service**

I certify that, on the date and time of the electronic service, a copy of the foregoing *Defendants UNLV and Christopher Heavey's Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint* was sent via electronic means through CM/ECF to the following at their last known email addresses:

| | |
|---|---|
| David Z. Chesnoff | dzchesnoff@cslawoffice.net |
| Richard A. Schonfeld | rschonfeld@cslawoffice.net |
| Robert Z. Demarco | rdemarco@sclawoffice.net |
| Margaret A McLetchie | maggie@nvlitigation.com, efile@nvlitigation.com |
| Christina A. Jump | cjump@clcma.org, rana.hakim@mlfa.org |
| Samira S. Elhosary | selhosary@clcma.org |
| Christopher M. Peterson | peterson@aclunv.org |
| Jacob T. S. Valentine | jvalentine@aclunv.org |

Dated September 23, 2025.

/s/   Andrew D. Smith
An employee of the Office of General Counsel
University of Nevada, Las Vegas